home is not enjoined.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF RESPA
(Against all Defendants except Quality and Wells Fargo)

54. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55. The home loan which is the subject of this action is a federally related is a federally related mortgage loan as defined in the RESPA, 12 U.S.C. § 2602.

56. Defendants have violated RESPA by failing to make and provide the required written disclosure, by taking kickbacks and unearned fees and by making and collecting prohibited charges in violation of section 8 of RESPA.

57. As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff is entitled to restitution and disgorgement of the wrongful commissions and windfall profits taken by the Defendants as alleged herein. as well as statutory and punitive damages all in an amount to be proven at trial.

58. Plaintiff faces imminent and irreparable injury if the foreclosure of Plaintiff's home is not enjoined.

## THIRD CAUSE OF ACTION
### Fraud and Deceit
(As to all defendants, except Wells Fargo and Quality)

59. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 58 of this Complaint as though fully set forth herein.

60. Defendants made false promises and misrepresentations to Plaintiff as alleged above, including misrepresentations that the loan she was entering into would carry a fixed rate that would lower her monthly mortgage payments, that would pay off her debts and provide cash to pay her monthly mortgage payments and that would be free of cost.

61. Defendants intentionally concealed from Plaintiff that in inducing Plaintiff to

enter into the loan, defendants' true intention was to make a loan that would enrich them and that defendants knew that Plaintiff could not pay the monthly charges on the loan and would face foreclosure.

62. Defendants engaged in the fraudulent acts and practices alleged above and by falsifying the contents of the loan application, misrepresenting Plaintiff's income, misrepresenting the costs and nature of the loan and engaging in fraudulent and illegal practices as alleged above.

63. When defendants made the false promises and misrepresentations and engaged in deceitful acts as alleged above, defendants knew that the promises and misrepresentations were false, that the concealments were deceitful, and that the false promises, misrepresentations and deceitful acts and concealments were intended by them to deceive and defraud Plaintiff and to fraudulently induce her to enter into the loan, to his detriment.

64. In entering into the loan, Plaintiff actually and reasonably relied on defendants' false promises, misrepresentations and concealments. Plaintiff would not have entered into the loan or followed defendant's instructions to sign the loan documents had she known the true facts about defendants' false promises, misrepresentations, concealments and deceitful acts and practices.

65. As a direct proximate and legal result of the Defendants' acts alleged herein, Plaintiff has suffered damages in an amount to be proven at trial. Defendants have engaged in the fraudulent promises, misrepresentations, concealments and deceitful acts and practices alleged herein with malice and with the intent to deceive and injure Plaintiff thereby entitling Plaintiff to an award of punitive damages in an amount according to proof.

### FOURTH CAUSE OF ACTION
### Elder Abuse [California Welfare and Institutions Code 15600]
### (As to all defendants)

66. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 65 of this Complaint as though fully set forth herein.

12

VERIFIED COMPLAINT

67. At all relevant times herein, defendants stood in a position of trust and confidence to Plaintiff in that they were mortgage brokers, financial advisors and fiduciaries, as alleged above, and owed Plaintiff a duty of the utmost care, diligence, good faith, loyalty and fair dealing.

68. Defendants, with knowledge that Plaintiff is an elder, gained Plaintiff's trust and induced her to enter into a detrimental loan. By their acts, defendants appropriated Plaintiff's personal and real property to a wrongful use and with the intent to defraud, or assisted in such acts. Defendants acted in bad faith as they knew or should have known that Plaintiff had the right to the property illegally appropriated by them.

69. By these acts, defendants, with knowledge that Plaintiff is an elder, willfully caused or permitted Plaintiff to suffer, inflicted mental suffering on her, and have endangered her health and person.

70. As a direct and proximate result of the defendants' elder and financial abuse of Plaintiff as alleged herein, Plaintiff has sustained and suffered injury to his person, all which injuries have caused and continue to cause Plaintiff great mental and nervous pain and suffering for which Plaintiff will have to seek reasonably necessary medical services in an amount to be proven at trial.

71. As a further direct and proximate result of the defendants' wrongful conduct, Plaintiff has sustained financial damages in an amount to be proven at trial.

