1  JOHN F. CAVIN, ESQ. (SB# 88946)
   HELEN V. POWERS, ESQ. (SB# 175164)
2  **BARDELLINI, STRAW, CAVIN & BUPP, LLP**
   2000 Crow Canyon Place, Suite 330
3  San Ramon, California  94583
   Telephone:  (925) 277-3580
4  Facsimile:  (925) 277-3591
   jcavin@bscb.com
5  hpowers@bscb.com

6  Attorneys for Defendant
   GATEWAY TITLE COMPANY

8              IN THE UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

12 AUDREY MCNAMARA NEVIS,                )  Case No. C 07 2568
                                         )
13         Plaintiff,                    )  **MEMORANDUM OF POINTS AND**
                                         )  **AUTHORITIES IN SUPPORT OF**
14         v.                            )  **MOTION BY DEFENDANT GATEWAY**
                                         )  **TITLE COMPANY TO DISMISS**
15 WELLS FARGO BANK, a California        )  **PLAINTIFF'S VERIFIED COMPLAINT**
   corporation, EXECUTIVE FINANCIAL      )  **PURSUANT TO FEDERAL RULES OF**
16 LENDING, JOHN B. SPEAR, an individual,)  **PROCEDURE, RULE 12(b)(6)**
   SHAI MOSHE, an individual, GATEWAY    )
17 TITLE COMPANY, QUALITY LOAN           )  Date:  September 10, 2007
   SERVICES, Trustee and DOES 1-100, inclusive, )  Time:  2:00 p.m.
18                                       )  Room:  15
           Defendants.                   )  Judge: Hon. Marilyn H. Patel
19 _____)

---

**Memorandum of Points and Authorities in Support of Motion by Defendant Gateway Title Company to Dismiss Pursuant to Federal Rules of Procedure Rule 12(b)(6)**
Case No. C 07 2568

Defendant Gateway Title Company ("Gateway") offers the following memorandum of points and authorities in support of its motion to dismiss Plaintiff's Verified Complaint pursuant to Federal Rules of Procedure, Rule 12(b)(6):

## I. STATEMENT OF ISSUES TO BE DECIDED

The Court is warranted in dismissing Plaintiff Audrey McNamara Nevis' Verified Complaint because the Complaint fails to state a claim against Gateway upon which relief can be granted. Plaintiff named Gateway as a defendant in the Complaint, then failed to make any allegations against Gateway in any of the Complaint's nine causes of action. Plaintiff mentioned Gateway by name only twice in the Complaint, both times to identify Gateway as the escrow holder for the transaction involving Plaintiff. (Verified Complaint, ¶ 20 p. 4; ¶ 33 p. 6)  By a liberal reading of the Complaint, the general allegations in the fourth cause of action for elder abuse and the fifth cause of action for breach of fiduciary duty may be considered to include Gateway since the allegations are against Defendants as fiduciaries. However, as further discussed below, an escrow agent is not a fiduciary in the general sense. Even the causes of action alleging breach of fiduciary duty fail to specifically identify Gateway or allege how Gateway failed in its limited duty to Plaintiff to follow the escrow instructions.

In light of the absence of allegations against Gateway, the Complaint fails to state a claim against Gateway upon which relief can be granted. Accordingly, the Complaint in its present form must be dismissed against Gateway.

## II. RELEVANT FACTS

Plaintiff alleges fraud in the procurement and making of the $880,000 loan Plaintiff obtained from New Century Mortgage Company in June 2006. (See Declaration of Helen V. Powers)  The loan was a refinance of an existing loan in the amount of over $745,400. (Id.) Gateway handled the escrow for the transaction. (Id.)  Contrary to Plaintiff's assertions, First American Title Company provided the lender's title insurance, not Gateway. (Id.)

Plaintiff alleges that the loan was fraudulent, was not designed to be repaid, and failed to provide mandated disclosures. Plaintiff claims that she was unaware of the actual terms of the loan, including the monthly payment amount, due to misrepresentations by the lender and broker in making

1

**Memorandum of Points and Authorities in Support of Motion by Defendant Gateway Title Company to Dismiss Pursuant to Federal Rules of Procedure Rule 12(b)(6)**
Case No. C 07 2568

the loan to Plaintiff.

