1  David C. Powell (SBN 129781)
   Heather B. Hoesterey (SBN 201254)
2  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
3  San Francisco, CA 94111-3922

4  **Mailing Address:**
   P.O. Box 7936
5  San Francisco, CA 94120-7936

6  Telephone:    1 415 543 8700
   Facsimile:    1 415 391 8269
7

8  Attorneys for Defendant and Cross-Complainant
   Wells Fargo Bank, N.A.

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12  AUDREY MCNAMARA NEVIS,              No.: C-07-2568 MHP

13              Plaintiff,              **ANSWER OF DEFENDANT WELLS
                                        FARGO BANK, N.A. AND CROSS-**
14      vs.                            **COMPLAINT FOR INDEMNITY**

15  WELLS FARGO BANK, EXECUTIVE
    FINANCIAL LENDING INC., JOHN B. SPEAR,
16  SHAI MOSHE, GATEWAY TITLE COMPANY,
    QUALITY LOAN SERVICES CORP. and DOES
17  1-100, inclusive,

18              Defendants.

19  WELLS FARGO BANK, N.A.,

20              Cross-Complainant,

21      vs.

22  EXECUTIVE FINANCIAL LENDING, INC., a
    California Corporation; JOHN B. SPEAR, an
23  individual; and SHAI MOSHE, also known as
    EDISON MOSHE, an individual,
24
                Cross- Defendants.
25

26      Defendant Wells Fargo Bank, N.A. ("WFB"), erroneously named herein as Wells Fargo

27  Bank, hereby answers, for itself alone and for no other defendant, the Verified Complaint for

28  Injunctive Relief, Rescission, Restitution, Damages, Punitive Damages, and Attorney's Fees

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

(hereinafter "Complaint") of Plaintiff Audrey McNamara Nevis (hereinafter "Plaintiff" or "Nevis") by admitting, denying and alleging as follows:

## ANSWER TO INTRODUCTORY ALLEGATIONS

1.      Answering paragraph 1 of the Complaint, WFB denies that Plaintiff has suffered or sustained any loss or damages by reason of any act, practices, breach or omission on the part of WFB. Answering the remaining allegations of paragraph 1 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

2.      Answering paragraph 2 of the Complaint, WFB denies that the loan which is the subject of this action is exploitive or illegal. WFB is without knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in this paragraph of the Complaint, and on that basis denies each and every remaining allegation set forth in this paragraph.

3.      Answering paragraph 3 of the Complaint, WFB admits that the loan was originally made by New Century Mortgage Company ("NCMC") and that NCMC continues to service the loan. Furthering answering paragraph 3 of the Complaint, WFB denies that it presently owns the loan. On information and belief, WFB admits that NCMC has filed for bankruptcy protection. Answering the remaining allegations of paragraph 3 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

4.      Answering paragraph 4 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth in this paragraph.

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. AND CROSS-COMPLAINT FOR INDEMNITY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

5.     Answering paragraph 5 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth in this paragraph.

6.     Answering paragraph 6 of the Complaint, WFB denies that it is presently the owner of the loan which is the subject of this action.  Answering the remaining allegations of paragraph 6 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

7.     Answering paragraph 7 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth in this paragraph.

8.     Answering paragraph 8 of the Complaint, WFB denies that the loan was rescinded pursuant to the provisions of the Truth in Lending Act.  Answering the remaining allegations of paragraph 8 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

9.     Answering paragraph 9 of the Complaint, WFB admits that a notice of default on the property was recorded and a foreclosure sale was scheduled.  Except as expressly admitted, WFB denies each and every remaining allegation of paragraph 9 of the Complaint.

## ANSWER TO JURISDICTION AND VENUE ALLEGATIONS

10.     Answering paragraph 10 of the Complaint, WFB admits that it is authorized to do and is doing business in the Northern District of California and WFB admits this Court has personal

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    jurisdiction over WFB.  Except as expressly admitted, WFB denies each and every remaining

2    allegation of paragraph 10 of the Complaint.

3

4        11.    Answering paragraph 11 of the Complaint, WFB admits this Court has jurisdiction.

