1  ROBERT F. KANE, ESQ. (State Bar No. 71407)
   LAW OFFICES OF ROBERT F. KANE
2  870 Market Street, Suite 1128
   San Francisco, CA 94l02
3  (4l5) 982-l5l0; Fax (415) 982-5821
   rkane1089@aol.com
4
5  PAUL B. COHEN (State Bar No. 148371)
   BROOKE THATCHER (State Bar No. 228637)
   LEGAL AID OF MARIN
6  30 North San Pedro Road
   San Rafael, CA 94903
7  (415) 492-0230; Fax (415) 492-0947
   bthacher@legalaidofmarin.org
8
9  SHIRLEY HOCHHAUSEN (State Bar No. 145619)
   COMMUNITY LEGAL SERVICES OF EAST PALO ALTO
   2117-B University Avenue
10 East Palo Alto, CA 94303
   (650) 326-6440; Fax (650) 326-9722
11 S.Hochhausen@hotmail.com

12 Attorneys for Plaintiff
   AUDREY McNAMARA NEVIS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, NORTHERN DIVISION

| | |
|---|---|
| AUDREY MCNAMARA NEVIS, | CASE NO.: C 07 2568 MHP |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT GATEWAY TITLE COMPANY'S MOTION TO DISMISS [FRCP 12(B)(6)]** |
| vs. | |
| WELLS FARGO BANK, et al., | Date: September 10, 2007<br>Time: 2:00 p.m.<br>Courtroom: 15 |
| Defendants. | Judge: Hon. Marilyn H. Patel |

**INTRODUCTION**

Defendant Gateway Title Company ("Gateway") has moved this Court to dismiss it from Plaintiff's action pursuant to Rule 12(b)(6) on the basis that the complaint fails to state any claim against Gateway. For the reasons set forth below, Gateway's motion must be denied.

1
PLAINTIFF'S OPPOSITION TO DEFENDANT GATEWAY TITLE COMPANY'S MOTION

# ARGUMENT

## I.
## LEGAL STANDARD GOVERNING MOTION TO DISMISS

The Federal Rules of Civil Procedure require only a short and plain statement of the claim showing that the pleader is entitled to relief. FRCP 8(a)(2). Specific facts are not necessary, the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, __ U.S. __ [167 L.Ed.2d 1081, 1085] (2007).

A Rule 12(b)(6) motion, like a common law general demurrer, tests the legal sufficiency of the claim or claims stated in the complaint. *Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1471 (4th Cir. 1991). The court cannot consider material outside the complaint. *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 925 (9th Cir. 2001). For purposes of Rule 12(b)(6), claim means a set of facts which, if established, gives rise to one of more enforceable legal rights. *Goldstein v. North Jersey Trust Co.*, 39 FRD 363, 366 (SD NY 1966).

In resolving such a motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and, (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified School Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). The court accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

"The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

## II.
## PLAINTIFF HAS ALLEGED VARIOUS CLAIMS AGAINST GATEWAY

Plaintiff has alleged in her verified complaint that (1) Gateway was designated by other parties to the transaction to act as the escrow and closing agent for the subject loan (Complaint ¶¶ 20, 32-33), Gateway was the agent of the other defendants (Complaint ¶22), Gateway entered into certain agreements with the other defendants to do certain acts. (Complaint ¶23.) These other defendants solicited Plaintiff, an 81 year old single woman, who is financially unsophisticated, unemployed and has a monthly income of about $1,050, to refinance her home and encumber it with a mortgage she could not possibly repay. (Complaint ¶¶ 28-36.) Had Gateway fulfilled its statutory and contractual obligations to deliver disclosures and loan documents in this transaction rather than aiding and abetting this predatory loan transaction, Plaintiff would not have been damaged. Indeed, Plaintiff would not have taken the loan had she had the opportunity to know the true costs and terms. (Complaint ¶49.)

