JOHN F. CAVIN, ESQ. (SB# 88946)
HELEN V. POWERS, ESQ. (SB# 175164)
**BARDELLINI, STRAW, CAVIN & BUPP, LLP**
2000 Crow Canyon Place, Suite 330
San Ramon, California  94583
Telephone:  (925) 277-3580
Facsimile:  (925) 277-3591
jcavin@bscb.com
hpowers@bscb.com

Attorneys for Defendant
GATEWAY TITLE COMPANY

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUDREY MCNAMARA NEVIS,<br><br>          Plaintiff,<br><br>      v.<br><br>WELLS FARGO BANK, a California corporation, EXECUTIVE FINANCIAL LENDING, JOHN B. SPEAR, an individual, SHAI MOSHE, an individual, GATEWAY TITLE COMPANY, QUALITY LOAN SERVICES, Trustee and DOES 1-100, inclusive,<br><br>          Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. C 07 2568<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANT GATEWAY TITLE COMPANY TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)**<br><br>Date:  September 10, 2007<br>Time:  2:00 p.m.<br>Room: 15<br>Judge: Hon. Marilyn H. Patel |

Reply Memorandum of Points and Authorities in Support of Motion by Defendant Gateway Title Company
to Dismiss Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6)

**Case No. C 07 2568**

1

## I. INTRODUCTION

2    Even under a liberal construction of the pleadings, Plaintiff failed to state a claim upon which

3    relief can be granted under any of the causes of action alleged in the Complaint.  According to

4    Plaintiff's opposition papers, the basis of Plaintiff's allegations against Defendant Gateway Title

5    Company under each of the causes of action is that Gateway failed to provide Plaintiff with the

6    disclosures required under the Truth in Lending Act and the corresponding regulations that

7    implement TILA commonly known as Regulation Z  (collectively referred to as "TILA"), and the

8    Real Estate Settlement and Procedures Act ("RESPA").  The allegation of failure to provide

9    disclosures is somewhat enlightening since the Complaint contains no such allegations against

10   Gateway in any of the nine causes of action and no facts concerning Gateway that could support a

11   claim against Gateway.

12   As set forth in detail below, even the allegation that Gateway failed to provide proper

13   disclosures is insufficient to state a claim against Gateway for violations of TILA, violations of

14   RESPA, fraud and deceit, elder abuse, breach of fiduciary duty, breach of contract, recessionary

15   damages and restitution, unfair business practices, or negligence.  Accordingly, the Court is warranted

16   in granting Gateway's motion to dismiss.

17   ### 1.  TILA

18   Plaintiff failed to state a claim under TILA because Plaintiff failed to meet its burden to show

19   the threshold requirement under TILA that Gateway is a creditor that engages in consumer credit

20   transactions.  Gateway is not a creditor since it does not regularly extend credit and is not a person to

21   whom debt is payable.  Gateway is a title company which provides escrow services to people

22   engaging in loan transactions.  Plaintiff's opposition papers make the unsupported and incorrect

23   allegation that TILA governs Gateway as the lender's agent.  However, case law is clear that to

24   establish a claim under TILA, the plaintiff must show that the defendant is a creditor within the

25   meaning of TILA. *Redic v. Gary H. Watts Realty Co.* (1985) 762.F.2d 1181, 1184-1185.  Here,

26   Plaintiff cannot establish that Gateway is subject to TILA.

27   In an attempt to support its claim against Gateway for violations of TILA, Plaintiff provided

28   in Exhibit A two pages from the *lender's* escrow instructions to Gateway.  Gateway objects to the

2

**Memorandum of Points and Authorities in Support of Motion by Defendant Gateway**
**Title Company to Dismiss Pursuant to Federal Rules of Procedure Rule 12(b)(6)**
**Case No. C 07 2568**

1    exhibit since it contains evidence not set forth in the Complaint.  In addition, the exhibit is

2    unauthenticated, it is an incomplete copy of the escrow instructions, and it could be mistaken as

3    Plaintiff's escrow instructions since the footer which states "LENDER'S INSTRUCTIONS TO

4    CLOSING AGENT" and "NCMC Closing Instructions" is cut off from the exhibit.[1]

5         By referencing the lender's escrow instructions, Plaintiff attempts to shift the lender's

6    responsibility for providing disclosures under TILA to Gateway.  However, the lender, as the creditor

7    under TILA, has the responsibility to provide the statutory disclosures even if it instructs the escrow

8    holder to provide courtesy copies of the disclosures containing the borrower's signature to the

9    borrower at close of escrow.  The lender, not Gateway, is governed by TILA and remains obligated to

10   provide the required disclosures.

11        As a result, the Complaint contains no allegations against Gateway sufficient to state a claim

12   for violations of TILA.

13        **2.  RESPA**

14        The allegations against Gateway for violations of RESPA contain no facts to indicate how

15   Gateway violated any provisions of RESPA in handling the escrow for Plaintiff's loan.  The

16   Complaint does not indicate what written disclosures were required and allegedly not provided by

17   Gateway, what alleged "kickbacks and unearned fees" Gateway earned or how it collected the

18   claimed prohibited charges.

