UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

AUDREY MCNAMARA NEVIS,

    Plaintiff,

    v.

WELLS FARGO BANK, EXECUTIVE FINANCIAL LENDING INC., JOHN B. SPEAR, SHAI MOSHE, GATEWAY TITLE COMPANY, QUALITY LOAN SERVICES CORP. and DOES 1–100, inclusive,

    Defendants.

No. C 07-2568 MHP

**MEMORANDUM AND ORDER**
**Re: Gateway Title Company's Motion to Dismiss**

Plaintiff Audrey McNamara Nevis ("plaintiff") brought this action against defendants Wells Fargo Bank ("Wells Fargo"), Executive Financial Lending Inc. ("Executive"), John B. Spear ("Spear"), Shai Moshe ("Moshe"), Gateway Title Company ("Gateway"), Quality Loan Services Corp. ("Quality") and Does 1–100, inclusive, bringing a variety of claims arising out of a home loan and possible foreclosure of her home. Gateway now moves to dismiss plaintiff's claims against it for failure to state a claim upon which relief may be granted. Having considered the arguments and submissions of the parties, and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND[1]

Plaintiff is an 82-year-old woman living in Marin County, California. Complt. ¶ 1. Plaintiff purchased a home in San Rafael, California in 1988. Id. ¶ 27. As of February 2007, plaintiff's home had a value of approximately $930,000 with a mortgage of approximately $880,000. Id. In September 2006,[2] defendant Moshe telephoned plaintiff in an effort to sell her a mortgage loan.

Id. ¶ 28. Moshe informed plaintiff that he would produce a loan at "no cost" with monthly payments significantly lower than what she was paying at the time, along with other representations regarding the loan. Id. Defendant ultimately obtained the loan by following Moshe's instructions. Id. ¶¶ 29–33. The escrow for the loan was handled by defendant Gateway. Id. ¶ 33.

Plaintiff alleges that at the time of soliciting and assisting plaintiff in obtaining the loan, "defendants knew or should have known that plaintiff was 81 years old, financially unsophisticated, unemployed with a total average monthly income of about $1,050, and that she had been unable to refinance her home despite having contacted other lenders," and that therefore she was not qualified for a mortgage. Id. ¶ 34. Plaintiff further alleges that "Defendants" knew or should have known that plaintiff would be unable to make the monthly payments, the loan would fall into default, and the property would be sold in foreclosure. Id. ¶ 35. Plaintiff asserts that her home is now subject to a higher mortgage than the mortgage plaintiff had prior to obtaining the loan, that the loan is in arrears in the amount of at least $20,000, that plaintiff has suffered additional costs and expenses, and that plaintiff faces the imminent threat of foreclosure. Id. ¶ 45.

Apart from general references to "defendants" as a group, plaintiff's complaint contains only two specific references to Gateway. These references are limited to identifying Gateway as the title and escrow company that closed the loan and acted in the capacity of plaintiff's fiduciary for this purpose. Id. ¶¶ 20 & 33.

Gateway now moves to dismiss all of plaintiff's claims against it for failure to state a claim upon which relief may be granted.

LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim—and not the claim's substantive merits—"a court may [typically] look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). Although the court is generally

confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, ___ U.S. ____, 127 S. Ct. 1955, 1974 (2007). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994).

## DISCUSSION

Plaintiff brings nine causes of action against Gateway: (1) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. sections 1601 et seq. and Regulation Z; (2) violations of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. section 2602; (3) fraud and deceit; (4) elder abuse pursuant to California Welfare & Inst. Code section 15600; (5) breach of fiduciary duty; (6) breach of contract; (7) rescission and restitution; (8) unfair business practices pursuant to California Bus. & Prof. Code section 17200; and (9) negligence. The court will consider each cause of action in turn.

### I.   Truth in Lending Act

Gateway asserts that it cannot be found liable under TILA because it is not a "creditor" as defined in the act and Regulation Z, promulgated pursuant to the act. By its terms, TILA provides

3

1  for civil penalties only against creditors. 15 U.S.C. § 1640(a) ("any creditor who fails to comply
2  with any requirement imposed under this part . . . with respect to any person is liable to such
3  person"); see also Redic v. Gary H. Watts Realty Co., 762 F.2d 1181, 1185 (4th Cir. 1985) ("Only
4  'creditors' are subject to the Act's civil penalties."). Under TILA,

> [t]he term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(f). Plaintiff's only allegation in this regard is that "[d]efendants are creditors within the meaning [sic] TILA." Complt. ¶ 47. Plaintiff responds to this argument only by discussing the general goals and principles of TILA and asserting, with no citation to authority, that Gateway was the party responsible for delivering the necessary disclosure forms to plaintiff. Plaintiff appears to argue that Gateway was the lender's agent for the purposes of delivering the disclosure forms, but this allegation appears nowhere in the complaint. Accordingly, the TILA and Regulation Z claim against Gateway must be dismissed. Because plaintiff has set forth no facts in her complaint or in her filing on this motion that could bring Gateway within this statute, this claim is dismissed without leave to amend.

