ROBERT KANE (CSB No. 71407)
LAW OFFICES OF ROBERT KANE
870 Market Street
San Francisco California. 94102
Tel: (415) 982-1510; Fax: (415) 982-5821
Rkane1089@aol.com

PAUL B. COHEN (CSB No.148371)
BROOKE THATCHER (CSB No. 228637 )
LEGAL AID OF MARIN
30  NORTH SAN PEDRO ROAD
SAN RAFAEL, CALIFORNIA 94903
Tel: (415) 492-0230; Fax: (415) 492-0947
bthacher@legalaidofmarin.org

SHIRLEY HOCHHAUSEN (CSB No. 145619)
COMMUNITY LEGAL SERVICES IN
EAST PALO ALTO
2117-B University Avenue
East Palo Alto, CA 94303
Tel:  (650) 326-6440; Fax:(650) 326-9722
S_Hochhausen@hotmail.com

Attorneys for PLAINTIFF Audrey McNamara Nevis

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY MCNAMARA NEVIS,<br><br>          Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, EXECUTIVE FINANCIAL LENDING, INC., JOHN B. SPEAR, SHAI MOSHE, GATEWAY TITLE COMPANY, QUALITY LOAN SERVICES CORP. and DOES 1 - 100, inclusive,<br><br>          Defendants. | Case No. C 07 - 2568 MHP<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF, RESCISSION, RESTITUTION, DAMAGES, PUNITIVE DAMAGES, AND ATTORNEY FEES**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.      Audrey Nevis ("Plaintiff") is an 82 year old woman who has lived in her own home in Marin County, California for 18 years.  Due to the fraudulent, deceptive and negligent acts and practices of the Defendants that are the subject of this complaint Plaintiff faces

foreclosure and the loss of her home.

2.    Plaintiff seeks to stop Defendants from going forward with the foreclosure sale of her home and to recover the more than $80,000 in costs fees and interest that she paid for an exploitive and illegal home loan.

3.    The loan which is the subject of this action is presently owned by Wells Fargo Bank ("Wells Fargo").  The loan was originally made by New Century Mortgage Company ("New Century") who continues to service the loan.  New Century has filed for bankruptcy protection and is protected from suit by the automatic stay provisions of the Bankruptcy Act and is consequently not a defendant in this action.  Wells Fargo has retained Quality Loan Services ("Quality") to carry out the foreclosure.

4.    At all time relevant to this complaint, New Century was a corporation engaged in sub-prime home mortgage lending and engaged in acts and practices that targeted the financially unsophisticated, the elderly, female and minority customers, which acts and practices include deceptive promises about the home mortgage loans, "juicing" mortgages with hidden rates and fees, flipping loans by refinancing to generate fees, making loans based on the value of the property rather than the income of the borrower, making loans that they know or should know cannot be repaid by low income borrowers and marketing their loans through brokers whom they know or should know forge and misrepresent applications and fail to deliver statutorily mandated disclosures to borrowers.

5.    New Century is presently subject of investigations by the Securities and Exchange Commission ("SEC") and the California Attorney General who has obtained a Cease and Desist Order enjoining New Century from soliciting or accepting either directly or indirectly any residential mortgage loan applications based on the findings that New Century failed to demonstrate the financial responsibility, character and general fitness that would support the belief that the business will operate honestly, fairly and in accordance with the requirements of the California Finance Lenders Law.

6.    Plaintiff is informed and believes and thereon alleges that notwithstanding its

FIRST AMENDED COMPLAINT

failures in oversight, underwriting, risk management, and pending investigations by the California Attorney General and the SEC, New Century sold the loan which is the subject of this action to Wells Fargo.

7.      In addition to investigations by the SEC and California Attorney General, a further investigation of the loan which is the subject of this complaint and the conduct of New Century are the subject of an investigation by the Marin County District Attorney.

8.      Plaintiff is informed and believes and on that basis alleges that Defendants were or should have been aware of the pending investigation by the Marin County District Attorney as they were contacted by telephone by the office of the District Attorney and by Plaintiff's counsel, Brooke Thacher of Legal Aid of Marin.  On May 9 and 10, 2007, Plaintiff's counsel advised Wells Fargo in writing through their foreclosure agent Quality Loan Services ("Quality") that the loan which is the subject of this action was rescinded pursuant to the provisions of the Truth in Lending Act ("TILA").

9.      Plaintiff is informed and believes and on that basis alleges that Defendants Wells Fargo and Quality were or should have been aware of Plaintiff's claims that the loan was fraudulent and was designed not to be repaid, and failed to provide Plaintiff with disclosures mandated by federal and state law and nonetheless proceeded to record a notice of default on the property and scheduled the foreclosure sale for May 21, 2007.

