JOHN F. CAVIN, ESQ. (SB# 88946)
HELEN V. POWERS, ESQ. (SB# 175164)
**BARDELLINI, STRAW, CAVIN & BUPP, LLP**
2000 Crow Canyon Place, Suite 330
San Ramon, California 94583
Telephone: (925) 277-3580
Facsimile: (925) 277-3591
jcavin@bscb.com
hpowers@bscb.com

Attorneys for Defendant
GATEWAY TITLE COMPANY

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUDREY MCNAMARA NEVIS, | Case No. C 07 2568 MHP |
| Plaintiff, | **ANSWER OF GATEWAY TITLE COMPANY TO FIRST AMENDED COMPLAINT** |
| v. | |
| WELLS FARGO BANK, a California corporation, EXECUTIVE FINANCIAL LENDING, JOHN B. SPEAR, an individual, SHAI MOSHE, an individual, GATEWAY TITLE COMPANY, QUALITY LOAN SERVICES, Trustee and DOES 1-100, inclusive, | |
| Defendants. | |

Defendant Gateway Title Company ("Gateway") answers the First Amended Complaint ("FAC") of Plaintiff Audrey McNamara Nevis as follows:

1. Answering paragraph 1 of the FAC, Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of said paragraph and on that basis denies said allegations. Gateway denies the allegations contained in the second sentence. Gateway denies that it engaged in any fraudulent, deceptive and negligent acts and practices.

2. Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 2 through 7 of the FAC and on that basis denies the

allegations.

3. Answering paragraph 8 of the FAC, Gateway denies the allegations of the first sentence. Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegation in the second sentence, and on that basis denies the allegations.

4. Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9 of the FAC and on that basis denies the allegations.

5. Answering paragraph 10 of the FAC, Gateway denies that it engaged in any wrongdoing. Gateway admits that it is authorized to and does business in the Northern District of California.

6. Paragraphs 11 and 12 of the FAC contain legal conclusions which do not require a response. To the extent a response is required, Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 11and 12 of the FAC and on that basis denies the allegations.

7. Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 13 through 19 and on that basis denies the allegations.

8. Answering paragraph 20 of the FAC, Gateway admits that it acted as the escrow agent for the transaction that is the subject of this action.

9. Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the FAC and on that basis denies the allegations.

10. Gateway denies the allegations in paragraphs 22 through 24 of the FAC.

11. Answering paragraph 25 of the FAC, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 24 of the FAC as if set forth in full.

12. Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 26 through 32 of the FAC and on that basis denies the allegations.

13. Answering paragraph 33 of the FAC, Gateway admits that it handled the escrow for the transaction that is the subject of the FAC. Gateway lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 33 and on that basis

denies the allegations.

14. Answering paragraph 34 of the FAC, Gateway admits that it handled the escrow for the transaction that is the subject of the FAC. Gateway denies the remaining allegations in paragraph 34.

15. Gateway denies the allegations in paragraph 35 of the FAC.

16. Answering paragraph 36 of the FAC, Gateway denies that it made any false promises or misrepresentations, as alleged, and denies the remaining allegations of paragraph 36.

17. Answering paragraph 37 of the FAC, Gateway denies that made any false promises, misrepresentations or concealments, as alleged, and denies the remaining allegations of paragraph 37.

18. Answering paragraph 38 of the FAC, Gateway admits that it earned a modest fee for handling the escrow for the transaction. Gateway denies that it earned significant fees, as alleged. Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38, and on that basis denies the allegations.

19. Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 39 through 43 of the FAC and on that basis denies the allegations.

20. Gateway denies the allegations in paragraph 44 of the FAC as to Gateway. Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding plaintiff's age and financial status, and on that basis denies the allegations.

21. Answering paragraph 45 of the FAC, Gateway denies that it engaged in conduct and practices in targeting Plaintiff as alleged in the FAC and referred to in paragraph 45. Gateway lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 45 and on that basis denies the remaining allegations.

22. Answering paragraph 46 of the FAC, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 45 of the FAC as if set forth in full.

23. Answering paragraphs 47 through 53 of the FAC, Gateway acknowledges that the first cause of action for violations of the TILA and Regulation Z, is not against Gateway. On the basis that the allegations against "Defendants" in paragraphs 47 through 53 are not against Gateway, Gateway responds that it lacks knowledge or information sufficient to form a belief about the truth of the

allegations contained in paragraphs 47 through 53 and on that basis denies the allegations.

24. Answering paragraph 54 of the FAC, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 53 of the FAC as if set forth in full.

25. Answering paragraphs 55 through 58 of the FAC, Gateway asserts that the second cause of action, for violation of the RESPA, is not against Gateway. On the basis that the allegations against "Defendants" in paragraphs 55 through 58 are not against Gateway, Gateway responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 55 through 58 of the FAC and on that basis denies the allegations.

26. Answering paragraph 59 of the FAC, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 58 of the FAC as if set forth in full.

