UNITED STATES DISTRICT COURT DRAFT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY MCNAMARA NEVIS,<br><br>   Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, EXECUTIVE FINANCIAL LENDING, INC., JOHN B. SPEAR, SHAI MOSHE, GATEWAY TITLE COMPANY, QUALITY LOAN SERVICES CORP. and DOES 1 – 100, inclusive,<br><br>   Defendants. | Case No. C 07 - 2568 MHP<br><br>**JOINT STATUS REPORT**<br><br>Date: 3/24/08<br>Time: 3:00 p.m.<br>Judge: Hon. Marilyn H. Patel<br>Courtroom: 15 |

The parties, through their respective counsel of record, have conferred in accordance with Federal Rules of Civil Procedure Rule 26(f). Counsel hereby respectfully submit the following Joint Case Management Statement and Rule 26(f) Report ("Report") reflecting the matters on which they agree and expressing their respective views concerning the issues on which they disagree.

1. **Basis of Jurisdiction:**

The parties do not dispute that this Court has jurisdiction pursuant to 28 U.S.C. Sections 1331, 1332 and 1367. Plaintiff alleges causes of action for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* Accordingly, this court has original jurisdiction under 28 U.S.C. Section 1331. This Court also has supplemental jurisdiction of claims and cross-claims under 28 U.S.C. 1367 in that the claims and cross-claims arise out of the same case or controversy. There is additional jurisdiction for the causes of action alleged by Wells Fargo Bank, N.A. ("Wells") in its cross-complaint under 12 U.S.C. Section 1332 because there is complete diversity between Wells, a National Bank with its principal place of business in Sioux Falls, South Dakota, and cross-defendants, all of whom are California residents, and Plaintiff alleges damages in excess of $75,000.

2. **Parties Contentions**

   A. **Plaintiff's Contentions**

Plaintiff Audrey McNamara is 84 years old and has lived in her home at 16 Creekside Drive in San Rafael for more than 18 years. She is a retired airline stewardess who subsists on a monthly

income of $1080 derived solely from social security. She was persuaded by an artful salesman to refinance her home in order to pay off credit card debt, was defrauded in the making of the mortgage and now stands to lose her home.

This loan which was originated by New Century, was sold to defendant Wells Fargo Bank and has apparently been resold to an unknown purchaser who is represented by its agent, Carrington Mortgage Services. In January of 2007, a Notice of Default was recorded and thereafter a foreclosure sale was set for May 2007 to be conducted by Quality Loan Services Corp. ("Quality"). Plaintiff filed this action on May 15, 2008 and this Court enjoined the pending foreclosure.

In the spring of 2006, Plaintiff was contacted, through a "cold call," by defendant Shai Moshe, a mortgage broker working for defendant Executive Financial Lending, Inc. ("Executive") whose supervising broker is defendant John B. Spear. Moshe persuaded Plaintiff he could qualify her for a "good deal" in refinancing her home and then misrepresented the terms of the loan in a "bait and switch," provided false income and other false information to the lender, New Century Mortgage Company[1], to qualify Plaintiff for an illegal and unconscionable loan as more fully set forth in the complaint. Contrary to defendants' representations the monthly payments on the new adjustable rate loan were five times the amount of Plaintiffs monthly income, carried closing costs in excess of $84,000, and is subject to a prepayment penalty of $22,000. The loan made to Plaintiff was clearly not intended to be repaid but, rather, to enrich defendant and result in the foreclosure of Ms. Nevis' home.

Defendant Gateway Title Company ("Gateway") was the escrow and closing agent for the loan in contention and failed to fulfill its statutory, fiduciary and contractual obligations to the Plaintiff when it did not carry out the escrow instructions. Similarly, Moshe, Spear and Executive had statutory, fiduciary and contractual obligations to Plaintiff which they failed to fulfill.

Plaintiff has rescinded the loan at issue pursuant to the Truth in Lending Act ("TILA"), contending that New Century failed to give her two copies of the Notice of Right to Cancel and adequate disclosure of the cost of the loan. TILA has its own rules and procedures for rescission,

---
[1] New Century is not a party to this action as it is in bankruptcy.

statutory penalties and attorney fees and gives the Court broad equitable powers to effectuate the intent of this consumer protection statute.

Plaintiff also claims defendants Moshe, Spear and Executive violated the Real Estate Settlement Procedures Act ("RESPA") by, among other things, charging excessive fees which were unrelated to the value of the services provided and taking kickbacks in the form of Yield Spread Premiums as incentives for selling customers the highest cost loans. Plaintiff seeks protection under the Welfare and Institutions Code section 15600 et seq, which provides relief from elder financial abuse and actual and punitive damages and attorney fees. In addition, Plaintiff claims defendants aided and abetted or committed unfair business practices, fraud, and negligence. Plaintiff seeks rescission and restitution with respect to the loan and disgorgement of moneys received by the defendants in connection with the loan, as well as compensatory and punitive damages and attorney fees as well as an order of the Court:

- Directing defendants Executive, Moshe and Spear to adhere to RESPA in all loans they originate and enjoining them from seeking and taking Yield Spread Premiums that are not reasonably related to the services provided; and,

- Directing defendants Wells Fargo and the current owner of the loan at issue to make reasonable inquiries regarding the bona fides of mortgages before they syndicate and/or resell mortgage instruments.

