ROBERT KANE (CSB No. 71407)
LAW OFFICES OF ROBERT KANE
870 Market Street
San Francisco California. 94102
Tel: (415) 982-1510; Fax: (415) 982-5821
RkanE1089@aol.com

PAUL B. COHEN (CSB NO.148371)
BROOKE THATCHER (CSB NO. 228637 )
LEGAL AID OF MARIN
30 NORTH SAN PEDRO ROAD
SAN RAFAEL, CALIFORNIA 94903
Tel: (415) 492-0230; Fax: (415) 492-0947
bthacher@legalaidofmarin.org

SHIRLEY HOCHHAUSEN (CSB No. 145619)
COMMUNITY LEGAL SERVICES IN
EAST PALO ALTO
2117-B University Avenue
East Palo Alto, CA 94303
Tel: (650) 326-6440; Fax:(650) 326-9722
S_Hochhausen@hotmail.com

Attorneys for Plaintiff
AUDREY MCNAMARA NEVIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| AUDREY MCNAMARA NEVIS,<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, et al.<br><br>    Defendants. | No.: C-07-2568 MHP<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER** |

IT IS HEREBY STIPULATED, by and between the parties to the instant action who have appeared, through the respective attorneys, that the protective order as hereinafter set forth be entered:

    1.    The parties wish to provide a means of limiting use, access to and disclosure of Protected Information which has been and is produced through discovery in this lawsuit.

2.  "Protected Information" is defined for purposes of this Stipulated Protective Order as the following types of documents and information which have or will be produced by any party who has appeared or will hereafter appear:

(a)  Information that constitutes a trade secret in accordance with Cal. Civil Code § 3426.1;

(b)  Information which is non-public communications with are intended to be kept confidential and/or are protected from disclosure by statute or regulation;

(c)  Non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in prejudice or harm to the disclosing party;

(d)  Private consumer information that contains identifying, contact or private financial information; or

(e)  Information which otherwise qualifies for protection under standards developed under Federal Rule of Civil Procedure 26(c).

This Stipulated Protective Order shall apply to copies, extracts, and summaries of documents designated as Protected Information. Protected Information shall be so designated by stamping copies of the document produced with one of the following legends: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL." Any such stamp or designation shall not cover up, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document. The parties agree that all the documents produced by plaintiff in her initial disclosures and produced by defendant Gateway Title Company in its initial disclosures shall be treated as Protected Information pursuant to the terms of this Stipulated Protective Order.

3.  If any party objects to designation of materials as Protected Information, that party may initiate a meet and confer process intended to resolve the issue. If that process is not successful, the party may apply to the Court to challenge a designation made by any other party. However, the parties shall comply with this Stipulated Protective Order unless the Court orders otherwise.

4.  Nothing in this Stipulated Protective Order shall be deemed a waiver of the right of any party to designate any other information as Protected Information. If any Protected Information is inadvertently produced to a discovering party without being marked as "CONFIDENTIAL," the

party may thereafter designate such material as Protected Information and its initial failure to so mark the material shall not be deemed a waiver of its confidentiality. Until the material is designated as Protected Information by the producing party, however, the discovering party shall be entitled to treat the material as non-confidential.

5. Except as may be otherwise provided by further order of this Court, Protected Information shall be disclosed only to: (i) the parties to this lawsuit, and officers and employees of the parties; (ii) the parties' attorneys and their support staff, investigators, agents and employees; (iii) experts and consultants retained by the parties or their attorneys to assist them in the prosecution, defense or settlement of this lawsuit and their respective employees, associates or colleagues; (iv) the judiciary, its employees and its agents, including jurors involved in this lawsuit; (v) court reporters, their transcribers, assistants and employees hired to assist the parties or the judiciary in this lawsuit; (vi) witnesses at the trial of the action and deponents in this action where a party deems such dissemination is necessary for the purpose of obtaining relevant testimony; and (vii) authors, subjects and recipients of the Protected Information, (viii) employees of firms engaged by the parties for the purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation. Nothing in this Stipulated Protective Order shall prohibit disclosure of Protected Information in response to compulsory process or the process of any governmental regulatory agency. If any person subject to this Stipulated Protective Order is served with such process or receives notice of any subpoena or other discovery request seeking Protected Information, such person shall promptly (not more than three (3) working days after receipt of such process or notice) notify the designating party of such process or request, shall take all reasonable steps to refrain from producing the Protected Information in response to such process, and shall afford a reasonable opportunity for the designating party to oppose the process or to seek a protective order.

6. Individuals and entities identified above (other than jurors, the judiciary, its employees and agents) to whom documents, correspondence, materials or information are to be given, shown, made available, disclosed, or communicated in any way shall first be advised of the terms of this Stipulated Protective Order, shall agree to be bound by it, and shall agree to be subject

to the jurisdiction of the Court to which this action is pending for the purpose of proceedings relating to the performance under, compliance with, or violation of this Stipulated Protective Order.

7. (a) Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, no party may file in the public record in this action any Protected Information. Any party that seeks to file under seal any Protected Information must comply with Civil Local Rule 79-5 to seek to file or lodge in sealed envelopes or other appropriate sealed containers Protected Information labeled "CONFIDENTIAL: LODGED CONDITIONALLY UNDER SEAL PENDING COURT ORDER," with an affixed cover sheet which contains the entire case caption and a statement that the enclosed record is subject to a motion to file the enclosed record under seal.

