1  Robert A. Clinco   SB# 35585
2  821 Appelby Street
   Venice, CA   90291
3   (310) 396-6251  voice
   (310) 564-2027  FAX
4  Robert@ClincoLaw.com

5  Attorney for Defendant, JOHN B. SPEAR

6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10
   AUDREY McNAMARA NEVIS                     ) Case No.  C -07-2568 MHP
11                                           )
                              Plaintiff      ) COUNTER CLAIM
12                                           )        FOR
                                             )  ABUSE OF PROCESS
13                      v.                   )  BREACH OF CONTRACT
                                             )  MISREPRESENTATION
14  WELLS FARGO BANK, EXECUTIVE FINANCIAL    )  ATTORNEYS FEES
    LENDING, INC.,  JOHN B. SPEAR, SHAI MOSHE,)
15  GATEWAY TITLE COMPANY, QUALITY LOAN      )
        SERVICES CORP.                       )
16  DOES 1 through 100, inclusive            )
                                             )
17  _____Defendants___ )
                                             )
18  WELLS FARGO BANK, N.A.                    )
                                             )
19                   Cross complainant       )
                                             )
20                      v.                   )
                                             )
21  EXECUTIVE FINANCIAL LENDING, INC., a California )
      Corporation, JOHN B. SPEAR, an individual,    )
22  SHAI MOSHE, also known as EDISON MOSHE,  )
          an individual                      )
23                                           )
                                             )
24  _____Cross defendants_____ )
                                             )
25

JOHN B. SPEAR, an individual )
)
           Counter Claimant )
)
        v. )
)
AUDREY McNAMARA NEVIS, )
WELLS FARGO BANK )
SHAI MOSHE )
)
          Counter Defendants )

Counter claimant, JOHN B. SPEAR, alleges as follows:

PARTIES

1.      Counter Claimant, JOHN B. SPEAR, [SPEAR] is an individual, licensed by the State of California as a real estate broker and was the broker of record for EXECUTIVE FINANCIAL LENDING, INC.

2.      Counter Defendant, AUDREY McNAMARA NEVIS, [NEVIS] is an individual, who is also the plaintiff in the above entitled action.

3.      Counter Defendant, WELLS FARGO BANK, N.A., [WELLS FARGO] is a banking company, organized and existing pursuant to the laws of one of the states of the United States, and is the  Cross Complainant herein.

4.      Counter Claimant is informed and believes and therefore alleges that Counter Defendant, WELLS FARGO BANK, N.A., is the trustee of a mortgage pool which includes, as one of its assets, the loan made to Counter defendant, AUDREY NEVIS.

5.      Executive Financial Lending, Inc., [Executive]  is a corporation, licensed as a mortgage broker by the State of California.  Executive has ceased to do business.

6.      Counter Defendant, SHAI MOSHE, is an individual, formerly an employee of

Executive Financial Lending, Inc..

GENERAL ALLEGATIONS

7    The only connection between Counter Claimant SPEAR and the claims made by Counter Defendant NEVIS is that Counter Claimant was the broker of record for Executive.  No claim is made by Counter Defendant NEVIS that Counter Claimant SPEAR had any direct contact with or made any representations to Counter Defendant NEVIS.

8.    Counter Claimant is informed and believes and therefore alleges that in May 2006, Executive became aware that Counter Defendant NEVIS was seeking to refinance her home located at 16 Creekside Drive, San Rafael, California  94903, [the Property].

9.    Counter Claimant is informed and believes, and therefore alleges that Counter Defendant SHAI MOSHE contacted Counter Defendant NEVIS to offer to assist her in obtaining a refinancing of her property.

10.    Counter Defendant NEVIS alleges that the representations by Executive and Counter Defendant SHAI MOSHE are:

(a)    that Executive  could obtain a no cost loan for her;

(b)    that the monthly payments on a loan obtained by Executive would be significantly lower than her prior payments;

(c)    that her existing debts would be paid off;

(d)    that a loan would provide cash to Cross Defendant NEVIS  to allow her to make payments on the loan; and

(e)    that the loan which would be arranged by Executive would be at a fixed rate of interest.