72. As a further direct and proximate result of the defendants' wrongful conduct, Plaintiff has incurred attorney fees and legal costs, and will sustain additional damages in prosecuting this action and Plaintiff is entitled to recover these based on contract and/or statute including but not limited to Code of Civil Procedure section 1021.5 and Welfare and Institution Code section 15657(a).

73. As a further result of defendants' wrongful conduct, Plaintiff is entitled to have her damages trebled pursuant to. Welfare and Institution Code section 15657.

74. Defendants are guilty of fraud, oppression, malice or recklessness in the

commission of the financial and elder abuse alleged above with the intent to deceive and injure Plaintiff thereby entitling Plaintiff to punitive damages in an amount according to proof...

### FIFTH CAUSE OF ACTION
### Breach of Fiduciary Duty
### (Against all defendants except Quality)

75. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 74 of this Complaint as though fully set forth herein.

76. Defendants acted in the capacity of a mortgage loan broker and/or financial advisor or escrow agent for Plaintiff and thereby owed a fiduciary duty to Plaintiff.

77. Plaintiff understood that defendants were acting on her behalf in the capacity of a mortgage broker, fiduciary and/or financial advisor to him.

78. Defendants owed Plaintiff a fiduciary duty of the highest good faith, fair dealing, loyalty, honesty and truthfulness toward Plaintiff and were charged with a duty of full disclosure of all material facts concerning the transactions described herein that might have affected Plaintiff's decision to enter into the loan.

79. Upon information and belief, defendants breached their fiduciary duty to Plaintiff by engaging in the fraudulent conduct alleged herein, including without limitation the following acts and omissions:

a. Defendants misrepresented to Plaintiff the nature and effect of the loan application documents presented to him for signature;

b. Defendants failed to act in good faith and in the best interest of Plaintiff;

c. Defendants charged excessive fees and costs;

d. Defendants failed to provide proper notices, copies, and disclosures as required by law;

e. Defendants failed to properly advise Plaintiff of the true nature and effect of the transaction;

f. Defendants failed to consider the interests of Plaintiff before their own; and,

g. Defendants unjustly profited from the transaction.

80. Defendants committed these wrongful acts while Plaintiff held them in a position of trust and confidence and they had a fiduciary relationship with Plaintiff.

81. Plaintiff would not have entered into the loan had he known the true nature, effect and costs of the transaction and had defendants not breached their fiduciary duties.

82. As a direct and proximate result of the defendants' breach of their fiduciary duties, Plaintiff has suffered economic damages in an amount according to proof.

83. As a further direct, proximate, and foreseeable result of defendants' conduct, as set forth above, Plaintiff has suffered, and continues to suffer, humiliation, mental anguish, fear, and emotional and physical distress, all to his damage in an amount to be proven at trial.

84. Defendants' acts were intentional, malicious, and oppressive, and were undertaken in conscious and reckless disregard of Plaintiff's rights thereby entitling Plaintiff to an award of punitive damages in accordance with proof.

### SIXTH CAUSE OF ACTION
### Breach of Contract
### (As to all defendants, except Wells Fargo and Quality)

85. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 84 of this Complaint as though fully set forth herein.

86. Defendants offered to enter into a contract with Plaintiff under which defendants promised to secure a mortgage loan for Plaintiff, on certain terms including but not limited to a "no cost" loan that would reduce her monthly mortgage payments, and Plaintiff accepted the offer, as alleged above.

87. Plaintiff performed all of his obligations under the contract.

88. Defendants breached the contract, *inter alia*, by failing to provide the loan on the promised terms. as alleged above.

89. As a direct and proximate result of defendants' breach of contract, Plaintiff has

---
15

VERIFIED COMPLAINT

sustained monetary damages in an amount to be determined at trial.

### SEVENTH CAUSE OF ACTION
### Recessionary damages and Restitution
### (Against all defendants except Quality)

90. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 89 of this Complaint as though fully set forth herein.

91. Plaintiff's consent to the loan was obtained by the Defendants through mistake, fraud and undue influence and violation of statutory obligations.

92. Defendants, with intent to deceive Plaintiff and to unduly influence him to consent to the loan which they knew or should have known Plaintiff did not understand or agree to and which they knew or should have known Plaintiff did not have sufficient income to pay, did intentionally conceal from Plaintiff the true terms of the loan and failed to provide statutory notices mandated by federal and state law including but, not limited to "Notice of right to Cancel" the subject loan. with the knowledge that she did not have sufficient income to repay and that she was thereby placing her home at severe risk of loss to foreclosure.