After the loan went into default and the lender began to foreclose, Plaintiff filed the instant Complaint on May 15, 2007 alleging fraudulent loan practices by the broker and lender. Plaintiff included Gateway as a defendant in the Complaint but failed to make any specific allegations against Gateway.

### III.  LEGAL ARGUMENT

#### A.    Plaintiff Failed to State a Claim Against Gateway.

Plaintiff's failure to state a claim against Gateway warrants dismissal of the Complaint as to Gateway under Federal Rules of Civil Procedure, Rule 12(b)(6). Rule 12(b)(6) tests the legal sufficiency of claims asserted in a complaint. Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacific Police Dept.* (9th Cir. 1988) 901 F.2d 696, 699. In ruling on a motion to dismiss, the court accepts all factual allegations pleaded in the complaint as true and draws all reasonable inferences from them in favor of the non-moving party. *Cahill v. Liberty Mutual Insurance Co.* (9th Cir. 1996) 80 F.3d 336, 337-338.

Despite this highly deferential reading of a complaint, the court has no obligation to take matters on blind faith and accept legal conclusions as fact. *Ileto v. Glock Inc.* (9th Cir. 2003) 349 F.3d 1191, 1200 (court will not accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations); *Western Mining Council v. Watt* (9th Cir. 1981) 643 F.2d 618, 624.

Here, the Complaint identifies Gateway as the escrow holder, but then contains no facts at all to describe wrongdoing by Gateway under any of the nine causes of action. Accordingly, dismissal is warranted under Rule 12(b)(6).

       1.    The first cause of action for violations of TILA and Regulation Z <u>fails to state a claim upon which relief can be granted as to Gateway.</u>

The allegations for violations of the Truth in Lending Act ("TILA" (15 U.S.C. §§1601 et seq.)) and Regulation Z do not state a claim against Gateway because Gateway was the escrow holder in the transaction involving Plaintiff and was not a creditor within the meaning of TILA. Plaintiff's

2

**Memorandum of Points and Authorities in Support of Motion by Defendant Gateway
Title Company to Dismiss Pursuant to Federal Rules of Procedure Rule 12(b)(6)**
**Case No. C 07 2568**

1  blanket assertion that "Defendants are creditors within the meaning of TILA" does not apply to
2  Gateway. (Complaint p. 9, ¶ 47)  TILA, 15 U.S.C. §1602(f), defines creditor as referring "only to a
3  person who both (1) regularly extends, whether in connection with loans, sales of property or
4  services, or otherwise, consumer credit...and (2) is the person to whom the debt arising from the
5  consumer credit transaction is initially payable...."  Regulation Z, promulgated pursuant to TILA,
6  similarly defines creditor as "a person (A) who regularly extends consumer credit that is subject to a
7  finance charge or is payable by written agreement in more than 4 installments (not including a
8  downpayment), and (B) to whom the obligation is initially payable...."
9      Gateway is not a creditor; it is a title company which handled the escrow transaction for
10 Plaintiff's loan.  Gateway does not regularly extend credit and is not a person to whom debt is
11 payable.  Plaintiff's assertion that defendants are creditors within the meaning of TILA does not apply
12 to Gateway.  This incorrect and unsupported legal conclusion is insufficient to state a claim against
13 Gateway for violations of the TILA and Regulation Z.  In addition, the violations enumerated in the
14 first cause of action are allegations against conduct of the lender and broker, not Gateway.
15 Accordingly, the first cause of action fails as to Gateway.

16
17              2.     The second cause of action for violations of RESPA fails to state a
                      <u>claim upon which relief can be granted</u>

18     The allegations for violations of the Real Estate Settlement Procedures Act ("RESPA" (12
19 U.S.C. §§2601 et seq.)) are stated broadly and do not specify how Gateway violated any provisions of
20 RESPA in handling the escrow for Plaintiff's loan.  Without knowing the specific violations alleged
21 by Plaintiff, Gateway cannot properly defend against the claim.  The Complaint does not indicate
22 what written disclosures Gateway failed to provide and does not describe the alleged "kickbacks and
23 unearned fees" or how it collected prohibited charges.
24      Since it does not contain specific allegations, the cause of action for violation of RESPA
25 fails to state a claim against Gateway.