5    Answering the remaining allegations of paragraph 11 of the Complaint, WFB is without knowledge

6    or information sufficient to form a belief as to the truth of the matters alleged, and on that basis

7    denies each and every remaining allegation set forth in this paragraph.

8

9        12.    Answering paragraph 12 of the Complaint, WFB admits venue is proper in this

10   judicial district.  Further answering paragraph 12 of the Complaint, WFB denies any loan contract

11   was entered into between Plaintiff and WFB.

12

13                    **ANSWER TO PARTY ALLEGATIONS**

14

15       13.    Answering paragraph 13 of the Complaint, WFB is without knowledge or information

16   sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint,

17   and on that basis denies each and every allegation set forth therein.

18

19       14.    Answering paragraph 14 of the Complaint, WFB admits that it is licensed to do

20   business in California.  Except as expressly admitted, WFB denies each and every remaining

21   allegation of paragraph 14 of the Complaint.

22

23       15.    WFB denies each and every allegation set forth in paragraph 15 of the Complaint.

24

25       16.    Answering paragraph 16 of the Complaint, WFB is without knowledge or information

26   sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint,

27   and on that basis denies each and every allegation set forth therein.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. AND CROSS-COMPLAINT FOR INDEMNITY

17.     Answering paragraph 17 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

18.     Answering paragraph 18 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

19.     Answering paragraph 19 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

20.     Answering paragraph 20 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

21.     Answering paragraph 21 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

22.     WFB denies each and every allegation set forth in paragraph 22 of the Complaint.

23.     WFB denies each and every allegation set forth in paragraph 23 of the Complaint.

24.     WFB denies each and every allegation set forth in paragraph 24 of the Complaint.

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. AND CROSS-COMPLAINT FOR INDEMNITY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## ANSWER TO GENERAL FACTUAL ALLEGATIONS

25.     Answering paragraph 25 of the Complaint, WFB incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 24.

26.     Answering paragraph 26 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

27.     Answering paragraph 27 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

28.     Answering paragraph 28 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

29.     Answering paragraph 29 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

30.     Answering paragraph 30 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

31.     Answering paragraph 31 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

32.     Answering paragraph 32 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

33.     Answering paragraph 33 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

34.     WFB denies each and every allegation set forth in paragraph 34 of the Complaint.

35.     WFB denies each and every allegation set forth in paragraph 35 of the Complaint.

36.     WFB denies each and every allegation set forth in paragraph 36 of the Complaint.

37.     WFB denies each and every allegation set forth in paragraph 37 of the Complaint.

38.     WFB denies each and every allegation set forth in paragraph 38 of the Complaint.

39.     WFB denies each and every allegation set forth in paragraph 39 of the Complaint.

40.     Answering paragraph 40 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

41.     Answering paragraph 41 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

42.     Answering paragraph 42 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

43.     Answering paragraph 43 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

44.     Answering paragraph 44 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's age or financial experience, and on that basis denies such allegations.  WFB denies each and every remaining allegation set forth in paragraph 44 of the Complaint.

45.     Answering paragraph 45 of the Complaint, WFB admits that Plaintiff's home is subject to a mortgage in the amount of $880,000 plus interest thereon and that Plaintiff is in arrears on the loan.  Except as expressly admitted, WFB denies each and every remaining allegation set forth in paragraph 45 of the Complaint.

## ANSWER TO FIRST CAUSE OF ACTION
### (Violations of TILA and Regulation Z)

46.     Answering paragraph 46 of the Complaint, WFB incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 45.

47.     Answering paragraph 47 of the Complaint, WFB admits that it regularly extends consumer credit that is subject to a finance charge or is payable by written agreement in more than 4 installments (not including a down payment), and to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract.  Except as expressly admitted, WFB is without knowledge or information sufficient to form a belief as to the

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. AND CROSS-COMPLAINT FOR INDEMNITY

truth of the remaining matters alleged in paragraph 47 of the Complaint, and on that basis deny each and every remaining allegation set forth therein.