First, Plaintiff has stated a cause of action under the federal Truth In Lending Act ("TILA") [15 U.S.C 1601 et seq.]. In accord with the escrow instructions, a copy of which are attached hereto as Exhibit A, Gateway was instructed to do certain acts and deliver certain documents, including but not limited to, disclosures mandated by the regulations that implement TILA, commonly known as Regulation Z (Reg Z). 12 C.F.R. part 226 . " TILA was passed to aid the unsophisticated consumer so that he would not be easily misled as to the total costs of financing." *Thomka v. A.Z. Cheverolet, Inc.*, 619 F. 2d. 246, 248 (3d. Cir. 1980); *Shepeard v. Quality Siding and Windoe Factory, Inc.,* 730 F.Supp 1295, 1299 (D Del. 1990); see also *Mourning v. Family Publications*, Inc., 411 U.S. 356, 363-69 (1973) . "Congress designed the law to apply to all consumers, who are inherently at a disadvantage in loan and credit transactions."

*Jackson v. Grant,* 890 F.2d. 118, 122 (9th Cir. 1989).

TILA is to be liberally construed so that consumers are not easily misled as to the total costs of financing. *Basile v. H&R Block*, 897 F.Supp, 194, 196 (ED Pa. 1995). TILA achieves its goals through a system of strict liability in favor of consumers when mandated disclosures have not been made. *Id* at 197. Although TILA's requirements are highly technical, full compliance is required; even minor violations of the Act cannot be ignored. *Thomka v. A.Z. Cheverolet, Inc.,* 619 F.2d. 246, 248 (3rd. Cir.); *Griggs v. Provident Consumer Discounts Co.*, 503 F. Supp. 246, 250 (ED Pa. 1980) [vacated on other grounds].

Among the most important rights conferred by TILA is the opportunity for the borrower to cancel a loan, without cost or penalty, within the three day period after signing. TILA obliges the lender (or in this case their agent, Gateway) to use a specially designed form to fully appraise borrowers of this right and how they may exercise the right to cancel a loan and obliges the lender or its agent to provide two copies of the notice of right to cancel a loan. 12 C.F.R. 226.23(a)(3); *Westbank v. Maurer,* 658 NE 2d.1381 (Ill. 2nd Dist 1995). Gateway was charged with the responsibility to deliver TILA notices pursuant to the escrow instructions for the transaction and failed to deliver. (Complaint ¶49.)

Second, the Real Estate Settlement and Procedures Act ("RESPA") [12 U.S.C. 2607] was enacted in 1974 to address abusive practices in the real estate settlement services industry. Section 8 (a) of RESPA prohibits any person from giving or accepting any fee, kickback, or thing of value for the referral of settlement service business involving a federally related mortgage loan. 12 U.S.C. 2607(a). Congress specifically stated it intended to eliminate kickbacks and referral fees that tend to unnecessarily increase the costs of settlement services. 12 U.S.C. 2601(b)(2).

Section 8 of RESPA places significant restrictions on businesses participating in the mortgage services industry by prohibiting anyone involved in a federally related mortgage loan

4
PLAINTIFF'S OPPOSITION TO DEFENDANT GATEWAY TITLE COMPANY'S MOTION

from giving or receiving referral fees or kickbacks and from fee-splitting charges. "If the payment of a thing of value bears no reasonable relationship to the market value of the goods or services provided, then the excess is not for services or goods actually performed or provided." 24 CFR 3500.14(g)(2). In its 1999 Policy Statement, HUD wrote:

> In analyzing whether a particular payment or fee bears a reasonable relationship to the value of the goods or facilities actually furnished or services actually performed, HUD believes that payments must be commensurate with that amount normally charged for similar services, goods or facilities. This analysis requires careful consideration of fees paid in relation to price structures bears no reasonable relationship to the market value of the goods, facilities or services provided, the excess over the market rate may be used as evidence of a compensated referral or an unearned fee in violation of Section 8(a) or (b) of RESPA. (See 24 CFR 3500.14(g)(2).)