19        Even the allegations in Plaintiff's opposition to this motion (but not the Complaint) are

20   vague: that defendants failed to provide disclosures "regarding settlement and other charges and fees

21   connected to the making of Plaintiff's home loan and charged fees not reasonably related to the

22   services provided...." Again, even in the opposition Plaintiff fails to identify the disclosures that were

23   required and any fees that were allegedly not reasonably related to the services provided by Gateway.

24        For these reasons, Plaintiff's Complaint fails to state a claim against Gateway for violations of

25   RESPA.

26

27

28        [1] For the Court's reference, a complete copy of the three-page Lender's Instructions to Closing Agent is attached to the supplemental declaration of Helen V. Powers as Exhibit A.

**Memorandum of Points and Authorities in Support of Motion by Defendant Gateway
Title Company to Dismiss Pursuant to Federal Rules of Procedure Rule 12(b)(6)**
**Case No. C 07 2568**

**3. Fraud**

The fraud claim in the Complaint consists of general allegations against the parties who made the loan to Plaintiff, but contain nothing about Gateway's conduct as escrow holder. To state a claim for fraud, Plaintiff is required to identify the circumstances constituting fraud, but fails to do that here.

Plaintiff's opposition to this motion indicates that the fraud claim against Gateway is based on Gateway's alleged failure to provide disclosures to Plaintiff. Even if that allegation can somehow be construed from the Complaint, there are still no allegations of any fraudulent conduct by Gateway. Since Gateway is not a creditor it was not required to provide the statutory disclosures required of a lender under TILA. As to RESPA, even if Plaintiff were referring to a HUD-1 settlement statement, such document is provided to a borrower *after* the loan closes and thus could not be a document Plaintiff would rely on in her decision to take a loan.

Without specific allegations of fraudulent conduct by Gateway in carrying out its escrow duties, Plaintiff cannot establish a claim for fraud against Gateway.

**4. Elder Abuse**

The elder abuse claim lacks any kind of allegation that Gateway has taken, secreted, appropriated or retained Plaintiff's real property or any of Plaintiff's money to a wrongful use or with intent to defraud as required under the elder abuse statute, Welfare & Institutions Code §15610.30. The essence of Plaintiff's elder abuse claim is that certain defendants gained Plaintiff's trust and then fraudulently induced her into a detrimental loan. Again, the allegations are focused on other defendants' conduct in getting Plaintiff to take the loan. There are no allegations of how Gateway as the escrow holder was part of this alleged scheme to defraud Plaintiff.

Even the vague statement in the opposition papers that Gateway "concealed disclosures" does not assist in Plaintiff's attempt to state a claim for elder abuse against Gateway because there are no facts to support the allegation. Without specific allegations of elder abuse as required under the Welfare and Institutions Code, or facts to support such a claim, Plaintiff has failed to state a claim against Gateway for elder abuse.

The *Negrete* case is not helpful to Plaintiff in establishing a case of elder abuse. In *Negrete*,

**Memorandum of Points and Authorities in Support of Motion by Defendant Gateway
Title Company to Dismiss Pursuant to Federal Rules of Procedure Rule 12(b)(6)**
**Case No. C 07 2568**

1    the plaintiff made specific allegations of a taking including that the defendants

2    "fraudulently acquired millions of dollars by engaging in a 'churning' scheme,
3    specifically, 'using deceptive practices to deplete the accumulated cash value from
     existing life insurance policy or annuity (either by its surrender or, in the case of a life
     insurance policy, borrowing against the policy's cash value), or the sale of other assets
4    (such as mutual funds) and to apply that money to purchase of a new F&G deferred
     annuity.'" *Negret v. Fidelity and Guarantee Life Insurance Co.* (2006) 444 F.Supp.2d
5    998, 1002.

6    Given these specific and detailed allegations, the court was justified in finding that the plaintiff's

7    allegations were sufficient to state a claim for wrongful "taking" under the elder abuse statute.  In the

8    instant case, Plaintiff made no allegations that Gateway engaged or assisted in a wrongful taking to

9    state a claim for elder abuse.  Accordingly, the cause of action for elder abuse is subject to dismissal.