II.   RESPA

Plaintiff's RESPA claim states that "[d]efendants have violated RESPA by failing to make and provide the required written disclosure, by taking kickbacks and unearned fees and by making and collecting prohibited charges in violation of section 8 of RESPA." Complt. ¶ 56. Again, no specific allegations related to the conduct or responsibilities of Gateway appear in this claim. Plaintiff argues in her opposition that, because Gateway failed to provide the required disclosures, the fees that Gateway collected for its services as an escrow agent were improper. Assuming that this legal theory could support a RESPA claim, plaintiff has once again failed to allege that Gateway was responsible for making the disclosures. Furthermore, plaintiff's complaint contains no

4

1  allegations related to the purported disconnect between Gateway's fees and its services rendered.
2  Plaintiff's RESPA claim against Gateway is therefore dismissed with leave to amend. The court is
3  doubtful that plaintiff can allege facts necessary to bring Gateway within the purview of RESPA.
4  However, it will allow plaintiff the opportunity to amend to allege the requisite facts if she can do
5  so.

III.   Fraud and Concealment

Gateway asserts that plaintiff's claim of fraud and concealment is not pled with the particularity required by Federal Rule of Civil Procedure 9(b). In federal actions where state law governs fraud claims, the pleading requirements are nonetheless governed by the Federal Rules of Civil Procedure. Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985). When pleading fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). Fraud allegations must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted). To comply with Rule 9(b), a complaint must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004) (internal quotations omitted).

Once again, plaintiff's complaint contains no specificity whatsoever as to Gateway's allegedly fraudulent conduct. Plaintiff's opposition once again discusses Gateway's alleged failure to provide TILA disclosures, but these allegations are absent from the complaint. Plaintiff's opposition contains an additional argument regarding the large distance between plaintiff's home and Gateway's place of business. The factual allegations plaintiff makes in her opposition are totally missing from the complaint. Even with these allegations, however, if there is nothing more than these, it is doubtful they would be sufficient to withstand a motion to dismiss. Nonetheless, the court will allow plaintiff to amend this claim, advising that the amended complaint must allege facts

5

with the particularity as required by Rule 9(b). The fraud and deceit claim against Gateway is, therefore, dismissed with leave to amend.

IV. Elder Abuse

To state a claim for elder abuse under California law, a plaintiff must allege that the defendant (1) took, secreted, appropriated, or retained real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both; or (2) assisted in taking, secreting, appropriating, or retaining real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both. Cal. Welfare & Inst. Code § 15610.30(a). Plaintiff's allegations related to the conduct of the defendants in her elder abuse claim are limited to the following:

> Defendants, with knowledge that Plaintiff is an elder, gained Plaintiff's trust and induced her to enter into a detrimental loan. By their acts, defendants appropriated Plaintiff's personal and real property to a wrongful use and with the intent to defraud, or assisted in such acts. Defendants acted in bad faith as they knew or should have known that Plaintiff had the right to the property illegally appropriate by them.

Complt. ¶ 68. Again, Gateway's purported role in the alleged elder abuse is entirely unclear from the complaint. Plaintiff's opposition again mentions Gateway's alleged failure to provide disclosures, and cites to a completely irrelevant case. Plaintiff's elder abuse claim falls far short of what is necessary to come within the statute. Again, however, the court will grant leave to amend if plaintiff can do so, spelling out in detail the actions Gateway took that bring it within the statute. This claim is dismissed with leave to amend.

V. Breach of Fiduciary Duty

Gateway asserts that plaintiff's claim for breach of fiduciary duty must be dismissed because an escrow holder's duties are limited to following escrow instructions, rather than general fiduciary duties. "An escrow holder is an agent and fiduciary of the parties to the escrow." Summit Fin. Holdings, Ltd. v. Continental Lawyers Title Co., 27 Cal. 4th 705, 711 (2002). The California Supreme Court has defined the fiduciary duties of an escrow agent as follows.

> In delimiting the scope of an escrow holder's fiduciary duties, then, we start from the principle that an escrow holder must comply strictly with the instructions of the parties. On the other hand, an escrow holder has no general duty to police the affairs of its depositors; rather, an escrow holder's obligations are limited to faithful compliance with the depositors' instructions. Absent clear evidence of fraud, an escrow holder's obligations are limited to compliance with the parties' instructions.

Id. (quotations and citations omitted). Here, plaintiff has identified no instructions given by plaintiff with which Gateway failed to comply. Likewise, as discussed above, plaintiff has failed to sufficiently plead any fraudulent conduct on the part of Gateway. Accordingly, plaintiff's breach of fiduciary duty claim against Gateway is dismissed with leave to amend, if plaintiff can allege facts specific to Gateway sufficient to show the duty Gateway owed to plaintiff, the bases and extent of that duty and Gateway's breach of that duty.