## JURISDICTION AND VENUE

10.      This Court has personal jurisdiction over the Defendants named herein because a substantial portion of the wrongdoing alleged in this complaint took place in the Northern District of California, and the Defendants are authorized to and regularly do business in the Northern District of California

11.      This is an action for violations of TILA (15 U.S.C. §§1601 *et seq*.) and the Real Estate Settlement and Procedures Act ("RESPA" (12 U.S.C. §2602)  Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under state law.  Jurisdiction is thus founded on 28 U.S.C. §§1331 and 1367.

3

FIRST AMENDED COMPLAINT

12.    Venue is proper in this judicial district pursuant to 28 U.S.C.§ 1391(b) because a substantial portion of the events and omissions giving rise to this complaint occurred within the Northern District of California.  The loan contracts between Plaintiff and Defendants were made and to be performed, and the obligations arose in the Northern District of California.

## PARTIES

13.    Plaintiff is 82 years old woman who is a high school graduate and is now retired and has lived in her own home in Marin County since 1988.

14.    Plaintiff is informed and believes and on that basis alleges that defendant Wells Fargo is a banking institution chartered in California, admitted and licensed to do business in California and the second largest originator and servicer of home mortgages, with $392 billion in originations and $1 trillion in servicing in 2005 and a net income of over $2 billion in the first quarter of 2006 alone.  Upon information and belief, Wells Fargo has a history of intentionally turning a blind eye to fraudulent and predatory lending practices in connection with the loans it purchases and services.

15.    Plaintiff is informed and believes and on that basis alleges that Wells Fargo was on actual or constructive notice of Plaintiff's allegations that the loan was fraudulent and failed to comply with federal and state consumer protection statutes when it purchased the loan from New Century.

16.    Plaintiff is informed and believes and on that basis alleges that defendant Executive Financial Lending Inc. ("Executive") is a California corporation admitted and licensed to broker mortgage loans under license number 01520578 issued by the California Department of Real Estate ("DRE") with a principal place of business in Sherman Oaks, California, and doing business in Marin County.

17.    Plaintiff is informed and believes and on that basis alleges that defendant John B. Spear ("Spear") was at all relevant times the holder of a license issued by DRE and was at all relevant times the officer/broker of Executive with the responsibility of supervising the mortgage brokerage operations of Executive and its employees.

FIRST AMENDED COMPLAINT

18.    Plaintiff is informed and believes and on that basis alleges that defendant Shai Moshe ("Moshe") was at all relevant times an employee of Executive and the salesman who solicited the Plaintiff to make the subject loan and who was the primary point of conduct in the making of the subject loan.

19.    Plaintiff is informed and believes and on that basis alleges that Quality Loan Services Corp. ("Quality") is a California Company specializing in real estate services including foreclosures.  On information and belief they have been retained by New Century to carry out the foreclose on Plaintiff's home.

20.    Plaintiff is informed and believes and on that basis alleges that Gateway Title Company ("Gateway") is the title company and escrow agent that handled the "closing" of the loan which is the subject of this action.

21.    The true names and capacities, whether individual, corporate or otherwise, of Defendants named in this action as Does 1-100, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named Defendants is in some manner legally responsible for the events and damages Plaintiff alleges in this complaint, contributed to the wrongs and damages herein alleged, or claim a legal or equitable right, title, stake, lien or interest in the property which is the subject of this action.  Plaintiff will amend this complaint to allege the true names and capacities of the fictitiously named Defendants when they have been ascertained.

22.    Plaintiff is informed and believes and on that basis alleges that each defendant was the agent and/or employee and /or principal of each of the remaining Defendants, and in doing the acts herein alleged, were acting within the course and scope of such agency and employment, and/or with the knowledge, consent, or authority of each of the remaining Defendants and/or with knowledge of their acts and/or wrongdoing.  By virtue of the foregoing, each defendant had knowledge and/or constructive notice of, and/or authorized and consented to the acts of each of the other Defendants, and/or ratified the wrongful acts of each of the other Defendants, as herein

FIRST AMENDED COMPLAINT

alleged, by among other things, retaining and sharing in the benefits of such acts.

23.     Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, knowingly and willfully entered into an agreement or agreements and/or conspiracy or conspiracies with the other Defendants to do some or all of the acts herein alleged.

24.     Plaintiff is informed and believes and on that basis alleges that the Defendants, and each of them, negligently employed and retained employees and/or agents and failed to properly supervise, train, direct and/or control their actions.