27. Responding to paragraphs 60 through 65 of the FAC, Gateway asserts that the third cause of action, for fraud and deceit, is not against Gateway. On the basis that the allegations against "Defendants" in paragraphs 60 through 65 are not against Gateway, Gateway responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 60 through 65 of the FAC and on that basis denies the allegations.

28. Answering paragraph 66 of the FAC, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 65 of the FAC as if set forth in full.

29. Responding to paragraphs 67 through 74 of the FAC, Gateway asserts that the fourth cause of action for elder abuse is not against Gateway. On the basis that the allegations against "Defendants" in paragraphs 67 through 74 are not against Gateway, Gateway responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 67 through 74 of the FAC and on that basis denies the allegations.

30. Answering paragraph 75 of the FAC, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 74 of the FAC as if set forth in full.

31. Answering paragraph 76 of the FAC, Gateway admits that it acted as the escrow agent for the transaction that is the subject of the litigation and owed a duty to Plaintiff to follow the escrow instructions given to it. Gateway denies the remaining allegations contained in paragraph 76.

32. Answering paragraph 77 of the FAC, Gateway denies that it was a fiduciary in the

traditional sense and asserts that it had a limited duty to Plaintiff to follow the escrow instructions. Gateway lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 77 of the FAC, and on that basis denies the allegations.

33. Answering paragraph 78 of the FAC, Gateway denies that it was a fiduciary in the traditional sense and asserts that it had a limited duty to Plaintiff to follow the escrow instructions. Gateway denies the remaining allegations in paragraph 78 of the FAC.

34. Answering paragraph 79 of the FAC, Gateway denies that it was a fiduciary in the traditional sense and asserts that it had a limited duty to Plaintiff to follow the escrow instructions given to it by the parties. As to the remaining allegations in paragraph 79 of the FAC, Gateway lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis denies the allegations.

35. Gateway denies the allegations in paragraphs 80 and 81 of the FAC.

36. Answering paragraph 82 of the FAC, Gateway denies that it was a fiduciary in the traditional sense and asserts that it had a limited duty to Plaintiff to follow the escrow instructions. Gateway denies that it breached any fiduciary duty to Plaintiff. As to the remaining allegations in paragraph 82, Gateway lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis denies the allegations.

37. Gateway denies the allegations in paragraphs 83 through 85 of the FAC.

38. Answering paragraph 86 of the FAC, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 85 of the FAC as if set forth in full.

39. Gateway denies the allegations in paragraph 87 of the FAC.

40. Answering paragraph 88 of the FAC, Gateway admits that it acted as the lender's and Plaintiff's escrow agent and had a limited duty to follow the escrow instructions given to it by the parties. Gateway lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 88 and on that basis denies said allegations.

41. Answering paragraphs 89 to 91 of the FAC, Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in said paragraphs and on that basis denies said allegations.

42. Answering paragraph 92 of the FAC, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 91 of the FAC as if set forth in full.

43. Gateway denies the allegations in paragraph 93 through 95 of the FAC.

44. Answering paragraph 96 of the FAC, Gateway denies that it made the misrepresentations and engaged in the concealment, deceit, undue influence, coercion and other wrongful conduct as alleged. As to the remaining allegations of paragraph 96, Gateway lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis denies the allegations.

45. Gateway denies the allegations in paragraph 97 of the FAC.

46. Answering paragraph 98 of the FAC, Gateway denies that it made the misrepresentations and engaged in the concealment, deceit, undue influence, coercion and other wrongful conduct as alleged. As to the remaining allegations of paragraph 98, Gateway lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis denies the allegations.

47. Answering paragraph 99 of the FAC, Gateway denies that it was unjustly enriched as alleged. As to the remaining allegations of paragraph 99, Gateway lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis denies the allegations.

48. Gateway denies the allegations in paragraph 100 of the FAC.

49. Answering paragraph 101 of the FAC, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 100 of the FAC as if set forth in full.

50. Answering paragraphs 102 through 109 of the FAC, Gateway denies the allegations contained therein.

51. Answering paragraph 110 of the FAC, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 109 of the FAC as if set forth in full.

52. Gateway denies the allegations in paragraph 111 of the FAC.

53. Answering paragraph 112 and 113, Gateway admits that it had a limited duty to Plaintiff to follow the escrow instructions given to it by the parties. As to the remaining allegations of

paragraphs 112 through 113, Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in said paragraph and on that basis denies said allegations.

54. Gateway denies the allegations in paragraph 114 through 116 of the FAC.

## AFFIRMATIVE DEFENSES

55. As a first affirmative defense, Gateway alleges that each cause of action in the complaint fails to state a claim against Gateway upon which relief can be granted.

56. As a second affirmative defense, Gateway alleges that as a matter of law, Plaintiff has misstated the role of an escrow holder and the duties owed to Plaintiff by Gateway in the limited agency role of an escrow holder.