   B.   **Defendant Wells Fargo Bank, N.A.'s Contentions**

Wells is not a party to the loan entered into between plaintiff Nevis and lender New Century Mortgage Company. Defendant and cross-defendant Executive served as the mortgage broker for the loan and defendant and cross-defendant Moshe was the Executive representative for the transaction. Defendant and cross-defendant Spear is licensed by the California Department of Real Estate and is the designated officer for Executive. Wells was a stranger to the loan transaction.

On or about September 1, 2006, approximately three months after Plaintiff entered into the loan, Wells, as trustee, entered into a Pooling and Servicing Agreement with Stanwich Asset

Acceptance Company, L.L.C., as depositor, and New Century Mortgage Corporation, as servicer. In addition, on or about September 28, 2006, NC Capital Corporation ("NC Capital"), Carrington Securities, LP, as seller, and Stanwich Asset Acceptance Company, L.L.C., as purchaser, entered into a Mortgage Loan Purchase Agreement. Pursuant to the Pooling and Servicing Agreement and Mortgage Loan Purchase Agreement, Ms. Nevis's loan which is the subject of this action, together with many other mortgage loans, was sold to Stanwich Asset Acceptance Company, L.L.C and deposited into a mortgage pool comprising of a trust fund and evidenced by a single series of mortgage pass-through certificates designated as the Carrington Mortgage Loan Trust, Series 2006-NC4 Asset-Backed Pass-Through Certificates. Wells serves as trustee for the trust fund and certificateholders. Wells has no involvement with the loan in its individual capacity.

Pursuant to the terms of the Mortgage Loan Purchase Agreement, NC Capital represented and warranted, as to each mortgage loan included in the agreement and mortgage pool, among other representations, that (a) the loan is not subject to any right of rescission, set-off, counterclaim or defense, and no such rights have been asserted; (b) the loan complies with all federal, state and local laws including, without limitation, all applicable predatory and abusive lending laws, usury, truth in lending, real estate settlement procedures, consumer credit protection, equal credit opportunity, fair housing or disclosure laws; (c) the loan origination was legal, proper, prudent and customary in the mortgage origination and servicing industry; (d) the originator or an affiliate executed and delivered any and all notices required under applicable law; (e) no error, omission, misrepresentation, negligence, fraud or similar occurrence with respect to the origination took place; and (f) there is no basis to expect the loan to be an unacceptable investment.

Plaintiff received all legally required disclosure documents associated with her loan transaction. Plaintiff has not rescinded the loan and is not legally entitled to do so. The "closing costs" plaintiff alleges included payment of other debts owed by plaintiff to third-parties and cash to the plaintiff. Plaintiff has not suffered any damages, and, if she can show any damages, they would have necessarily resulted from the acts, omissions or conduct of cross-defendant Executive, Spear and/or Moshe. Accordingly, while Wells denies any liability for any damages alleged by plaintiff,

Wells, pursuant to its Cross-Complaint, seeks indemnity from Executive, Spear and Moshe for any damages proven by plaintiff and for Wells's costs and attorney's fees incurred in this action.

Principal factual and legal issues in dispute include the following:

(1) Whether plaintiff received all legally required disclosure documents;

(2) Whether plaintiff misrepresented material facts in connection with her loan;

(3) Whether Wells had any knowledge of any defects, if any there are, at the time Wells entered into the Pooling and Servicing Agreement;

(4) Whether plaintiff can assert any cause of action against Wells, who was not a party to the loan transaction;

(5) Whether the loan was made in violation of TILA or Regulation Z;

(6) Whether Wells owes any legal duties to plaintiff, including, without limitation, whether Wells owes a fiduciary duty to Plaintiff;

(7) Whether plaintiff can state a cause of action against Wells for elder abuse, including, without limitation, whether plaintiff can allege a taking of plaintiff's property with wrongful intent;

(8) Whether plaintiff can state causes of action for rescission and restitution against Wells when Wells is not the owner of the loan; and

(9) Whether there is any basis for plaintiff's claims WFB engaged in unlawful, unfair or fraudulent business practices.

C. **Defendant Gateway's Contentions**

Gateway is named in the complaint under the causes of action for breach of fiduciary duty, breach of contract, rescission, unfair business practices and negligence. Gateway, as the escrow holder, was charged with carrying out the parties' escrow instructions and fulfilled its duty by following the escrow instructions given to it. An escrow holder bears a limited agency relationship to each of the parties, and the escrow instructions given by each party constitute the full measure of the obligation owed by the escrow holder. *Blackburn v. McCoy* (1934) 1 Cal.App.2d 648, 654-655. No liability attaches to the escrow holder for the failure to do something not required by the terms of the escrow over a loss incurred while obediently following escrow instructions. *Schaefer v. Manufacturers Bank* (1980) 104 Cal.App.3d. 70, 77-78; *Hannon v. Western Title Insurance*

*Company* (1989) 211 Cal.App.3d 1122, 1127. Additionally, an escrow holder does not have a general agent's duty of disclosure and it is not required to take any action or make any disclosure absent an instruction from a party to do so. *Cunningham v. Security Title Insurance Company* (1966) 241 Cal.App.2d 626, 630-631.