(b) Any Court hearing which refers to or describes Protected Information shall, in the Court's discretion, be *in camera*.

(c) Any party may seek an order from the Court that any portion of its evidence at trial be taken in camera, with all related testimony and documents designated as Protected Information and placed under seal.

(d) Counsel for any deponent or party may designate specific portions of deposition testimony or exhibits as Protected Information by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his testimony are to be treated as confidential.

8. Upon the final disposition (including any appeal, writ, review or rehearing) of this action, all Protected Information furnished pursuant to the terms of this Stipulated Protective Order and all copies thereof and all notes taken from such Protected Information that are not in custody of the Court shall be destroyed by the party in possession thereof or returned to the disclosing party within forty-five (45) days of the final disposition of this action. A party who chooses to destroy the Protected Information in its possession shall provide Certification of such destruction in writing to the disclosing party within forty-five (45) days of the final disposition of this action.

Upon request of the party who made the designation, each document designated as Protected Information and filed with the Court under seal shall be retrieved, if possible, and either destroyed

by the party who filed it or returned to the party who made the designation within forty-five (45) days of the final disposition of this action. A party who chooses to destroy the retrieved documents shall provide Certification of destruction in writing to the disclosing party within forty-five (45) days of the final disposition of this action.

9. Nothing contained herein shall prevent or preclude the use of documents, correspondence, materials, or information designated as Protected Information in the prosecution or defense of this action or any of the proceedings herein, provided that the use of such Protected information is made with full and complete compliance with all provisions of this Stipulated Protective Order. However, Protected Information, including extracts, copies and summaries thereof, shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever.

10. The restrictions provided for herein shall terminate upon the return to the disclosing party or the destruction of all Protected Information disclosed pursuant to this Stipulated Protective Order.

11. This Stipulated Protective Order is subject to later modification by the Court on application of a party or on its own motion. Further, this Stipulated Protective Order is without prejudice to the right of a party to apply for an order modifying or limiting any designation of information or documents as Protected Information.

12. Neither the entry of this Order, nor the designation of any information or documents as Protected Information or failure to make such a designation, shall constitute evidence or an admission with respect to any issue in this case, and shall not constitute a waiver of any objections to the disclosure of Protected Information. Moreover, nothing in this Stipulated Protective Order shall be construed to require any party to disclose to any other party any Protected Information, or to prohibit any party from refusing to disclose Protected Information to any other party.

13. Any party who subsequently appears in this action shall be bound by this Stipulation unless they take steps to modify or revoke it as set forth above.

Dated March 28, 2008

| | |
|---|---|
| LAW OFFICES OF ROBERT F. KANE<br>LEGAL AID OF MARIN<br>COMMUNITY LEGAL SERVICES IN<br>  EAST PALO ALTO<br>Attorneys for Plaintiff<br>AUDREY MCNAMARA NEVIS | REED SMITH LLP<br>David C. Powell<br>Heather B. Hoesterey<br><br>Attorneys for Defendant<br>WELLS FARGO BANK, N.A |

BY /s/ Robert F. Kane
    ROBERT F. KANE

BY _____
    HEATHER B. HOESTEREY

BARDELLINI, STRASW, CAVIN & BUPP, LLP
John F. Cavin
Helen V. Powers
Attorneys for Defendant
GATEWAY TITLE COMPANY

BY _____
    HELEN V. POWERS

## ORDER

IT IS SO ORDERED.

Dated: _____

_____
JUDGE OF THE U.S. DISTRICT COURT

1  Dated March 28, 2008

2  LAW OFFICES OF ROBERT F. KANE            REED SMITH LLP
   LEGAL AID OF MARIN                       David C. Powell
3  COMMUNITY LEGAL SERVICES IN              Heather B. Hoesterey
    EAST PALO ALTO
4  Attorneys for Plaintiff                  Attorneys for Defendant
   AUDREY MCNAMARA NEVIS                    WELLS FARGO BANK, N.A
5

6
   BY_____                 BY_____
7     ROBERT F. KANE                           HEATHER B. HOESTEREY

8
   BARDELLINI, STRASW, CAVIN & BUPP, LLP
9  John F. Cavin
   Helen V. Powers
10 Attorneys for Defendant
   GATEWAY TITLE COMPANY
11

12 BY_____
13    HELEN V. POWERS

14

15

16                               ORDER

17       IT IS SO ORDERED.

18

19 Dated: _____        _____
20                                      JUDGE OF THE U.S. DISTRICT COURT

1 | Dated March 28, 2008

2 | LAW OFFICES OF ROBERT F. KANE          REED SMITH LLP
    LEGAL AID OF MARIN                    David C. Powell
3 | COMMUNITY LEGAL SERVICES IN           Heather B. Hoesterey
     EAST PALO ALTO
4 | Attorneys for Plaintiff               Attorneys for Defendant
    AUDREY MCNAMARA NEVIS                 WELLS FARGO BANK, N.A

6 | BY_____              BY_____
7 |    ROBERT F. KANE                          HEATHER B. HOESTEREY

8 | BARDELLINI, STRASW, CAVIN & BUPP, LLP
9 | John F. Cavin
    Helen V. Powers
10 | Attorneys for Defendant
    GATEWAY TITLE COMPANY

12 | BY _/s/ John F. Cavin_____
13 |    JOHN F. CAVIN

15 |                                      ORDER

16 |    IT IS SO ORDERED.

18 | Dated: _____        _____
                                          JUDGE OF THE U.S. DISTRICT COURT