11.    Counter Claimant alleges that, with regard to any alleged reliance on the alleged

representations, Counter Defendant's only action was to complete a loan application and deliver it to Executive to be submitted to the third party lender.

12.    Counter Claimant is informed and believes and therefore alleges that at all times relevant hereto, Executive  and Counter Defendant SHAI MOSHE represented to Counter Defendant NEVIS  that the function of Executive as to obtain a loan application and submit it to a third party lender.

13.    Executive was not, and did not represent itself as being, a lender, was not licensed as a lender, and was not the entity that would make a loan if any loan were to be made.

14    Counter Claimant is informed and believes, and therefore alleges, that at the time Counter Defendant SHAI MOSHE contacted Counter Defendant NEVIS,  the property was encumbered with a loan from Washington Mutual with a balance of $745,768 and a monthly payment of $4,730.

15.    Counter Claimant is informed and believes and therefore alleges that Counter Defendant NEVIS had refinanced the property on a number of prior occasions, a credit report identifying the loans and lenders, on the property, since May 1996, as follows:

| May 1996 – August 1997 | World Savings | $220,000 |
| August 1997 to January 1999 | World Savings | $258,000 |
| January 1999 to January 2000 | World Savings | $295,000 |
| February 2000 to March 2001 | World Savings | $353,000 |
| March 2001 to May 2002 | World Savings | $410,000 |
| June 2002 to June 2003 | World Savings | $453,000 |
| September 2004 to May 2005 | World Savings | $643,000 |
| August 2005 to April 2006 | Washington Mutual | $745,768 |

16.     Based on the allegations of Counter Defendant NEVIS in this action, Counter Claimant is informed and believes and therefore alleges that at the time Counter Defendant NEVIS was contacted by Counter Defendant SHAI MOSHE, her income was only from Social Security and was for $1,050 per month.

17.     Based on the allegations of Counter Defendant NEVIS in this action, Counter Claimant is informed and believes and therefore alleges that prior to being contacted by Counter Defendant SHAI MOSHE, Counter Defendant NEVIS "was concerned about meeting her financial obligations" and "had been unable to refinance recently and that she had been turned down by other lenders."

18.     Counter Claimant is informed and believes and therefore alleges that as of May 2006, Counter Defendant NEVIS had little or no liquid assets from which to make the payments on the property to Washington Mutual and no income other than her Social Security income of $1,050.

19.     If, as claimed by Counter Defendant NEVIS, her only income in fact was her social security payment of $1,050, Counter Defendant NEVIS' income was insufficient to make the payments to  Washington Mutual.

20.     Based on the allegations by Counter Defendant NEVIS, prior to her contact with Counter Defendant SHAI MOSHE, the source of funds to pay the loan from Washington Mutual was the cash received from Washington Mutual at that time that loan was made.

21.     Counter Claimant is informed and believes and therefore alleges that, based on the information available, if Counter Defendant NEVIS  was unable to refinance the property and obtain a sum of cash from that refinance, she would be unable to make the payments to Washington Mutual as they came due and that, as a result thereof, within the foreseeable future,

she would default on her obligation to Washington Mutual and a Notice of Default would be filed by Washington Mutual to commence the foreclosure against Counter Defendant NEVIS based on her failure to make the monthly payments as agreed.

22.    Counter Claimant is informed and believes and therefore alleges that, based on the pattern of loans identified above together with the amounts of additional money obtained with each loan, Counter Defendant had been, since at least 1996, refinancing her home to obtain funds necessary to make the monthly payments necessary to retain the property.

23.    Counter Defendant NEVIS provided Executive with the information necessary to produce a loan application and provided authorization to allow a lender to verify "my past and present employment, earnings records, bank accounts, stock holdings, and any other asset balances that are needed to process my mortgage loan application" and "order a consumer credit report and verify other credit information…."