93. The active misrepresentations of defendants were deceitful, fraudulent and false.

94. At the time defendants made the misrepresentations and engaged in the concealment and deceit as alleged herein, she reasonably relied on them, thereby entering into the loan without the benefit of true facts and by duress, undue influence, coercion and mistake.

95. As a result of defendants' fraudulent misrepresentations, deceit and inducements alleged herein, Plaintiff has incurred monetary damages.

96. Plaintiff demands rescission on the ground of defendants' fraudulent misrepresentations and inducements, mistake, duress, undue influence and coercion and violation of statutory duties.

97. Plaintiff demands restitution from defendants in an amount that will restore to

16

VERIFIED COMPLAINT

Plaintiff the amounts taken from him, including but not limited to all costs, fees, commissions, yield spread premiums and loan proceeds received by the defendants. Plaintiff further alleges that that defendants have been unjustly enriched by their predatory loan practices and that the full amount of all commissions earned by defendants on the loan and all amounts converted by the defendants must be disgorged to Plaintiff.

98.   Plaintiff faces imminent and irreparable injury in that defendants will foreclose on Plaintiff's home.

### EIGHTH CAUSE OF ACTION
**Unfair Business Practices [California Business & Professions Code Section 17200]**
**(As against all defendants**

99.   Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 98 of this Complaint as though fully set forth herein.

100.   Defendants committed acts of unfair business practices, as defined by the California Business and Professions Code Section 17200 by engaging in practices which include but are not limited to making the subject acts and practices alleged above and further including but not limited to making loans to borrowers based on information that defendants knew or should have known was inaccurate or incorrect; making loans without verifying borrower information; making loans without providing the borrower with accurate and understandable information regarding the nature and extent of the financial risk being assumed by the borrower; making loans without regard to the borrower's ability to repay the loan; misleading the borrower regarding the terms of loans, proceeding with the foreclosure when the underlying security interest had been canceled

101.   These deceptive acts and practices and the fraudulent and predatory lending scheme alleged herein violate California Business and Practices Code Section 17200 in the manner alleged above and in the following respects: defendants' conduct threatens an incipient violation of various consumer protection statutes, and/or violates the policy or spirit of such laws, including but not limited to California Financial Code Section 4970 et seq.; California

---
17
VERIFIED COMPLAINT

Civil Code Section 1770 et seq.; California Civil Code Section 1788.12; California Civil Code Section 1920; California Civil Code Section 1921; California Civil Code Sections 1709, 1710, 1711; Section 1629 of Title 15 of the United States Code together with 12 CFR 226.1 (Regulation Z); Section 1691 of Title 15 of the United States Code; Section 3605 of Title 42 of the United States Code; and Section 2602 of Title 12 of the United States Code; which prohibit, among other things, and provide penalties for, deceitful, dishonest and discriminatory and predatory lending practices, including but not limited to making mortgage loans without regard to the borrower's ability to repay; making mortgage loans based on deceptive, fraudulent or unconscionable advertising, and/or representations or practices in violation of lending disclosure laws; making loans subject to illegal kickbacks and/or unearned fees; and making loans subject to excessive loan costs and fees and other abusive loan terms as alleged herein.

102. Defendants' predatory lending practices, as alleged above, constitute unlawful, unfair and fraudulent business acts or practices within the meaning of California Business and Professions Code Section 17200.

103. Defendants' unlawful, unfair and fraudulent business practices target the most vulnerable people in our society, including, as exemplified by Plaintiff, elderly, minority, low-income, financially unsophisticated homeowners who are at high risk of losing their homes as a result of the predatory lending practices alleged herein. Unless restrained, defendants will continue these unlawful and unfair predatory practices and continue to sell these abusive home equity products to homeowners who are unable to afford them and unaware of their true nature, terms, costs and consequences. Plaintiff is therefore entitled to a permanent injunction enjoining defendants from engaging in the fraudulent, deceptive, predatory and negligent acts and practices alleged herein.

104. As a direct and proximate result of the aforementioned acts, defendants caused Plaintiff to become obligated on a loan she could not afford to repay, and put her at risk of losing her home as alleged above.