26
27              3.     The third cause of action for fraud and deceit fails to state a claim upon
                      <u>which relief can be granted as to Gateway</u>

28     Plaintiff's allegations of fraud do not describe any conduct by Gateway and are not stated with

3
**Memorandum of Points and Authorities in Support of Motion by Defendant Gateway
Title Company to Dismiss Pursuant to Federal Rules of Procedure Rule 12(b)(6)**
Case No. C 07 2568

particularity as required by Federal Rules of Procedure, Rule 9(b). Rule 9(b) provides that the circumstances constituting fraud shall be stated with particularity. A pleading satisfies the particularity requirement "if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Deutsch v. Flannery* (9th Cir. 1987) 823 F.2d 1361, 1365; *see also Semegen v. Weidner* (9th Cir. 1985) 780 F.2d 727, 731 ("Rule 9(b) ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."). The allegations of fraud must specify the time, date, place, benefits received and other specific details of the alleged fraudulent conduct. *Neubronner v. Milken* (9th Cir. 1993) 6 F.3d 666, 672.

In exercising pendent jurisdiction, federal courts must apply state substantive law to the state claims. See *Promisel v. First Am. Artificial Flowers, Inc.* (2nd Cir. 1991) 943 F.2d 251, 257 (citing *United Mine Workers v. Gibbs* (1966) 383 U.S. 715, 726). Under California law, a complaint for fraud must allege: (1) a misrepresentation of facts; (2) made with knowledge of falsity; (3) made with an intent to deceive or induce reliance; (4) a justifiable action taken in reliance upon the misrepresentation; and (5) resulting damage. *Magoali v. Farmers Group* (1996) 48 Cal.App.4th 471, 487. Every element of the cause of action must be specifically pleaded. *Service by Medallion, Inc. v. Clorox Co.* (1996) 44 Cal.App.4th 1807, 1816.

A cause of action for fraud is disfavored and is subject to the strict requirement of particularity in pleading. *Hills Transportation Co. v. Southwest Forest Industries, Inc.* (1968) 266 Cal.App.2d 702, 707. To plead a fraud cause of action against a corporation, the "specificity requirements" are heightened:

> "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, and what they said or wrote, and when it was said or written...." *Tarmann v. State Farm Mutual Automobile Insurance Company* (1991) 2 Cal.App.4th 153, 157.

The allegations of fraud and deceit in Plaintiff's Complaint consist of general allegations of false promises, misrepresentations and concealments by Defendants in procuring the loan for Plaintiff. For example, Plaintiff alleges that Defendants misrepresented that the loan would lower her

4

monthly mortgage payments, falsified the loan application, misrepresented Plaintiff's income, and misrepresented the costs and nature of the loan. (Complaint pp. 11, 12, ¶¶ 61, 62)  These are all allegations concerning the loan itself and the loan application and origination process and have nothing to do with Gateway and its conduct as the escrow holder.  Plaintiff made no allegations against Gateway to specify how the fraud allegations apply to Gateway in carrying out its duties as escrow holder.  Accordingly, the cause of action for fraud and deceit fails to state a claim upon which relief can be granted as to Gateway.

          4.       The fourth cause of action for elder abuse does not state a claim upon which relief can be granted as to Gateway

Plaintiff failed to allege a cause of action for elder abuse against Gateway because there is no allegation that Gateway has taken, secreted, appropriated or retained Plaintiff's real property or any of Plaintiff's money.

To state a claim for elder abuse, Plaintiff is required to allege that Gateway (1) took, appropriated, or retained Plaintiff's property to a wrongful use or with intent to defraud or both, or (2) assisted in such conduct.  Welfare & Institutions Code §15610.30 (a)(1), (2).  An entity is deemed to have committed elder abuse if it took, appropriated, or retained possession of an elder's property in bad faith. Welf.& Inst. Code §15610.30 (b).  An entity acts in bad faith if it knew or should have known that the elder had the right to have the property transferred or made readily available to the elder.  Welf.& Inst. Code §15610.30 (b)(1).  Whether the entity "should have known" is based on the information the entity received and is measured by the reasonable person standard.  Welf.& Inst. Code §15610.30 (b)(2).

The Complaint contains no allegations that Gateway engaged in conduct that would subject it to a claim for elder abuse.  If there was a fraud by the broker and lender in procuring and making the loan to Plaintiff, there is no allegation that Gateway, as the escrow holder, actively and knowingly participated in a fraud.  Nor is there an allegation that Gateway appropriated Plaintiff's personal or real property or assisted anyone in doing so.  The Complaint fails to allege facts sufficient to state a claim against Gateway for elder abuse.