48.     WFB denies each and every allegation set forth in paragraph 48 of the Complaint.

49.     WFB denies each and every allegation set forth in paragraph 49 of the Complaint.

50.     WFB denies each and every allegation set forth in paragraph 50 of the Complaint.

51.     WFB denies each and every allegation set forth in paragraph 51 of the Complaint.

52.     WFB denies each and every allegation set forth in paragraph 52 of the Complaint.

53.     WFB denies each and every allegation set forth in paragraph 53 of the Complaint.

## ANSWER TO SECOND CAUSE OF ACTION
### (Violations of RESPA - not alleged against WFB)

54.     Answering paragraph 54 of the Complaint, WFB incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 53.

55.     WFB admits the home loan which is the subject of this action is a federally related mortgage loan as defined by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602.

56.     WFB denies each and every allegation set forth in paragraph 56 of the Complaint.

57.     WFB denies each and every allegation set forth in paragraph 57 of the Complaint.

58.     WFB denies each and every allegation set forth in paragraph 58 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## ANSWER TO THIRD CAUSE OF ACTION
### (Fraud and Deceit – not alleged against WFB)

59.    Answering paragraph 59 of the Complaint, WFB incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 58.

60.    WFB denies each and every allegation set forth in paragraph 60 of the Complaint.

61.    WFB denies each and every allegation set forth in paragraph 61 of the Complaint.

62.    WFB denies each and every allegation set forth in paragraph 62 of the Complaint.

63.    WFB denies each and every allegation set forth in paragraph 63 of the Complaint.

64.    WFB denies each and every allegation set forth in paragraph 64 of the Complaint.

65.    WFB denies each and every allegation set forth in paragraph 65 of the Complaint.

## ANSWER TO FOURTH CAUSE OF ACTION
### (Elder Abuse (California Welfare and Institutions Code § 15600))

66.    Answering paragraph 66 of the Complaint, WFB incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 65

67.    WFB denies each and every allegation set forth in paragraph 67 of the Complaint.

68.    WFB denies each and every allegation set forth in paragraph 68 of the Complaint.

69.    WFB denies each and every allegation set forth in paragraph 69 of the Complaint.

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. AND CROSS-COMPLAINT FOR INDEMNITY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

70.    WFB denies each and every allegation set forth in paragraph 70 of the Complaint.

71.    WFB denies each and every allegation set forth in paragraph 71 of the Complaint.

72.    WFB denies each and every allegation set forth in paragraph 72 of the Complaint.

73.    WFB denies each and every allegation set forth in paragraph 73 of the Complaint.

74.    WFB denies each and every allegation set forth in paragraph 74 of the Complaint.

### ANSWER TO FIFTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

75.    Answering paragraph 75 of the Complaint, WFB incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 74.

76.    WFB denies each and every allegation set forth in paragraph 76 of the Complaint.

77.    WFB denies each and every allegation set forth in paragraph 77 of the Complaint.

78.    WFB denies each and every allegation set forth in paragraph 78 of the Complaint.

79.    WFB denies each and every allegation set forth in paragraph 79 of the Complaint.

80.    WFB denies each and every allegation set forth in paragraph 80 of the Complaint.

81.    WFB denies each and every allegation set forth in paragraph 81 of the Complaint.

82.    WFB denies each and every allegation set forth in paragraph 82 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. AND CROSS-COMPLAINT FOR INDEMNITY

83.     WFB denies each and every allegation set forth in paragraph 83 of the Complaint.

84.     WFB denies each and every allegation set forth in paragraph 84 of the Complaint.

## ANSWER TO SIXTH CAUSE OF ACTION
### (Breach of Contract – not alleged against WFB)

85.     Answering paragraph 85 of the Complaint, WFB incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 84.

86.     Answering paragraph 86 of the Complaint, WFB admits that plaintiff entered into a mortgage loan agreement with NCMC.  Except as expressly admitted, WFB denies each and every remaining allegation of paragraph 86 of the Complaint.