HUD Statement of Policy 1999-1 64 Fed Reg 10080, 10081 March 1991. When Gateway failed to provide the disclosures mandated by RESPA regarding settlement and other charges and fees connected to the making of Plaintiff's home loan and charged fees that were not reasonably related to the services provided to "close" the subject loan, Gateway violated RESPA.

Third, Plaintiff has stated a cause of action for fraud in that the complaint alleges that documents were not delivered to Plaintiff that would have revealed to her the true terms and conditions of the subject loan and would have resulted in the rescission of the loan. (Complaint ¶62.) A misrepresentation may be by false representation, concealment or nondisclosure. *Vogelsang v. Wolpert*, 227 Cal.App.2d 102, 109 (1964). Fraud, of course, may be proved by inference and by the circumstances surrounding the [situation] and the relationship and interests of the parties. *Id.* at 111. Fraud, like conspiracy, is "not generally practiced in open light of day and for that reason [is] not ordinarily susceptible to direct proof but must be spelled out from circumstantial evidence." *Id.* Plaintiff has alleged that Gateway failed to provide the statutory disclosures and rescission notices, a duty they are charged with under TILA, RESPA and the escrow instructions. (Complaint ¶¶ 49, 61.) As a result of the foregoing, Plaintiff went ahead

with the loan. (Complaint ¶64.)

It is interesting to note that the choice of an escrow company 600 miles away from the home of the elderly Plaintiff deprived her of the opportunity to receive a HUD-1, a document which states all of the costs and fees paid in the making of the loan including all remuneration paid by the lender to the loan broker) at the closing of the loan. RESPA provides the following exception to the delivery, at closing, of the HUD-1, when no meeting or "closing" is held.

> Exempt transactions. When the borrower or the borrower's agent does not attend the settlement, or when the settlement agent does not conduct a meeting of the parties for that purpose, the transaction shall be exempt from the requirements of paragraphs (a) and (b) of this section, except that the HUD-1 or HUD-1A shall be mailed or delivered as soon as practicable after settlement.

24 CFR 3500.10(d)  The choice of a settlement agent remote from the Plaintiff's home assured that Mrs. Nevis would not be able to attend a closing and would not have the opportunity to see the HUD-1 closing statement prior to signing the loans documents; she would therefore have no alternative but to sign the loan documents without information regarding the true costs of the loan. How, by whom and why Gateway was chosen as the escrow company and settlement agent are essential to the determination of whether predatory lending, fraud and elder abuse were perpetrated in this loan.

Fourth, Plaintiff has stated a cause of action for elder abuse when she alleged that Gateway concealed disclosures required by statute and the escrow instructions and as a result suffered financial loss. Cal. Wel. & Inst. Code §15610.30. Allegations that an insurer engaged in deceptive practices to deplete the cash value of senior's life insurance was sufficient to state claim for elder abuse. *Negrete v. Fidelity & Guarantee Life Insurance Co.*, 444 F.Supp.2d 998, (CD Ca. 2006). Gateway's conduct, in derogation of federal law and the escrow instructions, is equally actionable.

Fifth, Plaintiff has stated a claim for breach of fiduciary duty.  An escrow holder is an

agent and fiduciary to the parties to the escrow. *Amen v. Merced County Title Co.*, 58 Cal.2d 528, 534 (1962). "The usual purpose that prompts the creation of an escrow is the desire of persons dealing at arm-length with each other to have their conflicting interests handled by one person in such a manner as to adequately protect the rights of each of the parties to the transaction." *Blackburn v. McCoy*, 1 Cal.App.2d 648, 654 (1934). A breach of this fiduciary duty or the failure to exercise reasonable skill and diligence in carrying out the escrow instructions subjects the escrow holder to liability. *Axley v. Transamerica Title Ins. Co.*, 88 Cal.App.3d 1, 9 (l978) In an escrow involving the refinance of a home loan the most basic and elementary duty of the escrow holder is the exchange of documents and the delivery of funds. The complaint alleges Gateway undertook to act as the escrow agent for the transaction and was responsible for closing the loans that are the subject of this action. (Complaint ¶¶ 20, 33.) Gateway breached their fiduciary duty by failing to act in the best interests of the Plaintiff and failing to put the interests of Plaintiff before their own by failing deliver TILA and RESPA documents. (Complaint ¶ 79.) These documents would have communicated the true cost of loans, and the rights of Plaintiff, including her right to rescind the loan under TILA. 12 CFR § 226.23.