10       **5.  Breach of Fiduciary Duty**

11       To plead a claim for breach of fiduciary duty, Plaintiff must allege the existence of a fiduciary

12    relationship giving rise to a fiduciary duty. *Negrete v. Fidelity and Guarantee Life Insurance Co.*

13    (2006) 444 F.Supp.2d 998, 1003; *Pierce v. Lyman* (1991) 1 Cal.App.4th 1093, 1101.  Here, Plaintiff

14    cannot fulfill that requirement because an escrow agent is not a fiduciary in the general sense.  *Lee v.*

15    *Title Insurance and Trust Company* (1968) 264 Cal.App.2d 160, 162-163; *Blackburn v. McCoy*

16    (1934) 1 Cal.App.2d 648, 654-655.  An escrow agent is a limited agent and the limited agency

17    relationship is defined by the escrow instructions. *Id.*  Interestingly, Plaintiff cited *Blackburn v.*

18    *McCoy* in its attempt to establish that an escrow agent has a fiduciary duty in the general agency

19    sense.  However, *Blackburn* upholds the theory of limited agency and that the escrow instructions

20    constitute the full measure of the obligation owed by the escrow holder.  *Axel*, also cited by Plaintiff,

21    confirms that the escrow agent's duty is limited to carrying out the escrow instructions. *Axel v.*

22    *Transamerica Title Ins. Co.* (1978) 88 Cal.App.3d 1, 8.

23       As with Plaintiff's other claims, Plaintiff's allegations for breach of fiduciary duty focus on

24    the lender's actions in making the loan to Plaintiff.  As an aside, even the lender-borrower

25    relationship is not fiduciary in nature. *Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231

26

27

28

**Memorandum of Points and Authorities in Support of Motion by Defendant Gateway**
**Title Company to Dismiss Pursuant to Federal Rules of Procedure Rule 12(b)(6)**
Case No. C 07 2568

1 Cal.App.3d 1089, 1093, fn1.[2]

2    Plaintiff did not and cannot allege the existence of a general fiduciary relationship between

3 Plaintiff and Gateway.  In addition, Plaintiff did not allege that Gateway failed to follow Plaintiff's

4 escrow instructions.   Again, Plaintiff makes this claim based on Gateway's alleged failure to deliver

5 TILA and RESPA documents to Plaintiff.  As established above, it was the lender's duty to deliver

6 disclosure documents under TILA and Plaintiff failed to make any specific allegations regarding

7 RESPA documents.

8    For these reasons, the breach of fiduciary duty claim is subject to dismissal.

9    **6.  Breach of Contract**

10    Plaintiff failed to identify any of Plaintiff's escrow instructions that Gateway did not follow.

11 Even if, *arguendo*, Gateway did not provide Plaintiff with an additional copy of the signed

12 disclosures as instructed by the lender, not only was this the *lender's* instruction, but it was also a

13 ministerial act and did not replace the lender's statutory duty to provide the disclosures.  Since

14 Plaintiff's escrow instructions to Gateway define the contract between Gateway and Plaintiff, Plaintiff

15 has failed to identify any of Plaintiff's instructions that Gateway failed to follow.  Without alleging

16 any breach of the escrow instructions, Plaintiff fails to state a claim for breach of contract.  In

17 addition, without a breach of contract, there is no basis for a rescission as claimed in the seventh

18 cause of action.

19    **7.  Unfair Business Practices**

20    Under the claim for unfair business practices, Plaintiff identifies activities by the broker and

21 the lender in making the loan which could constitute unfair business practices.  However, the

22 allegations in no way identify any specific conduct by Gateway.  If the cause of action is meant to be

23 derived from  the other causes of action against Gateway, those claims fail for the reasons stated.

24 Without specific allegations against Gateway as to alleged unfair business practices, Plaintiff fails to

25

26

27    [2]As a matter of law, a lender owes no duty of care to a borrower when the lender is acting in its conventional role
as a mere lender of money. *Nymark,* 231 Cal.App.3d 1089, 1096.  The court in *Nymark* noted that the relationship
between a lender and its borrower-client is not fiduciary in nature. *Id*. at 1093, fn.1  "A commercial lender is entitled to
28 pursue its own economic interests in a loan transaction." *Id.*

**Memorandum of Points and Authorities in Support of Motion by Defendant Gateway**
**Title Company to Dismiss Pursuant to Federal Rules of Procedure Rule 12(b)(6)**
**Case No. C 07 2568**

state a claim against Gateway.

**8. Negligence**

The negligence claim concerns the lender's and broker's actions in processing the loan application, advising Plaintiff on financial matters, distributing Plaintiff's loan proceeds, and dealing with the foreclosure of Plaintiff's home.  These allegations have nothing to do with Gateway.  Again, Gateway's duty is defined by the escrow instructions, and Plaintiff failed to identify any instruction not followed by Gateway.  As a result, Plaintiff cannot establish a cause of action for negligence against Gateway.

### CONCLUSION

For all of the reasons set forth above, none of the nine causes of action contain allegations sufficient to support a claim against Gateway.  As a result, the Court is warranted in granting Gateway's motion to dismiss.

Respectfully submitted,

Dated:  August 27, 2007                          BARDELLINI, STRAW, CAVIN & BUPP, LLP


By:     /s/ Helen V. Powers
        John F. Cavin
        Helen V. Powers
        Attorneys for Defendant
        GATEWAY TITLE COMPANY

**Memorandum of Points and Authorities in Support of Motion by Defendant Gateway
Title Company to Dismiss Pursuant to Federal Rules of Procedure Rule 12(b)(6)**
Case No. C 07 2568