## VI. Breach of Contract

Plaintiff's allegation regarding her breach of contract claim is as follows: "Defendants offered to enter into a contract with Plaintiff under which defendants promised to secure a mortgage loan for Plaintiff, on certain terms including but not limited to a 'no cost' loan that would reduce her monthly mortgage payments, and Plaintiff accepted the offer, as alleged above." Complt. ¶ 86. The complaint contains no mention of any contract between plaintiff and Gateway, and it seems unlikely that an escrow agent would contract with plaintiff to secure a mortgage. Plaintiff's opposition discusses only an alleged contract between plaintiff and Gateway where by Gateway agreed to act as the escrow agent. This contract is not even mentioned in the complaint. Accordingly, having failed to allege the existence of a contract in her complaint, plaintiff has failed to plead a cause of action for breach of contract against Gateway. This claim is dismissed with leave to amend if plaintiff can allege a contract between her and Gateway and detail what the terms of that contract were and the facts stating the breach.

## VII. Rescission and Restitution

Plaintiff's claim against Gateway for rescission and restitution must be premised on a contract between plaintiff and Gateway. As discussed above, plaintiff has failed to plead the

7

existence of a contract, let alone a cause of action for breach of contract.  Accordingly, plaintiff has not properly pled a claim for rescission and restitution.

VIII.  Unfair Business Practices

California law "defines 'unfair competition' as any 'unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising . . . .'" Bank of the W. v. Superior Court, 2 Cal. 4th 1254, 1266 (1992) (quoting Cal. Bus. & Prof. Code § 17200).  As plaintiff points out, "[w]hether any particular conduct is a business practice within the meaning of section 17200 is a question of fact dependent on the circumstances of each case." People v. E.W.A.P. Inc., 106 Cal. App. 3d 315, 320–21 (1980).  However, as with plaintiff's other claims, plaintiff's unfair business practices claim fails to allege any "particular conduct" whatsoever on the part of Gateway. Plaintiff's unfair business practices claim against Gateway must therefore be dismissed.  Leave to amend is allowed, but plaintiff must allege the particular conduct, practices or activities of Gateway that give rise to this claim.

IX.  Negligence

Plaintiff's negligence claim asserts that "defendants owed a duty to Plaintiff to exercise reasonable care in the processing of his [sic] loan application, advising her on financial matters, distributing her loan proceeds and dealing with the foreclosure of her home," as well as training and supervising their employees to comply with applicable laws. Complt. ¶¶ 109–111.  Again, plaintiff's complaint is devoid of any allegations as to Gateway's role in the delineated activities, and therefore plaintiff has failed to sufficiently allege that Gateway was negligent.  Plaintiff's negligence claim against Gateway must be dismissed.  Leave to amend is allowed if plaintiff can allege the necessary facts giving rise to a duty by Gateway to plaintiff, setting forth the nature and extent of that duty and how defendant breached that duty.

X.  Conspiracy

8

Although plaintiff's complaint does not contain a separate cause of action for civil conspiracy, Gateway seeks dismissal of any implied conspiracy claim set forth in the factual allegations of the complaint. See Complt. ¶ 23. Plaintiff does not respond to this argument in her opposition. As plaintiff has not brought a cause of action for conspiracy, and this court finds no basis for reading such into the complaint, there is nothing for this court to dismiss with respect to this aspect of the motion.

XI.   Leave to Amend

The Federal Rules of Civil Procedure provide that leave to amend be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has construed this broadly, requiring that leave to amend be granted with "extraordinary liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990); see also DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987) (Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality"). Accordingly, plaintiff is granted leave to amend with respect to all claims except the TILA claim, *if plaintiff can in good faith and consistent with the instructions above do so*. The court notes that plaintiff has made no attempt in her complaint to set forth specific facts as to Gateway, lumping it together with other defendants. As to some of those defendants there are specific facts alleged. but that is not sufficient to state claims against another defendant, in this case Gateway. Furthermore, plaintiff is not well served by the pleading of a litany of claims with little focus on the conduct of the specific defendants. Plaintiff's counsel are instructed to more carefully tailor the complaint and not distract from the thrust of the claims with unnecessary claims.

The amended complaint, if any, shall be comply with this order and be filed within twenty (20) days of the filing of this order.

/////
/////
/////
/////

9

CONCLUSION

For the reasons stated above, the court GRANTS Gateway's motion to dismiss without leave to amend as to the TILA claims and with leave to amend as to the other claims consistent with this order. Plaintiff is ordered to file an amended complaint, if any, according to the rulings set forth above, within twenty (20) days of the filing of this order.

IT IS SO ORDERED.

Dated: September 6, 2007

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

## **ENDNOTES**

1. Unless otherwise specified, background facts are taken from plaintiffs' first amended complaint, and are assumed to be true for purposes of this motion only.

2. The timeline in plaintiff's complaint appears to be off. Plaintiff asserts that she was first contacted in September 2006, but then alleges that she was visited by a notary public to sign paperwork in June 2006. Complt. ¶ 33. Presumably the initial contact occurred in September 2005.