## GENERAL FACTUAL ALLEGATIONS

25.     Plaintiff realleges and reincorporates by this reference the allegations of Paragraphs 1 through 24.

26.     Plaintiff is an 82 year old retired woman residing in Marin. County.  Plaintiff has a high school education, is financially unsophisticated, retired from employment and subsists on an income from Social Security in the amount of $1,080 per month.

27.     In or about 1988, Plaintiff purchased a home at 16 Creekside Dr., San Rafael, California, for about $300,000.  As of February 2007, the Property had a value of about $930,000 with a mortgage of about $880,000 on which Plaintiff had a monthly mortgage payment of $ 5,739.95.

### Defendants' Scheme to Defraud Plaintiff Begins With a "Cold Call"

28.     In September 2006, Moshe made a "cold call" to Plaintiff in a purported effort to sell her a mortgage loan.  At the time, Plaintiff was concerned about meeting her financial obligations.  Plaintiff told Moshe that while she had refinanced her home in the past, she had been unable to refinance recently and that she had been turned down by other lenders.  Moshe told the Plaintiff not to worry, that he was very well connected and that he would produce a loan for her at "no cost" with a monthly payments on the new loan which would be significantly lower than her prior payments.  Moshe also promised that the loan he would get Plaintiff would pay off her existing debts and provide a sum of cash so that she could make the monthly payments on the proposed loan.

FIRST AMENDED COMPLAINT

29.     Moshe requested further information regarding the property and Plaintiff's employment prior to her retirement.  When Plaintiff told Moshe that she had been a stewardess, he said "I can work with that" and further assured her that he could get the promised loan.

30.     Shortly after this first call, Moshe advised the plaintiff that he would fax some papers to the local Kinko's.  He instructed her to sign the papers and return them to him by fax.  Among the papers that Moshe sent was an application containing the false information that Plaintiff was employed as travel agent.

31.     Upon reading the papers and seeing the incorrect employment information, Plaintiff telephoned Moshe and told him that the information was incorrect.  Moshe told her not to worry, to sign the papers and that this was just "standard operating procedure".

32.     Soon after the initial conversation, Moshe telephoned Plaintiff to advise her that she had been "approved" for a loan in the amount of $880,000.  He instructed her that an "independent notary public would come to Plaintiff's home with the loan documents and that the Plaintiff was to sign as she was instructed to by the notary."

33.     On or about June 8, 2006, a notary did come to the Plaintiff's home.  The notary flipped the pages of a pile of documents and directed Plaintiff where to sign and Plaintiff signed as directed.  The notary left some documents with Plaintiff and the escrow was handled by Gateway.

34.     At the time of soliciting and assisting the Plaintiff in getting the subject loan Defendants knew or should have known that Plaintiff was 81 years old, financially unsophisticated, unemployed with a total average monthly income of about $1,050, and that she had been unable to refinance her home despite having contacted other lenders.  They knew or should have known that Plaintiff was not qualified for a mortgage on her income of $1,050.

35.     Defendants knew or should have known that Plaintiff could not pay $5,739.95 per month and that the loan would very soon fall into default and the property would be sold in foreclosure.  The subject loan was designed to earn fees for Defendants and not to be of benefit to Plaintiff.

FIRST AMENDED COMPLAINT

36.     At the time these false promises and misrepresentations alleged above were made, Defendants knew or should have known that the representations were false, that the loan they were inducing Plaintiff to take was a high priced loan, beyond her ability to repay, a variable rather than a fixed loan, that it would increase the amount of her monthly payment and that Plaintiff had insufficient income to repay the subject loan.

37.     At the time Defendants made the false promises, misrepresentations and concealments alleged above, Plaintiff did not know that those promises and representations were false, or that the Defendants had fraudulently concealed that they knew that Plaintiff would not be able to afford the loan and would face the imminent foreclosure of her home.

38.     The costs fees and interest New Century derived from the loan in question amount to in excess of $ 25,000.  Executive earned in excess of $ 35,000 for brokering the loan which resulted in a cash payment to Plaintiff of approximately $20,000 and other Defendants earned significant fees in processing and closing the subject loan.  Looking at the figures, it is clear that this loan was designed not to benefit the Plaintiff and not to be repaid but rather to generate fees for the Defendants and inevitably result in the foreclosure of Plaintiff's home.

39.     On or about July 2006, Plaintiff received a bill for her monthly mortgage payment in the amount of $5,739.95.

40.     Plaintiff telephoned Executive's office to inquire about why the amount of the payment was so high.  Plaintiff spoke with Moshe's assistant "Tina".  When Plaintiff complained that the payments were $1,000 higher per month than her previous payments, not lower as Moshe had promised, Tina told her that it was too late to do anything because Plaintiff had already signed the papers.  She asked for Moshe to telephone her but, despite repeated calls to Executive, no one returned her calls.