57. As a third affirmative defense, Gateway alleges Plaintiff's damages, if any, were the result of the acts of Plaintiff, other defendants or third parties. Any recovery by Plaintiff should be reduced or eliminated accordingly. If Gateway is found to be liable, it requests an apportionment of fault among all the parties and requests a judgment of partial indemnification of liability against all other defendants who may have caused or contributed to Plaintiff's damages, if any.

58. As a fourth affirmative defense, Gateway alleges that to rescind the transaction, Plaintiff must restore and return the monies received, to the extent that monies were paid to Plaintiff, or on Plaintiff's behalf.

59. As a fifth affirmative defense, Gateway alleges that Gateway performed all the obligations under the escrow agreement except for those obligations it was excused or prevented from performing.

60. As a sixth affirmative defense, Gateway is informed and believes and thereon alleges that Plaintiff failed to mitigate her damages, if any.

61. As a seventh affirmative defense, Gateway alleges allege that the lender is entitled to an equitable lien on the property to the extent that it caused to be paid off existing liens and encumbrances against Plaintiff's real property.

62. As a eighth affirmative defense, Gateway is informed and believes and thereon alleges that Plaintiff's damages, if any, are barred by the doctrines of waiver and estoppel.

WHEREFORE, Gateway prays as follows:

## PRAYER

1. That Plaintiff take nothing by reason of the FAC and that Gateway be dismissed from the action;

2. For costs of suit incurred, including attorney's fees; and

3. For such other and further relief as the Court may deem just and proper.


Dated: October 5, 2007                          BARDELLINI, STRAW, CAVIN & BUPP, LLP


                                                By:   /s/ Helen V. Powers
                                                      John F. Cavin
                                                      Helen V. Powers
                                                      Attorneys for Defendant
                                                      GATEWAY TITLE COMPANY

# PROOF OF SERVICE

I declare that:

I am employed in San Ramon, California. I am over the age of 18 years and not a party to this action. My business address is 2000 Crow Canyon Place, Suite 330, San Ramon, California, 94583.

On this date, I caused to be served the attached document(s) entitled:

***Nevis v. Wells Fargo Bank, et al.*/U.S. District Court Case No. C07 2568**

**ANSWER OF GATEWAY TITLE COMPANY TO FIRST AMENDED COMPLAINT**

on the following party(ies), as listed below:

| | |
|---|---|
| Paul Sitner Cohen, Esq.<br>Brooke Elizabeth Thacher, Esq.<br>Legal Aid of Marin<br>30 North San Pedro Road, Suite 220<br>San Rafael, California  94903<br>Tel:  (415) 492-0230<br>Fax:  (415) 492-0947 | Attorneys for Plaintiff<br>AUDREY McNAMARA NEVIS |
| Shirley Hochhausen, Esq.<br>Community Legal Services East Palo Alto<br>2117-B University Avenue<br>East Palo Alto, California  94303<br>Tel:  (650) 326-6440<br>Fax:  (650) 326-9722 | Attorneys for Plaintiff<br>AUDREY McNAMARA NEVIS |
| Robert F. Kane, Esq.<br>Law Offices of Robert F. Kane<br>870 Market Street, Suite 1128<br>San Francisco, California  94102<br>Tel:  (415) 982-1510<br>Fax: (415) 982-5821<br>e-mail:  Rkane1089@aol.com | Attorneys for Plaintiff<br>AUDREY McNAMARA NEVIS |
| Daniel Joseph Goulding, Esq.<br>David C. Scott, Esq.<br>McCarthy & Holthus, LLP<br>1770 Fourth Avenue<br>San Diego, California  92101<br>Tel:  (619) 685-4800, x. 236<br>Fax:  (619) 685-4810<br>e-mail:  dgoulding@mccarthy-holthus.com | Attorneys for Defendant<br>QUALITY LOAN SERVICES |

The following is the procedure in which service of this document(s) was effected:

///

///

**ANSWER OF GATEWAY TITLE COMPANY TO FIRST AMENDED COMPLAINT**
Case No. C 07 2568 MHP

1  __X__  **By Mail:** I caused such envelope to be deposited in the mail at San Ramon, California with postage thereon fully prepaid in the designated area for outgoing mail in accordance with this office's practice, whereby mail is deposited in a U.S. mailbox in Contra Costa County at the close of the business day.

_____  **By Fax:** I caused a copy of the above named documents to be transmitted via facsimile to the facsimile number of the offices of the addressee(s) as indicated above. The facsimile machine used complied with California Rule of Court §2003, and no error was reported by the facsimile machine.

_____  **By Overnight Delivery:** I caused such envelope to be transmitted by a overnight delivery service (i.e., Federal Express, UPS) to the offices of the addressee(s).

_____  **By Personal Service:** I caused such envelope to be hand delivered to the offices of the addressee(s) as indicated above.

I hereby declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 5, 2007, in San Ramon, California.

  _/s/ David Weibel_
  David Weibel

**ANSWER OF GATEWAY TITLE COMPANY TO FIRST AMENDED COMPLAINT**
Case No. C 07 2568 MHP