The escrow holder is not required to "police" the affairs of its depositors. *Claussen v. First American Title Guaranty Co.* (1986) 186 Cal.App.3d 429, 435-436. Gateway's duties did not include the duty to protect Petitioner from the alleged fraud.

3. **Status of the Pleadings and Parties**

    A. **Plaintiff's Status Statement**

    Gateway filed a motion to dismiss which resulted in the filing of an amended complaint. Wells and Gateway have answered the complaint. A default has been entered as to Executive. Quality has been dismissed without prejudice. Spear recently retained counsel, but has not yet appeared. Moshe has not been located. Recently, Wells informed Plaintiff's counsel that the loan was securitized and sold and the new purchaser will need to be added as a party.

    B. **Defendant Wells Fargo Bank, N.A.'s Status Statement**

    Wells has filed a cross-complaint for indemnity against cross-defendants Executive, Spear and Moshe. Spear has been served, but has not yet answered. Executive may no longer be in business and Moshe has not been located. The cross-complaint has not been served on Executive or Moshe as of the date of this Report. Wells anticipates disclosures and discovery, including discovery from Spear, may lead to further information regarding Executive and/or Moshe to enable service on Executive and/or Moshe.

4. **Initial Disclosures**

    Plaintiff has serves its initial disclosure.

    WFB will serve its initial disclosures on or before April 7, 2008.

5. **Alternative Dispute Resolution**

5. **Alternative Dispute Resolution**

Recently, Carrington Mortgage Services, LLC, the agent for the loan's owner, has requested a settlement demand from Plaintiff with the understanding that the Plaintiff will give them a deed in lieu of foreclosure. Plaintiff has responded to this request with a demand dated March 4, 2008. The parties are agreeable to mediation before after the exchange of initial disclosures and before undertaking further discovery. The parties will be circulating a stipulation to have the matter referred to the Court's ADR program for mediation.

6. **Discovery and Trial Proceedings**

Since not all parties have appeared, new parties must be added and the parties have agreed to mediation before undertaking discovery, it is requested that if the matter is not resolved in mediation, the parties request that the matter be continued for a case management conference in June or July, 2008. Prior to the date of that conference, the parties shall meet and confer regarding discovery and pretrial issues and file a joint case management statement setting forth a proposed pretrial and trial schedule.

DATED: March 14, 2008

Respectfully submitted,
LAW OFFICES OF ROBERT KANE
LEGAL AID OF MARIN
COMMUNITY LEGAL SERVICES IN
EAST PALO ALTO

BY: /s/ Robert F. Kane
ROBERT F. KANE
Attorney for Plaintiff Audrey McNamara Nevis

DATED: March 14th, 2008

REED SMITH LLP

BY: /s/
David C. Powell
Heather B. Hoesterey
Attorneys for Defendant and Cross-Complainant
Wells Fargo Bank, N.A.

DOCSSFO-12508710.1

Recently, Carrington Mortgage Services, LLC, the agent for the loan's owner, has requested a settlement demand from Plaintiff with the understanding that the Plaintiff will give them a deed in lieu of foreclosure. Plaintiff has responded to this request with a demand dated March 4, 2008. The parties are agreeable to mediation before after the exchange of initial disclosures and before undertaking further discovery. The parties will be circulating a stipulation to have the matter referred to the Court's ADR program for mediation.

6. **Discovery and Trial Proceedings**

Since not all parties have appeared, new parties must be added and the parties have agreed to mediation before undertaking discovery, it is requested that if the matter is not resolved in mediation, the parties request that the matter be continued for a case management conference in June or July, 2008. Prior to the date of that conference, the parties shall meet and confer regarding discovery and pretrial issues and file a joint case management statement setting forth a proposed pretrial and trial schedule.

DATED: March ____, 2008

Respectfully submitted,
LAW OFFICES OF ROBERT KANE
LEGAL AID OF MARIN
COMMUNITY LEGAL SERVICES IN
EAST PALO ALTO
BY: _____
ROBERT F. KANE
Attorney for Plaintiff Audrey McNamara Nevis

DATED: March ____, 2008

REED SMITH LLP

BY: _____
David C. Powell
Heather B. Hoesterey
Attorneys for Defendant and Cross-Complainant
Wells Fargo Bank, N.A.

DATED: March 14, 2008

BARDELLINI, STRAW, CAVIN & BUPP, LLP

BY: _____
Helen V. Powers, Esq.
John F. Cavin, Esq.
Attorneys for Defendant
GATEWAY TITLE COMPANY

- 7 -