24.    Pursuant to the information produced by Counter Defendant NEVIS, a loan application was prepared by Executive, submitted to and signed by Counter Defendant NEVIS, and returned to Executive to be sent to a lender to be considered for a loan.

25.    Counter Claimant alleges that Counter Defendant NEVIS knew that the loan application she signed and returned to Executive was to be submitted to a lender in order to obtain a loan.

26.    Counter Claimant alleges that Counter Defendant NEVIS knew that to prevent the loss of her property to a lender for her failure to be able to make the mortgage payments on her current loan, Counter Defendant NEVIS needed a new loan and Counter Defendant NEVIS knew that she had been denied loans from other lenders.

27.    Counter Claimant alleges that the reason that Counter Defendant NEVIS knew

that the reason she was denied loans from other lenders was that her income, solely from social security, was insufficient to pay the monthly payments on such a loan.

28.    Counter Claimant alleges that if there were any incorrect representations in the loan application signed by Counter Defendant NEVIS and returned to Executive to be given to a lender, Counter Defendant NEVIS knew of such incorrect representations and with that knowledge, submitted the loan application intending that the representations contained in the loan application be accepted by the lender as true.

29    Counter Claimant alleges that the completed application which was submitted to Counter Defendant NEVIS contained as part of the application, a page entitled "Good Faith Estimate" which detailed the proposed loan, costs, and proceeds, disclosing thereon the anticipated costs and disbursements of the anticipated loan.

30.    Counter Claimant alleges that once the loan application and associated documentation was submitted by Executive to New Century Mortgage Corporation, Executive was no longer actively involved in the loan investigation process and was not involved in the decision to make or refuse the loan, and that thereafter, all contact and communication with Counter Defendant NEVIS was between her and the lender, New Century Mortgage Corporation.

31.    Counter Claimant alleges that once New Century Mortgage Corporation received the complete loan package, it  was in contact with Counter Defendant NEVIS, and that all discussions and representations with regard to the terms of the loan were between Counter Defendant NEVIS and New Century Mortgage Corporation and not with Executive.

32.    Counter Claimant is informed and believes and therefore alleges that at the time the loan application was submitted to New Century Mortgage Corporation, Counter Defendant NEVIS was sent all of the required notices and disclosures  pursuant to TILA and Regulation Z.

33.    Counter Claimant is informed and believes and therefore alleges that New Century Mortgage granted a loan to Counter Defendant NEVIS in the sum of approximately $880,000.

34.    Counter Claimant is informed and believes and therefore alleges that the documentation by which the loan from New Century Mortgage Corporation was granted was presented to Counter Defendant NEVIS for signature by a notary public retained by New Century Mortgage Corporation for the purpose.

35.    Counter Claimant is informed and believes and therefore alleges that at the time Counter Defendant NEVIS executed the loan documentation for the New Century Mortgage Corporation loan in the presence of the notary public, she was given a complete set of all such documentation by the notary public.

36.    Counter Claimant is informed and believes and therefore alleges that as a result of that loan Counter Defendant NEVIS received the proceeds of the loan which included, at least $20,000 in cash.

37.    Counter Claimant is informed and believes and therefore alleges that, on a date unknown but subsequent to the receipt of the proceeds of the loan and prior to the filing of the instant action, Counter Defendant NEVIS defaulted in payments on the loan granted by New Century Mortgage Corporation.

38.    Counter Claimant is informed and believes and therefore alleges that as a result of the default of Counter Defendant NEVIS to pay the monthly payments required by the loan from New Century Mortgage Corporation, a Notice of Foreclosure was recorded.

39.    Counter Claimant is informed and believes and therefore alleges that to prevent the foreclosure on her real property, Counter Defendant NEVIS filed the instant action.