105. As a further direct and proximate result of defendants' wrongful conduct as alleged above, Plaintiff has sustained damages, including attorney's fees and legal costs, and will sustain additional damages in prosecuting this action. Plaintiff is entitled to an award of attorney's fees and legal costs pursuant to California Code of Civil Procedure Section 1021.5.

106. As a further direct and proximate result of the Defendants' wrongful conduct, Plaintiff is entitled to restitution and disgorgement of the wrongful commissions and windfall profits taken by the defendants as alleged herein.

107. Plaintiff faces imminent and irreparable injury in that defendants will foreclose on Plaintiff's home.

## NINTH CAUSE OF ACTION
### Negligence
### (As to all defendants)

108. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

109. At all relevant times herein, defendants owed a duty to Plaintiff to exercise reasonable care in the processing of his loan application, advising her on financial matters, distributing her loan proceeds and dealing with the foreclosure of her home.

110. Defendants also owed Plaintiff a duty of reasonable care to train their employees and agents to comply with all applicable laws, rules and/or regulations and in accordance with professional, industry-wide best practices standards. These laws, rules, regulations and industry-wide best practices standards were enacted to protect individuals such as Plaintiff.

111. Defendants owed Plaintiff a duty of reasonable care to supervise, regulate and control their employees to ensure compliance with all applicable laws, rules and regulations in accordance with professional, industry-wide best practices standards. These laws, rules, regulations and industry-wide best practices standards were enacted to protect individuals such as Plaintiff.

112. Defendants breached these duties to Plaintiff...

113. As a direct and proximate result of defendants' negligence as alleged herein, Plaintiff has suffered injuries and damages as set forth above in an amount to be determined at trial.

114. Defendants' breaches of their duty of care affect the most vulnerable people in our society, including, as exemplified by Plaintiff, elderly, minority, low-income, financially unsophisticated homeowners who are at high risk of losing their homes as a result of the fraudulent and predatory lending practices alleged herein. Unless restrained, defendants will continue these unlawful practices and continue to sell these abusive home equity products to homeowners who are unable to afford them and unaware of their true nature, terms, costs and consequences. Plaintiff is therefore entitled to a permanent injunction enjoining defendants from engaging in the negligent acts and practices alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the named defendants, and each of them, as follows:

1. For a preliminary injunction enjoining Wells Fargo and any successor in interest from foreclosing on Plaintiff's home pending adjudication of Plaintiffs' claims set forth herein;

2. For a permanent injunction enjoining Defendants from engaging in the fraudulent, deceptive, predatory and negligent acts and practices alleged herein;

3. For rescission of the loan contract and restitution by Defendants to Plaintiff according to proof at trial;

4. For disgorgement of all amounts wrongfully acquired by Defendants according to proof at trial;

5. For monetary damages according to proof at trial;

6. For pre-judgment and post-judgment interest according to proof at trial;

7. For pain and suffering damages according to proof at trial;

8. For punitive damages according to proof at trial; and,

9. For attorney's fees and costs as provided by statute.

Plaintiff demands trial by jury on all issues so triable.

DATED: May 9, 2007        Respectfully submitted,

LAW OFFICES OF ROBERT F. KANE
LEGAL AID OF MARIN
COMMUNITY LEGAL SERVICES IN EAST PALO ALTO

BY: /s/ Shirley Hochhausen
SHIRLEY HOCHHAUSEN

Attorney for Plaintiff Audrey McNamara Nevis

---

21

VERIFIED COMPLAINT

## VERIFICATION

I, AUDREY MCNAMARA NEVIS, DECLARE AS FOLLOWS:

I am the plaintiff in the above-captioned matter. I have read the foregoing document entitled Verified Complaint for Preliminary and Permanent Injunction, Rescission, Restitution, Damages, Punitive Damages, and Attorney's Fees, and know the contents thereof. The matters set forth in the foregoing document are true of my own knowledge or based on information provided to me, except as to those matters which are therein stated upon my information and belief, and as to those matters, I believe them to be true. Executed on May 9, 2007 at San Rafael, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Audrey McNamara Nevis*

AUDREY MCNAMARA NEVIS

DM_US\8357261

VERIFIED COMPLAINT                         36
DM_US:20233570_1