///

5

### 5. The fifth cause of action for breach of fiduciary duty fails to state a claim upon which relief can be granted as to Gateway

Contrary to the allegations in the Complaint, an escrow holder is not a fiduciary in a general sense and has no duty to go beyond the escrow instructions actually presented to it. *Lee v. Title Insurance and Trust Company* (1968) 264 Cal.App.2d 160, 162-163. The escrow holder bears a limited agency relationship to each of the parties, and the escrow instructions given by each party constitute the full measure of the obligation owed by the escrow holder. *Blackburn v. McCoy* (1934) 1 Cal.App.2d 648, 654-655. No liability attaches to the escrow holder for the failure to do something not required by the terms of the escrow over a loss incurred while obediently following escrow instructions. *Schaefer v. Manufacturers Bank* (1980) 104 Cal.App.3d 70, 77-78; *Hannon v. Western Title Insurance Company* (1989) 211 Cal.App.3d 1122, 1127. Additionally, an escrow holder does not have a general agent's duty of disclosure and is not required to take any action or make any disclosure absent an instruction from a party to do so. *Cunningham v. Security Title Insurance Company* (1966) 241 Cal.App.2d 626, 630-631.

Contrary to Plaintiff's allegations, an escrow holder is not charged with a "duty of full disclosure of all material facts concerning the transactions ... that might have affected Plaintiff's decision to enter into the loan." (Complaint, ¶ 78, p. 14.) The fraudulent conduct specified by Plaintiff in paragraph 79 of the Complaint is focused on the procurement and making of the loan and do not include any allegations against Gateway or its conduct in following the parties' escrow instructions. Gateway was charged with carrying out the parties' escrow instructions and fulfilled its duty. The escrow holder is not required to "police" the affairs of its depositors. *Claussen v. First American Title Guaranty Company* (1986) 186 Cal.App.3d 429, 435-436. Gateway's duties did not include the duty to protect Petitioner from the alleged fraud. There is no evidence that Gateway knew of the alleged fraud by the broker and lender or participated in it.

Since there are no specific allegations as to Gateway's conduct in handling the escrow, Plaintiff has failed to state a cause of action for breach of fiduciary duty against Gateway.

///

///

6

**Memorandum of Points and Authorities in Support of Motion by Defendant Gateway Title Company to Dismiss Pursuant to Federal Rules of Procedure Rule 12(b)(6)**
Case No. C 07 2568

### 6. The sixth cause of action for breach of contract fails to state a claim upon which relief can be granted as to Gateway

Plaintiff did not establish the existence of a contract between Plaintiff and Gateway, identify the terms of any contract, or allege how Gateway breached any contract terms. Plaintiff identifies a contract under which "Defendants promised to secure a mortgage loan for Plaintiff, on certain terms including but not limited to a 'no-cost' loan that would reduce her monthly mortgage payments, and Plaintiff accepted the offer, as alleged above." (Complaint, ¶ 86, p. 15.) These allegations concern a contract between the lender and broker defendants and Plaintiff, but not a contract between Plaintiff and Gateway.

At a minimum, a contract cause of action must allege the terms of the contract. Absent some showing of the terms of the contract, a complaint does not meet the requirements of Federal Rules of Civil Procedure, Rule 8(a), requiring a short and plain statement of the claim. *Oil, Chemical and Atomic Workers International Union, AFL-CIO v. Delta* (6th Cir. 1960) 277 F.2d 694, 697. Here, the allegations of breach of contract in the Complaint do not identify a contract between Plaintiff and Gateway and no not state how any conduct by Gateway constitutes a breach of contract. Plaintiff has failed to state a claim against Gateway for breach of contract.

### 7. The seventh cause of action for rescission and restitution fails to state a claim under which relief can be granted as to Gateway

Again, the allegations in the seventh cause of action for rescission and restitution concern alleged misrepresentations by other Defendants in making and procuring the loan to Plaintiff. There are no allegations against Gateway and no indications of how any actions taken by Gateway constitute fraud or undue influence on Plaintiff.