87.     WFB denies each and every allegation set forth in paragraph 87 of the Complaint.

88.     WFB denies each and every allegation set forth in paragraph 88 of the Complaint.

89.     WFB denies each and every allegation set forth in paragraph 89 of the Complaint.

## ANSWER TO SEVENTH CAUSE OF ACTION
### (Recessionary Damages and Restitution)

90.     Answering paragraph 90 of the Complaint, WFB incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 89.

91.     WFB denies each and every allegation set forth in paragraph 91 of the Complaint.

92.     WFB denies each and every allegation set forth in paragraph 92 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

93.     WFB denies each and every allegation set forth in paragraph 93 of the Complaint.

94.     WFB denies each and every allegation set forth in paragraph 94 of the Complaint.

95.     WFB denies each and every allegation set forth in paragraph 95 of the Complaint.

96.     Answering paragraph 96 of the Complaint, WFB is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

97.     WFB denies each and every allegation set forth in paragraph 97 of the Complaint.

98.     WFB denies each and every allegation set forth in paragraph 98 of the Complaint.

### ANSWER TO EIGHTH CAUSE OF ACTION
**(Unfair Business Practices)**

99.     Answering paragraph 99 of the Complaint, WFB incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 98.

100.    WFB denies each and every allegation set forth in paragraph 100 of the Complaint.

101.    WFB denies each and every allegation set forth in paragraph 101 of the Complaint.

102.    WFB denies each and every allegation set forth in paragraph 102 of the Complaint.

103.    WFB denies each and every allegation set forth in paragraph 103 of the Complaint.

104.    WFB denies each and every allegation set forth in paragraph 104 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

105.    WFB denies each and every allegation set forth in paragraph 105 of the Complaint.

106.    WFB denies each and every allegation set forth in paragraph 106 of the Complaint.

107.    WFB denies each and every allegation set forth in paragraph 107 of the Complaint.

## ANSWER TO NINTH CAUSE OF ACTION
### (Negligence)

108.    Answering paragraph 108 of the Complaint, WFB incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 107.

109.    WFB denies each and every allegation set forth in paragraph 109 of the Complaint.

110.    WFB denies each and every allegation set forth in paragraph 110 of the Complaint.

111.    WFB denies each and every allegation set forth in paragraph 111 of the Complaint.

112.    WFB denies each and every allegation set forth in paragraph 112 of the Complaint.

113.    WFB denies each and every allegation set forth in paragraph 113 of the Complaint.

114.    WFB denies each and every allegation set forth in paragraph 114 of the Complaint.

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. AND CROSS-COMPLAINT FOR INDEMNITY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## AFFIRMATIVE AND SPECIAL DEFENSES

To further answer the Complaint, Wells Fargo Bank, N.A. ("WFB") states and alleges as follows:

### First Affirmative Defense
### (Failure To State Facts)

115.    The Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against WFB.

### Second Affirmative Defense
### (Barred by Contract)

116.    Some or all of Plaintiff's claims are barred by the applicable provisions of the contracts and/or agreements at issue.

### Third Affirmative Defense
### (Parole Evidence Rule)

133.    Plaintiff is barred by the Parole Evidence Rule from asserting some or all of the claims contained in the Complaint.

### Fourth Affirmative Defense
### (Statute of Frauds)

134.    Plaintiff is barred by the Statute of Frauds from asserting some or all of the claims contained in the Complaint.

### Fifth Affirmative Defense
### (Statute of Limitations)

135.    Some or all of Plaintiff's claims are barred by the applicable statutes of limitation including, but not limited to, those stated in 12 U.S.C § 2614, 15 U.S.C. § 1640, Cal. Code Civ. Proc § 337, 339 and Cal. Bus. & Prof. Code § 17208.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### Sixth Affirmative Defense
#### (Concealment)

136.    Plaintiff concealed material facts while applying for the loan referenced in the Complaint and Plaintiff is therefore barred from obtaining the relief sought in the Complaint.

### Seventh Affirmative Defense
#### (Misrepresentation)

137.    WFB is informed and believe, and upon such information and belief alleges, that Plaintiff made material misrepresentations while applying for the loan referenced in the Complaint and Plaintiff's causes of action are therefore barred.

### Eighth Affirmative Defense
#### (Unjustifiable Reliance)

138.    Plaintiff failed to investigate facts that were reasonably available to her and thereby unjustifiably relied on defendants' purported misrepresentations or nondisclosures of material facts, if any there were.  Plaintiff is therefore barred from obtaining the relief sought in the Complaint.