Sixth, Plaintiff entered into a contract with Gateway when Gateway agreed to act as the escrow agent, charged a fee for their services and agreed to carry out the escrow instructions, including delivery of all federally mandated disclosure documents. In addition to violating TILA, Gateway's breach of the escrow instructions gives rise to a cause of action in contract. See *Francis v. Eisenmayer,* 171 Cal.App.2d. 221, 225-227 (1959). Similarly, if the escrow holder acts negligently it is liable for any loss occasioned by its breach of duty. *Rianda v. San Benito Title Guarantee Co.,* 35 Cal,2d.170, 173 (1950). Gateway's failure to deliver documents in accord with the escrow instructions gives rise to damages for breach of contract, as well as Plaintiff's right to rescind the subject loan. Rescission of the loan would require Gateway to give

up any moneys it received. (Complaint ¶98.)

Seventh, Plaintiff has stated a claim for negligence. Under California law, "[a]ll persons are required to use ordinary care to prevent others being injured as the result of their conduct." *Rowland v. Christian,* 68 Cal.2d 108, 112 (1968); see Cal. Civil Code §1714. Plaintiff, as set forth above, has alleged both a duty and a breach of that duty. Gateway had a duty to exercise reasonable skill and diligence, to provide copies of loan documents and mandated disclosures and to act in the best interests of the principals. The failure to do so gives rise to liability for negligence. *Amen v. Merced County Title Co., supra*, 58 Cal. 2d at 532. Apart from the foregoing, Gateway's failure to make federally mandated disclosures constitutes negligence per se. *DiRosa v. Showa Denko K.K.,* 44 Cal.App.4th 799, 808 (1996).

Finally, Plaintiff has stated a claim for unfair business practices. The breadth of unfair business practices under section 17200 is "broad" and its coverage "sweeping." *Cel-Tech Communications v. L.A. Cellular,* 20 Cal. 4th 163, 180 (1999). It includes any act that is either unlawful, unfair or fraudulent. *Pastoria v. Nationwide Ins.,* 112 Cal.App.4th 1490, 1496 (2003). "Whether any particular conduct is an unfair business practice is a question of fact dependent on the circumstances of each case." *People v. E.W.A.P., Inc.,* 106 Cal.App.3d 315, 320-321 (1980). Plaintiff's complaint sets forth specific fraudulent, illegal and/or unfair acts in which Gateway engaged. Specifically, Gateway committed unfair business practices when they deprived plaintiff of a neutral escrow agent, failed to comply with the TILA and RESPA and participated in a fraudulent scheme.

## CONCLUSION

Thus, contrary to Gateway's contention, Plaintiff has stated numerous claims against Gateway. Therefore, Gateway's motion to dismiss must be denied. In the event that the Court

decides that the motion has merit, Plaintiff requests leave to amend.[1]

Dated:  August 21, 2007          Respectfully submitted,

                                                        LAW OFFICES OF ROBERT F. KANE
                                                      LEGAL AID OF MARIN
                                                      COMMUNITY LEGAL SERVICES IN EAST PALO ALTO

                                                      By _/s/_____
                                                         ROBERT F. KANE
                                                        Attorneys for Plaintiff
                                                         AUDREY McNAMARA NEVIS

---

[1] Leave to amend should be freely granted when justice so requires..  FRCP 15(a).  A plaintiff must be given at least one chance to amend the complaint before it is dismissed with prejudice. *Silva v. Bieluch*, 351 F.3d 1045, 1048 (11th Cir. 2003); see also *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).