41.     Plaintiff grew increasingly concerned about the loan and inquired of several people regarding loan procedures.  She made a complaint to the Office of the Marin County District Attorney who is presently conducting a criminal investigation of Executive, its officers and employees as well as the procedures under which the loan was approved by New Century.  The

8

FIRST AMENDED COMPLAINT

office of the District Attorney referred Plaintiff to the Offices of Legal Aid of Marin for further assistance.

42.    Plaintiff is informed and believes and on that basis alleges that at all relevant times, Spear was the only person affiliated with Executive who possessed a real estate broker's license.  By statute, this license permitted Executive's officers and employees to perform mortgage lending activities.  By allowing Executive to operate under the auspices of his license, Spear became Executive's "designated officer/broker," and as such, was required to supervise and control the mortgage lending activities of Executive and its employees.

43.    Upon information and belief, Spear failed in his duty to supervise Executive's lending activities.  Spear failed to establish and/or maintain polices, rules, procedures and systems to review, oversee, inspect and manage aspects of Executive's business that Spear had a duty to supervise, including without limitation (a) transactions requiring a real estate license; (b) documents which may materially affect the rights or obligations of a party to a real estate transaction; (c) filing, storage and maintenance of such documents; (d) handling of trust funds; (e) advertising of any service for which a license is required; (f) familiarizing all Executive employees with federal and state law requirements related to Executive's business activities; and (g) keeping regular, consistent and accurate reports of licensed activities undertaken by Executive and its employees.

44.    At the time Defendants sold Plaintiff the loan by way of the fraudulent and predatory lending scheme described herein, Plaintiff was 81 years old, low-income and financially inexperienced.  In soliciting, brokering and selling the loan as alleged herein, Defendants knowingly and with malicious intent made a loan to Plaintiff that they knew she could not afford to repay and with the intention of enriching themselves and providing no benefit to Plaintiff.

45.    As a direct and proximate result of the Defendants' conduct and practices in targeting Plaintiff as alleged above, Plaintiff's home is now subject to a mortgage in the amount of $880,000, which is more than the mortgage Plaintiff had prior to entering the loan; Plaintiff is

FIRST AMENDED COMPLAINT

in arrears of the loan in the approximate amount of $20,000 or more; has suffered the costs of obtaining the loan, including a broker's fee and a yield spread premium; is obliged to pay a prepayment penalty of approximately $35,000 to escape the loan and faces the imminent threat of foreclosure on her home.

**FIRST CAUSE OF ACTION**
**Violations of the TILA and Regulation Z**
**(Against all Defendants, except Quality and Gateway)**

46.     Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47.     Defendants are creditors within the meaning of TILA.

48.     The loan transaction entered into by Plaintiff with Defendants is a high-fee loan within the meaning of 12 C.F.R. section 226.32(a)(1)(ii).

49.     Defendants have violated the requirements of TILA and Regulation Z in the following and other respects:

      a.    by failing to provide in a timely and adequate way the required disclosure, commonly known as the "three day right of rescission" in violation of 15 U.S.C. §1635(a),

      b.    by failing to provide the required disclosure in violation of 1638(b) and Regulation Z §226.17(b);

      c.    by failing to provide the required disclosures clearly, conspicuously in writing in violation of 15 U.S.C. §1632 and Regulation Z §226.17(a);

      d.    by failing to include in the finance charge certain charges imposed by Defendant payable by Plaintiff incident to the extension of credit as required by 15 U.S.C. §1605 and Regulation Z §226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. §1638(a)(3) and Regulation Z §226.18(d);

      e.    by improperly including certain charges in the amount financed which are finance charges, Defendant improperly disclosed the amount financed in

FIRST AMENDED COMPLAINT

violation of 15 U.S.C. §1638(a) (2) and Regulation Z §226.18 (b);

    f.    by calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. §1606, Regulation Z §226.22, the defendant understated the disclosed annual percentage rate in violation of 15 U.S.C. §1638 (a) (4) and Regulation Z §226.18(c);

    g.    by extending credit to Plaintiff based on Plaintiff's collateral rather than considering Plaintiff's current and expected income, current obligations, and employment status to determine whether Plaintiff was able to make the scheduled payments to repay the obligation in violation of section 129(h) of TILA, 15 U.S.C. §1639(h) and section 226.32(e)(l) of Regulation Z, 12 C.F.R. §226.32(e)(l); and,

    h.    by including a prohibited "prepayment penalty" provision in violation of section 129(c) of TILA; 15 U.S.C. §1639(h) and section 226.32(d) (6) of Regulation Z, 12 C.F.R. §226.32(d) (6).