FIRST CLAIM FOR RELIEF

(Abuse of Process)

(Counter Defendant AUDREY McNAMARA NEVIS)

40.     Counter Claimant repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 as though set forth herein in full.

41.     Counter Claimant alleges that the representations alleged by Cross Defendant NEVIS in paragraph 10, if made by Executive and Counter Defendant SHAI MOSHE, are all representations as to future events in as much as they refer to the terms which would be included in a loan to be granted in the future rather than being representations as to present or past facts and are, therefore, not actionable representations of fact.

42.     The allegations of the complaint in this case improperly connect all of the defendants to actions taken independently by various defendants.

43.     Because Counter Claimant SPEAR is connected to this matter only as the broker of record for Executive, as a matter of law, Counter Claimant has no direct or indirect liability to Counter Defendant NEVIS regardless of the existence of any alleged improper act by Executive.

44.     If Counter Defendant SHAI MOSHE, an employee of Executive, acted beyond the course and scope of his employment, and against the express and explicit directions of Executive, and made or facilitated making an misrepresentations by Counter Defendant NEVIS, Executive and Counter Claimant SPEAR are not liable for such representations.

45.     Counter Claimant alleges that Counter Defendant NEVIS combined all of the named defendants together, not withstanding the separate nature of their involvements in this matter, in order to include Counter Claimant as a defendant without any factual justification and, by doing so, has misused the power of the court and the process of the court for a purpose for

which it was not designed or intended.

46.    Counter Claimant is informed and believes and therefore alleges fact that inclusion of Counter Claimant as a defendant in the action was done with an ulterior motive by Counter Defendant NEVIS and constitutes the willful use of the process of the court to bring Counter Claimant into this action.

47.    The inclusion of Counter Claimant SPEAR as a defendant in the action brought by Counter Defendant NEVIS constitutes an abuse of process, based on the fact that inclusion of Counter Claimant as a defendant in the action was done with an ulterior motive by Counter Defendant NEVIS and constitutes the willful use of the process of the court.

48.    As a result of the inclusion of Counter Claimant SPEAR in this matter, Counter Claimant is entitled to recover his attorneys fees and costs.

49.    As a result of the abuse of process, Counter Claimant has been damaged in an amount to be established at time of trial.

SECOND CLAIM FOR RELIEF

(Abuse of Process)

(Counter Defendant AUDREY McNAMARA NEVIS)

50.    Counter Claimant repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 as though set forth herein in full.

51.    Counter Claimant alleges that the terms of any loan which might be offered to Counter Defendant NEVIS were to be offered by a third party, New Century Mortgage Corporation, and not by Executive.

52.    Counter Claimant alleges that the representations alleged by Cross Defendant NEVIS in paragraph 10, if made by Executive and Counter Defendant SHAI MOSHE, are all

representations as to the terms of a loan to be provided by a third party, New Century Mortgage Corporation, the lender, and are, therefore, not actionable representations of fact.

53.    The allegations of the complaint in this case improperly connect all of the defendants to actions taken independently by various defendants.

54.    Because Counter Claimant SPEAR is connected to this matter only as the broker of record for Executive, the only alleged liability of Counter Claimant SPEAR is the result of an alleged improper act by Executive and not by any allegedly improper actions by any of the other defendants.

55.    Counter Claimant alleges that Counter Defendant NEVIS combined all of the named defendants together, not withstanding the separate nature of their involvements in this matter, in order to include Counter Claimant as a defendant without any factual justification and, by doing so, has misused the power of the court and the process of the court for a purpose for which it was not designed or intended.

56.    Counter Claimant is informed and believes and therefore alleges fact that inclusion of Counter Claimant as a defendant in the action was done with an ulterior motive by Counter Defendant NEVIS and constitutes the willful use of the process of the court to bring Counter Claimant into this action.

57.    The inclusion of Counter Claimant SPEAR as a defendant in the action brought by Counter Defendant NEVIS constitutes an abuse of process, based on the fact that inclusion of Counter Claimant as a defendant in the action was done with an ulterior motive by Counter Defendant NEVIS and constitutes the willful use of the process of the court.