Furthermore, for there to be rescission, there must first be a contract to rescind. As established above, Plaintiff did not allege the existence of a contract between Plaintiff and Gateway. Even if Plaintiff established the escrow instructions as the contract with Gateway, the Complaint still contains no allegations to provide a basis for rescission. In addition, as an element of rescission, a rescinding party must offer to restore the consideration. California Civil Code §1691. The Complaint contains no such factual allegation.

7

**Memorandum of Points and Authorities in Support of Motion by Defendant Gateway Title Company to Dismiss Pursuant to Federal Rules of Procedure Rule 12(b)(6)**
Case No. C 07 2568

There is no basis for rescission or restitution against Gateway.

### 8. The eighth cause of action for unfair business practices fails to state a claim upon which relief can be granted as to Gateway

Plaintiff has not identified any wrongful conduct by Gateway in handling the escrow for Plaintiff's loan. The allegations under the unfair business practices cause of action focus on the broker and lender's activities in making the loan to Plaintiff. These allegations do not extend to any conduct by Gateway.

Plaintiff's allegations do not allege any specific unfair practice conducted by Gateway and only refer to acts committed by those involved in making the loan to Plaintiff. There are no allegations stating how or in what manner Gateway breached any obligation it had to Plaintiff under its limited duty as escrow agent.

### 9. The ninth cause of action for negligence fails to state a claim upon which relief can be granted as to Gateway

To state a cause of action for negligence, Plaintiff must allege a duty, breach of duty, proximate cause and damages. *Artiglio v. Corning, Inc.* (1998) 18 Cal.4th 604, 614. Again, Plaintiff's allegations are targeted towards the broker and lender involved in making the loan to Plaintiff. In alleging negligence, Plaintiff identifies the duties to "exercise reasonable care in the processing of [his] loan application, advising her on financial matters, distributing her loan proceeds, and dealing with the foreclosure of her home." (Complaint, ¶ 109, p. 19.) Plaintiff also makes broad allegations about a duty of reasonable care to train and supervise employees. However, Plaintiff made no allegations concerning Gateway's duty to Plaintiff and how that duty was breached. Without such allegations, Plaintiff cannot establish a cause of action for negligence against Gateway.

### 10. Plaintiff's implied conspiracy cause of action fails to state a claim upon which relief can be granted as to Gateway

Plaintiff's allegations of a conspiracy among the Defendants are insufficient to support a cause of action for conspiracy against Gateway. Although not specifically identified as a cause of action, Plaintiff alleges a conspiracy among Defendants to do the acts alleged in the Complaint. (Complaint, ¶ 23, p. 5.) However, Plaintiff failed to allege an agreement between Gateway and any of the other

1  Defendants to defraud Plaintiff.

2  A key element of conspiracy is an agreement among the co-conspirators. To state a cause of action for civil conspiracy, Plaintiff must allege "the formation and operation of the conspiracy, the wrongful act or acts done pursuant to it, and the damage resulting from such acts. In making such allegations, bare legal conclusions, inferences, generalities, presumptions and conclusions are insufficient." *State ex rel. Metz v. CCC Information Services, Inc.* (2007) 149 Cal.App.4th 402, 419. A plaintiff who asserts a defendant's participation in a conspiracy must plead that the alleged conspirator entered into an agreement to accomplish an unlawful purpose with both the knowledge of that unlawful purpose and the intent to achieve its result. *Clark v. Lesher* (1951) 106 Cal.App.2d 403, 409.

Plaintiff fails to meet the requirements for pleading a cause of action for civil conspiracy. There are no allegations of any knowing participation by Gateway in any conspiracy, nor any facts alleging that Gateway entered into any agreement with other Defendants to obtain the goal of the alleged conspiracy.

### IV.  CONCLUSION

Plaintiff fails to allege any facts sufficient to support a claim against Gateway in carrying out its escrow duties to Plaintiff. Plaintiff correctly identifies Gateway as the escrow agent, but alleges no facts about Gateway's conduct in conducting the escrow or how any conduct by Gateway caused injury to Plaintiff. For all of the reasons set forth above, the Court is warranted in dismissing the Complaint as to Gateway for failure to state a claim upon which relief can be granted.

Dated: July 16, 2007                    BARDELLINI, STRAW, CAVIN & BUPP, LLP


By:    /s/ Helen V. Powers
       John F. Cavin
       Helen V. Powers
       Attorneys for Defendant
       GATEWAY TITLE COMPANY