### Ninth Affirmative Defense
#### (Assumption of Risk)

139.    Plaintiff acted with full knowledge and understanding of the relevant facts and circumstances surrounding the transactions and relations at issue in this litigation and assumed any and all risks associated therewith.  Plaintiff is therefore barred from obtaining the relief sought in the Complaint.

### Tenth Affirmative Defense
#### (Consent)

140.    Plaintiff had the opportunity and the obligation to read all documents presented to or signed by her.  The terms of the matters alleged in the Complaint were fully disclosed to Plaintiff, and Plaintiff knowingly entered into the transactions, having either understood such transactions or having failed to avail herself of the opportunity to understand the transactions.  Plaintiff consented to

and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff is barred from obtaining the relief sought in the Complaint.

### Eleventh Affirmative Defense
### (Ratification)

141.    Plaintiff is barred from asserting the alleged causes of actions contained in the Complaint, or from otherwise asserting any other right to relief against WFB, because Plaintiff and/or her agents, at all times, ratified the alleged acts, omissions and conduct alleged.

### Twelfth Affirmative Defense
### (Failure to Exercise Ordinary Care)

142.    Plaintiff failed to exercise ordinary care, caution, and prudence to avoid the injuries, losses, or damages alleged in the Complaint and thereby directly and proximately caused and contributed to such injuries, losses, or damages. Plaintiff is therefore barred from obtaining the relief sought in the Complaint.

### Thirteenth Affirmative Defense
### (Failure to Mitigate Damages)

143.    In the exercise of reasonable diligence, Plaintiff could have mitigated, but failed to mitigate, her alleged damages. For that reason, Plaintiff is barred from obtaining the relief sought in the Complaint.

### Fourteenth Affirmative Defense
### (Negligence or Conduct of Others)

144.    Plaintiff's alleged injuries and/or damages, if any there were, were either wholly or in part negligently or otherwise wrongfully caused by persons, firms, corporations or entities other than WFB, and that said negligence and wrongful conduct reduces WFB's percentage of liability, if any, for the damages, if any, suffered by Plaintiff.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. AND CROSS-COMPLAINT FOR INDEMNITY

**Fifteenth Affirmative Defense**
**(Waiver and Estoppel)**

145. Plaintiff, both expressly and through her conduct, waived his right to complain of the conduct alleged in the Complaint and is estopped to do so by reason of WFB's reliance on such waiver.

**Sixteenth Affirmative Defense**
**(Laches)**

146. Plaintiff's Complaint, and each cause of action therein, is barred by the doctrine of laches in that Plaintiff unreasonably delayed bringing this action and such delay causes prejudice to WFB.

**Seventeenth Affirmative Defense**
**(Justification)**

147. The acts and omissions of WFB, if any, were justified by the information and facts available to WFB at the time such acts and omissions, if any, occurred.

**Eighteenth Affirmative Defense**
**(Privilege)**

148. The acts and statements of WFB to, and with reference to Plaintiff, were good faith assertions of WFB's rights and are privileged.

**Nineteenth Affirmative Defense**
**(WFB Not a Proper Party)**

149. WFB is not a proper party to this action.

**Twentieth Affirmative Defense**
**(Preemption - Barred by Federal Law)**

150. Some or all of Plaintiffs' claims are barred and/or preempted by applicable federal law or regulations, including, but not limited to, the federal Truth-In-Lending Act ("TILA"), 15

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

U.S.C. § 1601 *et seq.*, and applicable regulations thereunder, including Regulation Z, 12 CFR § 226 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* and applicable regulations thereunder, including Regulation X, 24 CFR 3500, *et seq.*

### Twenty First Affirmative Defense
### (Failure to Allege Basis for Punitive Damages)

151.    The Complaint and each cause of action therein, fails to allege facts sufficient to form a basis for an award of punitive or exemplary damages against WFB.

### Twenty Second Affirmative Defense
### (Exemplary Damages Unconstitutional)

152.    California Civil Code section 3294, under which Plaintiff's claims for punitive damages are made, is unconstitutional both facially and as applied to WFB pursuant to the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, Sections 7, 9, 10, 15 and 17, and Article IV, Sections 2 and 16 of the California Constitution.