50.    Because of the violations of TILA listed above, Plaintiff retained the right to rescind the transaction up to three years after its consummation.

51.    On May 8th, 9th, and 10th, 2007, Plaintiff rescinded the instant loan.

52.    As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff is entitled to restitution and disgorgement of the wrongful commissions and windfall profits taken by the Defendants as alleged herein. as well as statutory and punitive damages all in an amount to be proven at trial.

53.    Plaintiff faces imminent and irreparable injury if the foreclosure of Plaintiff's home is not enjoined.

**SECOND CAUSE OF ACTION**
**VIOLATION OF RESPA**
**(Against all Defendants, except Quality, Wells Fargo and Gateway)**

54.    Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1

FIRST AMENDED COMPLAINT

through 53 of this Complaint as though fully set forth herein.

55.    The home loan which is the subject of this action is a federally related mortgage loan as defined in the RESPA, 12 U.S.C. §2602.

56.    Defendants have violated RESPA by failing to make and provide the required written disclosure, by taking kickbacks and unearned fees, and by making and collecting prohibited charges in violation of section 8 of RESPA.

57.    As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff is entitled to restitution and disgorgement of the wrongful commissions and windfall profits taken by the Defendants as alleged herein. as well as statutory and punitive damages all in an amount to be proven at trial.

58.    Plaintiff faces imminent and irreparable injury if the foreclosure of Plaintiff's home is not enjoined.

### THIRD CAUSE OF ACTION
### Fraud and Deceit
### (As to all Defendants, except Wells Fargo, Quality and Gateway)

59.    Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 58 of this Complaint as though fully set forth herein.

60.    Defendants made false promises and misrepresentations to Plaintiff as alleged above, including misrepresentations that the loan she was entering into would carry a fixed rate that would lower her monthly mortgage payments, that would pay off her debts and provide cash to pay her monthly mortgage payments and that would be free of cost.

61.    Defendants intentionally concealed from Plaintiff that in inducing Plaintiff to enter into the loan, Defendants' true intention was to make a loan that would enrich them and that Defendants knew that Plaintiff could not pay the monthly charges on the loan and would face foreclosure.

62.    Defendants engaged in the fraudulent acts and practices alleged above and by falsifying the contents of the loan application, misrepresenting Plaintiff's income, misrepresenting the costs and nature of the loan and engaging in fraudulent and illegal practices

FIRST AMENDED COMPLAINT

as alleged above.

63.    When Defendants made the false promises and misrepresentations and engaged in deceitful acts as alleged above, Defendants knew that the promises and misrepresentations were false, that the concealments were deceitful, and that the false promises, misrepresentations and deceitful acts and concealments were intended by them to deceive and defraud Plaintiff and to fraudulently induce her to enter into the loan, to her detriment.

64.    In entering into the loan, Plaintiff actually and reasonably relied on Defendants' false promises, misrepresentations and concealments.  Plaintiff would not have entered into the loan or followed Defendants' instructions to sign the loan documents had she known the true facts about Defendants' false promises, misrepresentations, concealments and deceitful acts and practices.

65.    As a direct proximate and legal result of the Defendants' acts alleged herein, Plaintiff has suffered damages in an amount to be proven at trial.  Defendants have engaged in the fraudulent promises, misrepresentations, concealments and deceitful acts and practices alleged herein with malice and with the intent to deceive and injure Plaintiff.  Plaintiff is therefore entitled to an award of punitive damages in an amount according to proof.

### FOURTH CAUSE OF ACTION
### Elder Abuse [Welfare and Institutions Code 15600]
### (As to all Defendants, except Gateway)

66.    Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 65 of this Complaint as though fully set forth herein.

67.    At all relevant times herein, Defendants stood in a position of trust and confidence to Plaintiff in that they were mortgage brokers, financial advisors and fiduciaries, as alleged above, and owed Plaintiff a duty of the utmost care, diligence, good faith, loyalty and fair dealing.

68.    Defendants, with knowledge that Plaintiff is an elder, gained Plaintiff's trust and induced her to enter into a detrimental loan.  By their acts, Defendants appropriated Plaintiff's personal and real property to a wrongful use and with the intent to defraud, or assisted in such

FIRST AMENDED COMPLAINT

acts. Defendants acted in bad faith as they knew or should have known that Plaintiff had the right to the property illegally appropriated by them.

69. By these acts, Defendants, with knowledge that Plaintiff is an elder, willfully caused or permitted Plaintiff to suffer, inflicted mental suffering on her, and have endangered her health and person.