58.    As a result of the inclusion of Counter Claimant SPEAR in this matter, Counter Claimant is entitled to recover his attorneys fees and costs.

59.     As a result of the abuse of process, Counter Claimant has been damaged in an amount to be established at time of trial.

THIRD CLAIM FOR RELIEF

(Abuse of Process)

(Counter Defendant AUDREY McNAMARA NEVIS)

60.     Counter Claimant repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 as though set forth herein in full.

61.     Counter Claimant alleges that Counter Defendant NEVIS has not suffered any damages as a result of any claims against any parties with reference to the loan received from New Century Mortgage Corporation because, absent that loan, Counter Claimant is informed and believes and therefore alleges that Counter Defendant NEVIS  did not have sufficient funds to make payments to her lender at the time of this loan, Washington Mutual, and as a result, upon default, Washington Mutual would eventually filed a Notice of Default and commenced foreclosure proceedings on the property.

62.     Counter Claimant alleges that Counter Defendant NEVIS filed this action, claiming fraud, solely to obtain an injunction to prevent the foreclosure on her residence.

63.     Counter Claimant is informed and believes and thereupon alleges that the pending foreclosure was based on the inability of Counter Defendant NEVIS to make the payments due to the lender, the assignee herein of New Century Mortgage Corporation, which resulted from the fact that Counter Defendant did not have sufficient income to pay the payments.

64.     Counter Claimant is informed and believes and thereupon alleges that in  the absence of the loan to Counter Defendant NEVIS from New Century Mortgage Corporation, she would not have been able to pay the payments due to her previous lender, Washington Mutual.

65.     Counter Claimant is informed and believes and therefore alleges that Counter Defendant NEVIS knowingly participated in all representations made to the lender, New Century Mortgage Corporation, including any misrepresentations, in order to secure a loan and prevent the loss of her property to Washington Mutual for failure to make the payments as they became due.

66.     Counter Defendant NEVIS initiated this action in an effort to take advantage of her own misrepresentations to New Century Mortgage Corporation and, by including Counter Claimant as a defendant, committed an act constituting an abuse of process with regard to Counter Claimant SPEAR.

67.     As a result of the inclusion of Counter Claimant SPEAR in this matter, Counter Claimant is entitled to recover his attorneys fees and costs.

68.     As a result of the abuse of process, Counter Claimant has been damaged in an amount to be established at time of trial.

FOURTH CLAIM FOR RELIEF

(Abuse of Process)

(Counter Defendant AUDREY McNAMARA NEVIS)

69.     Counter Claimant repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 as though set forth herein in full.

70.     Because Counter Claimant SPEAR did not have any direct or indirect responsibility to Counter Defendant NEVIS, Counter Claimant SPEAR did not have an obligation to provide Counter Defendant NEVIS with any disclosures or notices as alleged.

71.     By failing to allege separately the responsibilities of the defendants in her action, Counter Defendant NEVIS willfully acted to use the process of the court in an improper way in order to include Counter Defendant SPEAR in this action, based on his relationship to Executive.

72.     Counter Claimant is informed and believes and therefore alleges that the creation of pleadings which improperly combined the alleged actions of all defendants was done with the ulterior purpose of attempting to force a resolution of Counter Defendant NEVIS's claims by increasing the number of defendants to create an economic incentive for each to contribute to a settlement.

73.     The act of filing an action and including individuals for the purpose of creating an economic incentive for each defendant to contribute to a settlement, based on the fact that such defendants would have to pay substantial costs to defend themselves, had little or no ability to counter sue for damages and little or no ability to recover any such damages from plaintiff in the event of success by said defendants, constitutes an abuse of the process of the court.

74.     The failure to separately charge the defendants with the actions which involve them and to combine all defendants into a single claim was done with an ulterior motive and constitutes a willful act constituting an improper use of the court process, constituting an abuse of process.