### Twenty Third Affirmative Defense
### (Equal Protection)

153.    The provisions of California law limiting the amount of punitive damages which may be awarded in specified cases, while permitting unlimited punitive damages for other tortious conduct, unlawfully discriminates against defendants who are subject to unlimited punitive damage awards in favor of defendants not subject to unlimited punitive damage awards. Such discrimination violates WFB's right to equal protection under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 7, and Article IV, Sections 2 and 16 of the California Constitution.

### Twenty Fourth Affirmative Defense
### (Due Process)

154.    The application of California law permitting an award of punitive damages in this action is vague, imprecise and inconsistent and violates WFB's right to due process under of the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. AND CROSS-COMPLAINT FOR INDEMNITY

Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution.

### Twenty Fifth Affirmative Defense
### (Comparative Fault)

155.    Plaintiff did not exercise ordinary care, caution and prudence in connection with the transactions and events that are alleged in the Complaint. Plaintiff's lack of care, caution and prudence were independent of and unrelated to the actions, if any, of WFB's, and proximately caused some or all of the damages, if any, suffered by Plaintiff. Plaintiff is therefore barred from recovery against WFB or, alternatively, plaintiff's recovery, if any, should be proportionately reduced.

### Twenty Sixth Affirmative Defense
### (No Duty to Disclose)

156.    Plaintiff's claims are barred because WFB did not have a duty to disclose to Plaintiff the facts allegedly concealed.

### Twenty Seventh Affirmative Defense
### (Payment)

157.    Some or all of the causes of action in the Complaint are barred by defendant(s) payments to Plaintiff.

### Twenty Eighth Affirmative Defense
### (Failure to Perform)

158.    Plaintiff failed to perform her respective duties and obligations under the contract or contracts alleged in the Complaint. Plaintiff is therefore barred from recovery on the basis of such contract or contracts.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### Twenty Ninth Affirmative Defense
#### (Several Liability)

159.    WFB's liability, if any, is limited to several liability with respect to all non economic damages pursuant California Civil Code sections 1431 and 1432.

### Thirtieth Affirmative Defense
#### (No Fiduciary Duty)

160.    WFS is not a fiduciary to Plaintiff with reference to the mortgage transaction in question and has no obligations to plaintiff from which relief may be granted.

### Other Affirmative Defenses

161.    WFB has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  WFB expressly reserves the right to assert additional affirmative defenses in the event that discovery indicates that such defenses are appropriate.

### CROSS-COMPLAINT

Defendant and cross-complainant Wells Fargo Bank, N.A. ("WFB") complains against cross-defendants and alleges as follows:

### THE PARTIES

162.    Cross-Complainant Wells Fargo Bank, N.A. ("WFB") now is, and at all times mentioned in this cross-complaint was, a National Bank with its principal place of business in Sioux Falls, South Dakota, authorized to do business and doing business within the State of California.

163. WFB is informed and believes and on that basis alleges that cross-defendant Executive Financial Lending Inc. ("Executive Financial") is a California Corporation, with its principal place of business in Sherman Oaks, California. WFB is informed and believes and on that basis alleges that Executive Financial is licensed by the California Department of Real Estate as a licensed mortgage broker corporation. Executive Financial served as the mortgage broker for the loan, entered into and secured by real property in Marin County, California, which is the subject of Plaintiff's Complaint in this matter.

164. WFB is informed and believes and on that basis alleges that cross-defendant John B. Spear ("Spear") is an individual licensed by the California Department of Real Estate as a broker, with his principal place of business in Temecula, California. WFB is further informed and believes and on that basis alleges that Spear is the designated officer for Executive Financial and is responsible for the supervision and control of Executive Financial's officers, employees, agents, and representatives.

165. WFB is informed and believes and on that basis alleges that cross-defendant Shai Moshe ("Moshe"), also known as Edison Moshe, is an individual. WFS is further informed and believes and on that basis alleges that Moshe is an officer, employee, agent, and/or authorized representative of Executive Financial. WFB is further informed and believes and on that basis alleges that Moshe was the Executive Financial representative Plaintiff dealt with in connection with the loan which is the subject of Plaintiff's Complaint in this matter.