70. As a direct and proximate result of the Defendants' elder and financial abuse of Plaintiff as alleged herein, Plaintiff has sustained and suffered injury to her person, all which injuries have caused and continue to cause Plaintiff great mental and nervous pain and suffering for which Plaintiff will have to seek reasonably necessary medical services in an amount to be proven at trial.

71. As a further direct and proximate result of the Defendants' wrongful conduct, Plaintiff has sustained financial damages in an amount to be proven at trial.

72. As a further direct and proximate result of the Defendants' wrongful conduct, Plaintiff has incurred attorney fees and legal costs, and will sustain additional damages in prosecuting this action and Plaintiff is entitled to recover these based on contract and/or statute, including, but not limited to Code of Civil Procedure section 1021.5 and Welfare and Institutions Code section 15657(a).

73. As a further result of Defendants' wrongful conduct, Plaintiff is entitled to have her damages trebled pursuant to Welfare and Institutions Code section 15657.

74. Defendants are guilty of fraud, oppression, malice or recklessness in the commission of the financial and elder abuse alleged above with the intent to deceive and injure Plaintiff thereby entitling Plaintiff to punitive damages in an amount according to proof.

**FIFTH CAUSE OF ACTION**
**Breach of Fiduciary Duty**
**(Against all Defendants, except Quality)**

75. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 74 of this Complaint as though fully set forth herein.

76. Defendants acted in the capacity of a mortgage loan broker and/or financial

FIRST AMENDED COMPLAINT

advisor or escrow agent for Plaintiff and thereby owed a fiduciary duty to Plaintiff.

77.    Plaintiff understood that Defendants were acting on her behalf in the capacity of a mortgage broker, fiduciary and/or financial advisor to her.

78.    Defendants owed Plaintiff a fiduciary duty of the highest good faith, fair dealing, loyalty, honesty and truthfulness toward Plaintiff and were charged with a duty of full disclosure of all material facts concerning the transactions described herein that might have affected Plaintiff's decision to enter into the loan.

79.    In addition, Gateway entered into a contract with Wells Fargo and Plaintiff to perform the duties of escrow agent for closing the subject loan.  The escrow instructions gave rise to a fiduciary duty to carry out the instructions.  Pursuant to closing instructions dated on or about June 8, 2006, Gateway was to deliver "recission notice:  two copies to each borrower complete with accurate transaction and cancellation dates."  Gateway failed to deliver these documents to Plaintiff.

80.    Upon information and belief, Defendants breached their fiduciary duty to Plaintiff by engaging in the fraudulent conduct alleged herein, including without limitation the following acts and omissions:

    a.    Defendants misrepresented to Plaintiff the nature and effect of the loan application documents presented to her for signature;

    b.    Defendants failed to act in good faith and in the best interest of Plaintiff;

    c.    Defendants charged excessive fees and costs;

    d.    Defendants failed to provide proper notices, copies, and disclosures as required by law;

    e.    Defendants failed to properly advise Plaintiff of the true nature and effect of the transaction;

    f.    Defendants failed to consider the interests of Plaintiff before their own; and,

    g.    Defendants unjustly profited from the transaction.

FIRST AMENDED COMPLAINT

81.     Defendants committed these wrongful acts while Plaintiff held them in a position of trust and confidence and they had a fiduciary relationship with Plaintiff.

82.     Plaintiff would not have entered into the loan had she known the true nature, effect and costs of the transaction and had Defendants not breached their fiduciary duties.

83.     As a direct and proximate result of the Defendants' breach of their fiduciary duties, Plaintiff has suffered economic damages in an amount according to proof.

84.     As a further direct, proximate, and foreseeable result of Defendants' conduct, as set forth above, Plaintiff has suffered, and continues to suffer, humiliation, mental anguish, fear, and emotional and physical distress, all to her damage in an amount to be proven at trial.

85.     Defendants' acts were intentional, malicious, and oppressive, and were undertaken in conscious and reckless disregard of Plaintiff's rights thereby entitling Plaintiff to an award of punitive damages in accordance with proof.

**SIXTH CAUSE OF ACTION**
**Breach of Contract**
**(As to all Defendants, except Wells Fargo  and Quality)**

86.     Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 85 of this Complaint as though fully set forth herein.

87.     Defendants offered to enter into a contract with Plaintiff under which Defendants promised to secure a mortgage loan for Plaintiff, on certain terms including but not limited to a "no cost" loan that would reduce her monthly mortgage payments, and Plaintiff accepted the offer, as alleged above.