75.     As a result of the inclusion of Counter Claimant SPEAR in this matter, Counter Claimant is entitled to recover his attorneys fees and costs.

76.     As a result of the abuse of process, Counter Claimant has been damaged in an amount to be established at time of trial.

FIFTH CLAIM FOR RELIEF

(Breach of Contract)

(Counter Defendant WELLS FARGO BANK)

77.     Counter Claimant repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 as though set forth herein in full.

78.     Counter Claimant is informed and believes and therefore alleges that the loan made by New Century Mortgage Corporation to Counter Defendant NEVIS was assigned to a mortgage pool of which Counter Defendant WELLS FARGO BANK is the trustee.

79.     As the trustee for the assignee of this loan, Counter Defendant WELLS FARGO BANK  is chargeable with any failure by its assignor, New Century Mortgage Corporation, to perform its duties in making the loan.

80.     Counter Claimant is informed and believes and therefore alleges that Executive, for which Counter Claimant served as broker of record, entered into an agreement with New Century Mortgage Corporation pursuant to which Executive agreed to submit applications for loans and New Century Mortgage Corporation agreed that, upon receiving an application for a loan, it would

> (a)     check the loan application for completeness;
>
> (b)     check and verify the prospective borrower's income;
>
> (c)     check the information provided by a credit report on the prospective borrower;
>
> (d)     check the prospective borrower's employment;
>
> (e)     check the prospective borrower's prior loan history;

(f)    make an independent determination of the prospective borrower's ability to pay the monthly payments;

(g)    order an appraisal of the real property offered as security;

(h)    order a title report to check on liens, tax issues, and other creditors of record.

(i)    based on its investigation of the credit worthiness of the prospective borrower, independently make a decision to extend a loan or reject the application and not extend any loan.

81.    Counter Claimant is informed and believes and therefore alleges that New Century Mortgage Corporation breached its agreement with Counter Claimant by failing to perform some or all of the agreed upon investigatory steps set forth in paragraph 80.

82.    Counter Claimant is informed and believes and therefore alleges that New Century Mortgage Corporation made it own independent decision to make a loan to Counter Defendant NEVIS, based on whatever investigation it did in accordance with its agreement with Executive and its broker of record, Counter Claimant SPEAR.

83.    Counter Claimant is informed and believes and therefore alleges that if  Counter Defendant WELLS FARGO's assignor, New Century Mortgage Corporation, had performed its responsibilities in accordance with the agreement with Counter Defendant EXECUTIVE any questions related to the information on the loan application should have been resolved prior to making a loan.

84.    Counter Claimant alleges that  Counter Defendant WELLS FARGO BANK, is solely chargeable, as assignee, with the effect of any independent decision by New Century Mortgage Corporation to extend a loan to Counter Defendant NEVIS..

85.    The failure of Counter Defendant WELLS FARGO's assignor, New Century Mortgage Corporation, to properly investigate the loan application information provided by Counter Defendant NEVIS constitutes a breach of that agreement.

86.    Counter Defendant, WELLS FARGO BANK, as the trustee for the assignee of this loan, is chargeable with any breach in the agreement between its assignor, New Century Mortgage Corporation and New Century Mortgage Corporation and its broker of record, Counter Claimant SPEAR.

87.    As a result of the inclusion of Counter Claimant SPEAR in this matter, Counter Claimant is entitled to recover his attorneys fees and costs.

88.    As a result of the breach of contract by New Century Mortgage Corporation, assignor to the mortgage pool which is controlled by Counter Defendant  WELLS FARGO as trustee, and which Counter Defendant WELLS FARGO, as trustee is responsible, caused damages to Counter Claimant in an amount to be determined at trial.