## JURISDICTION

166. This action is within the original jurisdiction of this Court based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. Section 1332. This Court has subject matter jurisdiction over WFB's cross-claims by virtue of the supplemental jurisdiction provided in

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. AND CROSS-COMPLAINT FOR INDEMNITY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

28 U.S.C. Sections 1367 because the cross-claims set out in this pleading form part of the same case or controversy as the original claims over which this Court has original jurisdiction.

## VENUE

167.    Venue is proper in the Northern District under 28 U.S.C. Section 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and the property that is at issue in this action is situated in this judicial district.

## INTRADISTRICT ASSIGNMENT

168.    Pursuant to Local Rule 3-2(d), this case is properly assigned to the San Francisco Division because a substantial part of the events or omissions which give rise to the counterclaims arose out of events taking place in Marin County, California.

## FACTUAL BACKGROUND

### Plaintiff's Loan Transaction

169.    On or about June 8, 2006, plaintiff in this action, Audrey McNamara Nevis ("Plaintiff" or "Nevis"), as borrower, entered into an Adjustable Rate Note, loan number 1008151947, with New Century Mortgage Corporation ("NCMC") as lender ("the Note"). Pursuant to the terms of the Note, Nevis borrowed $880,000.00 from NCMC.

170.    Pursuant to the terms of the Note, Nevis promised to pay principal and interest by making a payment each month, beginning on August 1, 2006. Pursuant to the terms of the Note, if Nevis failed to pay any monthly payment in full on the date it is due, she would be in default.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

171.    On or about June 8, 2006, to secure payment of the principal sum and interest due and owing under the Note, and as part of the same transaction, for valuable consideration, Nevis made, executed and delivered to NCMC, as lender and beneficiary, a Deed of Trust, by the terms of which Nevis, as trustor, conveyed to third-party Financial Title, as trustee, the real property located at 16 Creekside Drive, San Rafael, Marin County, California 94903 ("the Mortgage") (The Mortgage and the Note are together hereinafter referred to as "the Nevis Loan.").

172.    Executive Financial served as the mortgage broker for the Nevis Loan.  On information and belief, Moshe was the Executive Financial representative for the Nevis Loan.

**WFB is Trustee Pursuant to The Mortgage Loan Purchase Agreement**

173.    WFB is informed and believes and on that basis alleges that NC Capital Corporation, ("NC Capital") is a California Corporation and is a direct wholly owned subsidiary of New Century Mortgage Corporation.  WFB is further informed and believes that NC Capital and NCMC are debtors in the New Century Holdings, Inc. bankruptcy proceedings currently pending before the United States Bankruptcy Court for the District of Delaware.

174.    On or about September 1, 2006, Stanwich Asset Acceptance Company, L.L.C., a Delaware limited liability company ("Stanwich"), as depositor, NCMC, as servicer and WFB, as trustee entered into a Pooling and Servicing Agreement ("Pooling and Servicing Agreement").

175.    On or about September 28, 2006, NC Capital, Carrington Securities, LP, a Delaware limited liability company, as seller, and Stanwich, as purchaser, entered into a Mortgage Loan Purchase Agreement ("Mortgage Loan Purchase Agreement").

176.    Pursuant to the Pooling and Servicing Agreement and Mortgage Loan Purchase Agreement, the Nevis Loan, together with other mortgage loans, was sold to Stanwich and deposited

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. AND CROSS-COMPLAINT FOR INDEMNITY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    into a mortgage pool comprising of a trust fund and evidenced by a single series of mortgage pass-

2    through certificates designated as the Carrington Mortgage Loan Trust, Series 2006-NC4 Asset-

3    Backed Pass-Through Certificates.  WFB serves as Trustee for the Trust Fund and

4    Certificateholders.

5

6                                **Plaintiff's Complaint**

7

8        177.    Plaintiff failed to make payments as due under the Nevis Loan, and foreclosure

9    proceedings were initiated.  On or about May 15, 2007, Plaintiff filed her Verified Complaint for

10   Injunctive Relief, Rescission, Restitution, Damages, Punitive Damages, and Attorney's Fees in this

11   action alleging causes of action against WFB for violations of the Truth in Lending Act and

12   Regulation Z, elder abuse under California Welfare and Institutions Code section 15600 *et seq.*,

13   breach of fiduciary duty, recessionary damages and restitution, violations of California's unfair

14   business practices act, Business and Professions Code section 17200 *et seq.* and negligence.