88.     In addition, Gateway entered into a contract with Wells Fargo and Plaintiff to perform the duties of escrow agent for closing the subject loan.  Pursuant to closing instructions dated on or about June 8, 2006, Gateway was to deliver "recission notice:  two copies to each borrower complete with accurate transaction and cancellation dates."  Gateway failed to deliver these documents to Plaintiff.

89.     Plaintiff performed all of her obligations under these contracts.

90.     Defendants breached the contracts, *inter alia*, by failing to provide the loan on the

promised terms and with the required delivery of disclosures and documents. as alleged above.

91.    As a direct and proximate result of Defendants' breach of contracts, Plaintiff has sustained monetary damages in an amount to be determined at trial.

### SEVENTH CAUSE OF ACTION
### Recessionary damages and Restitution
### (Against all Defendants, except Quality)

92.    Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 91 of this Complaint as though fully set forth herein.

93.    Plaintiff's consent to the loan was obtained by the Defendants through mistake, fraud and undue influence.

94.    Defendants, with intent to deceive Plaintiff and to unduly influence her to consent to the loan which they knew or should have known Plaintiff did not understand or agree to and which they knew or should have known Plaintiff did not have sufficient income to pay, did intentionally conceal from Plaintiff the true terms of the loan and failed to provide statutory notices mandated by federal and state law including but not limited to "Notice of right to Cancel" the subject loan. with the knowledge that she did not have sufficient income to repay and that she was thereby placing her home at severe risk of loss to foreclosure.

95.    The active misrepresentations of Defendants were deceitful, fraudulent and false.

96.    At the time Defendants made the misrepresentations and engaged in the concealment and deceit as alleged herein, she reasonably relied on them, thereby entering into the loan without the benefit of true facts and by duress, undue influence, coercion and mistake.

97.    As a result of Defendants' fraudulent misrepresentations, deceit and inducements alleged herein, Plaintiff has incurred monetary damages.

98.    Plaintiff demands rescission on the ground of Defendants' fraudulent misrepresentations and inducements, mistake, duress, undue influence and coercion.

99.    Plaintiff demands restitution from Defendants in an amount that will restore to Plaintiff the amounts taken from her including but not limited to all costs, fees, commissions, yield spread premiums and loan proceeds received by the Defendants.  Plaintiff further alleges

FIRST AMENDED COMPLAINT

that that Defendants have been unjustly enriched by their predatory loan practices and that the full amount of all commissions earned by Defendants on the loan and all amounts converted by the Defendants must be disgorged to Plaintiff.

100.    Plaintiff faces imminent and irreparable injury in that Defendants will foreclose on Plaintiff's home.

### EIGHTH CAUSE OF ACTION
### Unfair Business Practices [Business & Professions Code Section 17200]
### (As against all Defendants)

101.    Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 100 of this Complaint as though fully set forth herein.

102.    Defendants committed acts of unfair business practices, as defined by the California Business and Professions Code Section 17200 et seq., by engaging in practices which include but are not limited to the subject acts and practices alleged above and further including but not limited to making loans to borrowers based on information that Defendants knew or should have known was inaccurate or incorrect; making loans without verifying borrower information; making loans without providing the borrower with accurate and understandable information regarding the nature and extent of the financial risk being assumed by the borrower; making loans without regard to the borrower's ability to repay the loan; misleading the borrower regarding the terms of loans, proceeding with the foreclosure when the underlying security interest had been canceled.

103.    These deceptive acts and practices and the fraudulent and predatory lending scheme alleged herein violate California Business and Practices Code Section 17200 in the manner alleged above and in the following respects:  Defendants' conduct threatens an incipient violation of various consumer protection statutes, and/or violates the policy or spirit of such laws, including but not limited to California Financial Code Section 4970 et seq.; California Civil Code Section 1770 et seq.; California Civil Code Section 1788.12; California Civil Code Section 1920; California Civil Code Section 1921; California Civil Code Sections 1709, 1710, 1711; Section 1629 of Title 15 of the United States Code together with 12 CFR 226.1

FIRST AMENDED COMPLAINT

(Regulation Z); Section 1691 of Title 15 of the United States Code; Section 3605 of Title 42 of the United States Code; and Section 2602 of Title 12 of the United States Code; which prohibit, among other things, and provide penalties for, deceitful, dishonest and discriminatory and predatory lending practices, including but not limited to making mortgage loans without regard to the borrower's ability to repay; making mortgage loans based on deceptive, fraudulent or unconscionable advertising, and/or representations or practices in violation of lending disclosure laws; making loans subject to illegal kickbacks and/or unearned fees; and making loans subject to excessive loan costs and fees and other abusive loan terms as alleged herein.