SIXTH CLAIM FOR RELIEF

(Breach of Contract)

(Counter Defendant SHAI MOSHE)

89.    Counter Claimant repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 as though set forth herein in full.

90.    As an employee of Executive, Counter Defendant SHAI MOSHE entered into a contractual agreement with Executive to:

      (a)    transact the  business performed by Executive in an ethical manner;

      (b)    responsibly and properly prepare loan applications all loans sought by clients of Executive;

(c)    comply with the Department of Real Estate guidelines.

91.    The agreement between Counter Defendant SHAI MOSHE and Executive, as set forth above, were for the proper handling of loan applications and for the protection of both Executive and its broker of record, Counter Claimant SPEAR.

92.    To the degree that any of the claims by Counter Defendant NEVIS with regard to false information being placed in the loan application by Counter Defendant SHAI MOSHE, as the employee of Executive who handled the loan application for Counter Defendant NEVIS, are found to be true and that any such actions are found to be within the course and scope of Counter Defendant SHAI MOSHE as an employee of Executive, said findings will constitute a breach of the contract between Counter Defendant SHAI MOSHE and Executive and its broker of record, Counter Claimant SPEAR.

93.    As a result of the inclusion of Counter Claimant SPEAR in this matter, Counter Claimant is entitled to recover his attorneys fees and costs.

94.    As a result of any breach of the contract between Counter Claimant and Counter Defendant SHAI MOSHE, Counter Claimant will suffer damages in an amount to be determined at trial.

SEVENTH CLAIM FOR RELIEF

(Misrepresentation)

(Counter Defendant SHAI MOSHE)

95.    Counter Claimant repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 as though set forth herein in full.

96.    As an employee of Executive, Counter Defendant SHAI MOSHE represented that he would, at all times and with regard to all loan applications handled on behalf of his employer:

(a)    transact the business performed by Executive in an ethical manner;

(b)    responsibly and properly prepare loan applications all loans sought by clients of Executive;

(c)    comply with the Department of Real Estate guidelines.

97.    The employment agreement between Counter Defendant SHAI MOSHE and Executive, was based on the representations by Counter Defendant SHAI MOSHE, that he would follow these conditions and requirements for the proper handling of loan applications and for the protection of both Executive and its broker of record, Counter Claimant SPEAR.

98.    In reliance on the representation by Counter Defendant SHAI MOSHE that he would follow the above conditions and requirements, he was hired by Executive and given authority to take and process loan applications on behalf of Executive and its broker of record, Counter Claimant SPEAR.

99.    To the degree that any of the claims by Counter Defendant NEVIS with regard to false information being placed in the loan application by Counter Defendant SHAI MOSHE, a the employee of Executive who handled the loan application for Counter Defendant NEVIS, are found to be true and that any such actions are found to be within the course and scope of Counter Defendant SHAI MOSHE as an employee of Executive, said findings will constitute a finding that the representation by Counter Defendant SHAI MOSHE that he would follow the requirements of his employment in taking and processing loan applications was false.

100.    To the degree that Counter Defendant NEVIS is successful in establishing any damages against Executive and its broker of record, Counter Claimant SPEAR, Executive and its broker of record, Counter Claimant SPEAR will suffer damages.

101.    As a result of the inclusion of Counter Claimant SPEAR in this matter, Counter

Claimant is entitled to recover his attorneys fees and costs.

102.     As a result of any breach of the contract between Counter Claimant and Counter Defendant SHAI MOSHE, Counter Claimant will suffer damages in an amount to be determined at trial.

WHEREFORE, Counter Claimant prays judgment:

1.     Against Counter Defendant NEVIS in an amount to be determined at trial;

2.     Against Counter Defendant WELLS FARGO BANK   in an amount to be determined at trial.

3.     Against Counter Defendant SHAI MOSHE in an amount to be determined at trial.

4.     For attorneys fees as determined by the court

5.     For costs of suit incurred.

6.     For such other and further relief as the court deems just and proper.

Dated:  June 20.  2008

_____
Robert A. Clinco, Attorney for Defendant
John B. Spear