15                                **FIRST CAUSE OF ACTION**
16                        **(Declaratory Relief re Equitable Indemnity**
                       **Against Cross-Defendants Executive Financial, Spear and Moshe)**
17

18       178.    WFB incorporates by reference paragraphs 162 through 177 inclusive, as though set
19
20   forth at length herein.

21       179.    Although WFB denies the allegations contained within Plaintiff's Complaint herein,

22   the damages alleged by Plaintiff, if any, would necessarily have resulted in whole or in part from the

23   acts and/or omissions of Cross-Defendants Executive Financial, Spear and/or Moshe, including,

24   without limitation, the acts and omissions of Executive Financial, Spear and/or Moshe as alleged in

25   Plaintiff's Complaint.  Accordingly, WFB's liability for these damages, which WFB denies, would

26   arise not because of any fault on its part, but because of the acts and/or omissions of Cross-

27   Defendants Executive Financial, Spear and/or Moshe.

28

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. AND CROSS-COMPLAINT FOR INDEMNITY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

180.    By reason of the foregoing, WFB is entitled to indemnity from Cross-Defendants Executive Financial, Spear and Moshe in an amount to be proven, including, without limitation, damages, if any, proven by Plaintiff, and costs and attorney's fees incurred and to be incurred by WFB.

181.    An actual controversy has arisen and now exists between WFB and Cross-Defendants Executive Financial, Spear and Moshe in that WFB contends that, as between WFB and Cross-Defendants Executive Financial, Spear and Moshe, responsibility, if any, for the damages, if any, claimed by Plaintiff herein rests entirely or partially on Cross-Defendants Executive Financial, Spear and Moshe, and, as a result, Cross-Defendants Executive Financial, Spear and Moshe are obligated to partially or fully indemnify WFB.

182.    WFB requests that this Court make a determination of the extent of responsibility between WFB and Cross-Defendants Executive Financial, Spear and Moshe for damages claimed by Plaintiff in her Complaint, if any, and further that Cross-Defendants Executive Financial, Spear and Moshe be ordered to reimburse WFB on the basis of each's proportionate share of the responsibility for the damages awarded to Plaintiff, if any.

183.    Such a declaration is necessary and appropriate at this time.  The claims of Plaintiff and the claim of WFB arise out of the same transaction, and determination of both in one proceeding is appropriate in order to avoid a multiplicity of actions.

WHEREFORE, Cross-Complainant prays for judgment against Cross-Defendants as set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant and Cross-Complainant Wells Fargo Bank, N.A. prays for relief as follows:

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. AND CROSS-COMPLAINT FOR INDEMNITY

1.    That Plaintiff Audrey McNamara Nevis take nothing by way of her Complaint on file herein;

2.    For judgment that WFB is entitled to indemnity from Cross-Defendants for any amounts awarded to Plaintiff against WFB on the Complaint;

3.    For a determination by this Court of the extent of responsibility between WFB and Cross-Defendants for any damages awarded to Plaintiff, and further for an order that Cross-Defendants be required to reimburse WFB on the basis of their proportionate share(s) of the responsibility for the injuries and damages awarded to Plaintiff, if any;

4.    For WFS's reasonable attorneys' fees in an amount to be determined by the Court;

5.    For WFS's costs of suit incurred herein; and

6.    For such other relief as the Court may deem just and proper.

DATED:  August 15, 2007

                        REED SMITH LLP

                        By_____
                            David C. Powell
                            Heather B. Hoesterey
                            Attorneys for Defendant and Cross-Complainant
                            Wells Fargo Bank, N.A.

DOCSSFO-12483490.3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. AND CROSS-COMPLAINT FOR INDEMNITY