104.    Defendants' predatory lending practices, as alleged above, constitute unlawful, unfair and fraudulent business acts or practices within the meaning of California Business and Professions Code Section 17200.

105.    Defendants' unlawful, unfair and fraudulent business practices target the most vulnerable people in our society, including, as exemplified by Plaintiff, elderly, minority, low-income, financially unsophisticated homeowners who are at high risk of losing their homes as a result of the predatory lending practices alleged herein.  Unless restrained, Defendants will continue these unlawful and unfair predatory practices and continue to sell these abusive home equity products to homeowners who are unable to afford them and unaware of their true nature, terms, costs and consequences.  Plaintiff is therefore entitled to a permanent injunction enjoining Defendants from engaging in the fraudulent, deceptive, predatory and negligent acts and practices alleged herein.

106.    As a direct and proximate result of the aforementioned acts, Defendants caused Plaintiff to become obligated on a loan she could not afford to repay, and put her at risk of losing her home as alleged above.

107.    As a further direct and proximate result of Defendants' wrongful conduct as alleged above, Plaintiff has sustained damages, including attorney's fees and legal costs, and will sustain additional damages in prosecuting this action.  Plaintiff is entitled to an award of attorney's fees and legal costs pursuant to California Code of Civil Procedure Section 1021.5.

FIRST AMENDED COMPLAINT

108.   As a further direct and proximate result of the Defendants' wrongful conduct, Plaintiff is entitled to restitution and disgorgement of the wrongful commissions and windfall profits taken by the Defendants as alleged herein.

109.   Plaintiff faces imminent and irreparable injury in that Defendants will foreclose on Plaintiff's home.

**NINTH CAUSE OF ACTION**
**Negligence**
**(As to all Defendants)**

110.   Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 109 of this Complaint as though fully set forth herein.

111.   At all relevant times herein, Defendants owed a duty to Plaintiff to exercise reasonable care in the processing of her loan application, advising her on financial matters, distributing her loan proceeds and dealing with the foreclosure of her home.

112.   Defendants also owed Plaintiff a duty of reasonable care to train their employees and agents to comply with all applicable laws, rules and/or regulations and in accordance with professional, industry-wide best practices standards.  These laws, rules, regulations and industry-wide best practices standards were enacted to protect individuals such as Plaintiff.

113.   Defendants owe Plaintiff a duty of reasonable care to supervise, regulate and control their employees to ensure compliance with all applicable laws, rules and regulations in accordance with professional, industry-wide best practices standards.   These laws, rules, regulations and industry-wide best practices standards were enacted to protect individuals such as Plaintiff.

114.   Defendants breached these duties to Plaintiff.

115.   As a direct and proximate result of Defendants' negligence as alleged herein, Plaintiff has suffered injuries and damages as set forth above in an amount to be determined at trial.

116.   Defendants' breaches of their duty of care affect the most vulnerable people in our society, including, as exemplified by Plaintiff, elderly minority, low-income, financially unsophisticated homeowners who are at high risk of losing their homes as a result of the

FIRST AMENDED COMPLAINT

fraudulent and predatory practices alleged herein.  Unless restrained, Defendants will continue these unlawful practices and continue to sell these abusive home equity products to homeowners who are unable to afford them and unaware of their true nature, terms, costs and consequences. Plaintiff is therefore entitled to a permanent injunction enjoining Defendants from engaging in the acts and practices alleged herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the named Defendants and Does 1-20 as follows:

1.    For a preliminary injunction enjoining Wells Fargo and any successor in interest from foreclosing on Plaintiff's home pending adjudication of Plaintiff's claims set forth herein;

2.    For a permanent injunction enjoining Defendants from engaging in the fraudulent, deceptive, predatory and negligent acts and practices alleged herein;

3.    For rescission of the loan contract and restitution by Defendants to Plaintiff according to proof at trial;

4.    For disgorgement of all amounts wrongfully acquired by Defendants according to proof at trial;

5.    For monetary damages according to proof at trial;

6.    For pre-judgment and post-judgment interest according to proof at trial;

7.    For pain and suffering damages according to proof at trial;

8.    For punitive damages according to proof at trial; and,

9.    For attorney's fees and costs as provided by statute.

Plaintiff demands trial by jury on all issues so triable.

DATED:  September 26, 2007                Respectfully submitted,

                                          LAW OFFICES OF ROBERT KANE
                                          LEGAL AID OF MARIN
                                          COMMUNITY LEGAL SERVICES IN
                                          EAST PALO ALTO

                                          BY: _/s/_____
                                              SHIRLEY HOCHHAUSEN
                                              Attorney for Plaintiff Audrey McNamara Nevis

FIRST AMENDED COMPLAINT