Robert A. Clinco   SB# 35585
821 Appelby Street
Venice, CA  90291
  (310) 396-6251  voice
(310) 564-2027  FAX
Robert@ClincoLaw.com

Attorney for Defendant, JOHN B. SPEAR

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY McNAMARA NEVIS | ) Case No.  C -07-2568 MHP |
| | ) |
| Plaintiff | ) ANSWER TO FIRST AMENDED |
| | ) COMPLAINT FOR INJUNCTIVE |
| v. | ) RELIEF, RESCISSION, |
| | ) RESITUTION, DAMAGES, |
| WELLS FARGO BANK, et.al | ) PUNITIVE DAMAGES, AND |
| | ) ATTORNEY FEES |
| Defendants | ) |
| | ) |
| WELLS FARGO BANK, N.A. | ) |
| | ) |
| Cross complainant | ) |
| | ) |
| v. | ) |
| | ) |
| EXECUTIVE FINANCIAL LENDING, INC., et. al. | ) |
| | ) |
| Cross defendants | ) |

Defendant, JOHN B. SPEAR, for himself and none other, answers the First Amended Complaint by admitting, denying, and alleging as follows:

## INTRODUCTION

1.      In answer to the allegations contained in paragraph 1 of the Introduction of the

---

First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and based thereon, denies, both generally and specifically, each and every allegation contained therein, and specifically denies that defendant was involved in any activity direct toward or involving plaintiff at all and that defendant did not engage in any fraudulent, deceptive, and/or negligent acts and practices whatsoever.

2.     In answer to the allegations contained in paragraph 2 of the Introduction of the First Amended Complaint, defendant denies, both generally and specifically, each and every allegation therein and answering defendant denies, both generally and specifically that defendant is involved in any way in any action to foreclose on plaintiff's real property and/or any foreclosure sale of plaintiff's real property.  Defendant lacks information or belief sufficient to admit or deny the allegations relating to plaintiff's claim for $80,000 in costs, fees, and interest and, based thereon, denies, both generally and specifically, said allegation.  Defendant denies, both generally and specifically, that defendant was involved in any exploitive and/or illegal home loan made by plaintiff.

3.     In answer to the allegations contained in paragraph 3 of the Introduction of the First Amended Complaint, defendant lacks information or belief sufficient to admit or deny any of the allegations set forth there in and based thereon, denies, both generally and specifically, each and every allegation contained therein.

4.      In answer to the allegations contained in paragraph 4 of the Introduction of the First Amended Complaint, defendant lacks information or belief sufficient to admit or deny any of the allegations set forth there in and based thereon, denies, both generally and specifically, each and every allegation contained therein.

5.     In answer to the allegations contained in paragraph 5 of the Introduction of the

First Amended Complaint, defendant lacks information or belief sufficient to admit or deny any of the allegations set forth there in and based thereon, denies, both generally and specifically, each and every allegation contained therein.

6.      In answer to the allegations contained in paragraph 6 of the Introduction of the First Amended Complaint, defendant lacks information or belief sufficient to admit or deny any of the allegations set forth there in and based thereon, denies, both generally and specifically, each and every allegation contained therein.

7.      In answer to the allegations contained in paragraph 7 of the Introduction of the First Amended Complaint, defendant lacks information or belief sufficient to admit or deny any of the allegations set forth there in and based thereon, denies, both generally and specifically, each and every allegation contained therein.

8.      In answer to the allegations contained in paragraph 8 of the Introduction of the First Amended Complaint, defendant denies, both generally and specifically, each and every allegation contained therein and specifically denies that defendant was aware of any investigation pertaining to defendant or received any communication by telephone from Plaintiff's counsel on any matter, including that alleged, whatsoever.

9.      In answer to the allegations contained in paragraph 9 of the Introduction of the First Amended Complaint, defendant lacks information or belief sufficient to admit or deny any of the allegations set forth there in and based thereon, denies, both generally and specifically, each and every allegation contained therein.

JURISDICTION AND VENUE

10.      In answer to the allegations contained in paragraph 10 of the section of the First Amended Complaint captioned JURISDICTION AND VENUE, defendant denies, both

generally and specifically, each and every allegation contained therein and specifically denies that this defendant regularly does business in the Northern District of California and therefore denies that this Court has personal jurisdiction over this defendant based on said allegation.

11.     In answer to the allegations contained in paragraph 11 of the section of the First Amended Complaint captioned JURISDICTION AND VENUE, defendant denies, lacks information or belief sufficient to admit or deny the allegations contained therein and based thereon, denies, both generally and specifically, each and every allegation contained therein.

12.     In answer to the allegations contained in paragraph 12 of the section of the First Amended Complaint captioned JURISDICTION AND VENUE, defendant denies, lacks information or belief sufficient to admit or deny the allegations contained therein and based thereon, denies, both generally and specifically, each and every allegation contained therein and specifically denies that defendant made any loan contract with plaintiff in the Northern District of California or anywhere else.

PARTIES

13.     In answer to the allegations contained in paragraph 13 of the section of the First Amended Complaint captioned PARTIES, defendant denies, lacks information or belief sufficient to admit or deny the allegations contained therein and based thereon, denies, both generally and specifically, each and every allegation contained therein.

14.     In answer to the allegations contained in paragraph 14 of the section of the First Amended Complaint captioned PARTIES, defendant denies, lacks information or belief sufficient to admit or deny the allegations contained therein and based thereon, denies, both generally and specifically, each and every allegation contained therein.

15.     In answer to the allegations contained in paragraph 15 of the section of the First

Amended Complaint captioned PARTIES, defendant denies, lacks information or belief sufficient to admit or deny the allegations contained therein and based thereon, denies, both generally and specifically, each and every allegation contained therein.

16.    In answer to the allegations contained in paragraph 16 of the section of the First Amended Complaint captioned PARTIES, defendant admits that defendant Executive Financial Lending, Inc. was a California corporation, admitted and licensed to broker mortgage loans under license number 01520578 issued by the California Department of Real Estate ("DRE") with a principal place of business in Sherman Oaks, California.  Except as specifically so admitted, defendant lacks information or belief sufficient to admit or deny the allegations contained therein and based thereon, denies, both generally and specifically, each and every allegation contained therein.

17.    In answer to the allegations contained in paragraph 17 of the section of the First Amended Complaint captioned PARTIES, defendant admits the allegations contained therein.

18.    In answer to the allegations contained in paragraph 18 of the section of the First Amended Complaint captioned PARTIES, defendant admits that defendant Shai Moshe was at all relevant times an employee of Executive and, except as specifically admitted herein, defendant lacks information or belief sufficient to admit or deny the allegations contained therein and based thereon, denies, both generally and specifically, each and every allegation contained therein.

19.    In answer to the allegations contained in paragraph 19 of the section of the First Amended Complaint captioned PARTIES, defendant denies, lacks information or belief sufficient to admit or deny the allegations contained therein and based thereon, denies, both generally and specifically, each and every allegation contained therein.

20.     In answer to the allegations contained in paragraph 20 of the section of the First Amended Complaint captioned PARTIES, defendant denies, lacks information or belief sufficient to admit or deny the allegations contained therein and based thereon, denies, both generally and specifically, each and every allegation contained therein.

21.     In answer to the allegations contained in paragraph 21 of the section of the First Amended Complaint captioned PARTIES, defendant denies, lacks information or belief sufficient to admit or deny the allegations contained therein and based thereon, denies, both generally and specifically, each and every allegation contained therein.

22.     In answer to the allegations contained in paragraph 22 of the section of the First Amended Complaint captioned PARTIES, except as admitted in paragraph 17 hereinabove, defendant denies, both generally and specifically, that defendant is the agent and/or employee and/or principal of each of the remaining defendants, and to the degree that any allegation is made that any defendant acting by, through, or on behalf of defendant Executive Financial Lending, Inc. acted in any improper manner, whether fraudulent, negligent, or otherwise, defendant denies that such action constitutes any such defendant acting within the course and scope of his or her or its agency and employment, with the knowledge, consent, or authority of this answering defendant or that this answering defendant had any knowledge of any acts alleged to be wrongful; defendant denies, both generally and specifically, that he had any knowledge of, or constructive notice of, authorized or consented to, or ratified any acts by any other defendant which are alleged to have been wrongful, improper, or illegal; and further, defendant denies, both generally and specifically, that defendant retained or shared in the benefits of any such acts.

23.     In answer to the allegations contained in paragraph 23 of the section of the First Amended Complaint captioned PARTIES, defendant denies both generally and specifically, each

and every allegation contained therein and specifically denies that he entered into any agreement or conspiracy with any other defendant to do any wrongful acts whatsoever.

24.     . In answer to the allegations contained in paragraph 24 of the section of the First Amended Complaint captioned PARTIES, defendant denies both generally and specifically, each and every allegation contained therein.

GENERAL FACTUAL ALLEGATIONS

25.     In answer to the allegations contained in paragraph 25, defendant repeats, re-alleges, and incorporates by reference each and every response interposed to the allegations set forth in paragraphs 1 through 24 inclusive.

26.     In answer to the allegations contained in paragraph 26 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

27.     In answer to the allegations contained in paragraph 27 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

28.     In answer to the allegations contained in paragraph 28 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

29.     In answer to the allegations contained in paragraph 29 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the

truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

30.    In answer to the allegations contained in paragraph 30 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

31.    In answer to the allegations contained in paragraph 31 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

32.    In answer to the allegations contained in paragraph 32 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

33.    In answer to the allegations contained in paragraph 33 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

34.    In answer to the allegations contained in paragraph 34 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

35.    In answer to the allegations contained in paragraph 35 of the First Amended

Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

36.    In answer to the allegations contained in paragraph 36 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

37.    In answer to the allegations contained in paragraph 37 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

38.    In answer to the allegations contained in paragraph 38 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

39.    In answer to the allegations contained in paragraph 39 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

40.    In answer to the allegations contained in paragraph 40 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

41.     In answer to the allegations contained in paragraph 41 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

42.     In answer to the allegations contained in paragraph 42 of the First Amended Complaint, defendant admits the allegations contained therein except that defendant denies, both generally and specifically, that he was the only person affiliated with Executive who possessed a real estate broker's license.

43.     In answer to the allegations contained in paragraph 43 of the First Amended Complaint, defendant denies, both generally and specifically, each and every allegation contained therein.

44.     In answer to the allegations contained in paragraph 44 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

45.     In answer to the allegations contained in paragraph 45 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

FIRST CAUSE OF ACTION

46.     In answer to the allegations contained in paragraph 46, defendant repeats, re-alleges, and incorporates by reference each and every response interposed to the allegations set forth in paragraphs 1 through 45 inclusive.

47.    In answer to the allegations contained in paragraph 47 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

48.    In answer to the allegations contained in paragraph 48 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

49.    In answer to the allegations contained in paragraph 49 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

50.    In answer to the allegations contained in paragraph 50 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

51.    In answer to the allegations contained in paragraph 51 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

52.    In answer to the allegations contained in paragraph 45 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and

specifically each and every allegation contained therein and specifically denies that plaintiff is entitled to damages in any amount whatsoever.

53.    In answer to the allegations contained in paragraph 53 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

SECOND CAUSE OF ACTION

54.    In answer to the allegations contained in paragraph 54, defendant repeats, re-alleges, and incorporates by reference each and every response interposed to the allegations set forth in paragraphs 1 through 53 inclusive.

55.    In answer to the allegations contained in paragraph 55 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

56.    In answer to the allegations contained in paragraph 56 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

57.    In answer to the allegations contained in paragraph 57 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

58.    In answer to the allegations contained in paragraph 58 of the First Amended

Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

THIRD CAUSE OF ACTION

59.    In answer to the allegations contained in paragraph 54, defendant repeats, re-alleges, and incorporates by reference each and every response interposed to the allegations set forth in paragraphs 1 through 58 inclusive.

60.    In answer to the allegations contained in paragraph 60 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

61.    In answer to the allegations contained in paragraph 61 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

62.    In answer to the allegations contained in paragraph 62 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

63.    In answer to the allegations contained in paragraph 63 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

64.     In answer to the allegations contained in paragraph 64 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

65.     In answer to the allegations contained in paragraph 58 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein and specifically denies that plaintiff is entitled to damages in any amount whatsoever and specifically denies that plaintiff is entitled to punitive damages in any amount whatsoever.

FOURTH CAUSE OF ACTION

66.     In answer to the allegations contained in paragraph 66, defendant repeats, re-alleges, and incorporates by reference each and every response interposed to the allegations set forth in paragraphs 1 through 65 inclusive.

67.     In answer to the allegations contained in paragraph 67 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein, and specifically denies that defendant was a financial advisor or fiduciary to plaintiff or owed her any duty of "utmost care, diligence, good faith, loyalty, and fair dealing".

68.     In answer to the allegations contained in paragraph 68 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and

specifically each and every allegation contained therein.

69.    In answer to the allegations contained in paragraph 69 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

70.    In answer to the allegations contained in paragraph 70 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein, and specifically denies that plaintiff is entitled to damages in any amount whatsoever.

71.    In answer to the allegations contained in paragraph 71 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein, and specifically denies that plaintiff is entitled to damages in any amount whatsoever.

72.    In answer to the allegations contained in paragraph 72 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein, and specifically denies that plaintiff is entitled to damages in any amount whatsoever.

73.    In answer to the allegations contained in paragraph 73 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and

specifically each and every allegation contained therein, and specifically denies that plaintiff is entitled to damages in any amount whatsoever.

74.     In answer to the allegations contained in paragraph 74 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein, and specifically denies that plaintiff is entitled to damages in any amount whatsoever.

FIFTH CAUSE OF ACTION

75.     In answer to the allegations contained in paragraph 75, defendant repeats, re-alleges, and incorporates by reference each and every response interposed to the allegations set forth in paragraphs 1 through 74 inclusive.

76.     In answer to the allegations contained in paragraph 76 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

77.     In answer to the allegations contained in paragraph 77 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

78.     In answer to the allegations contained in paragraph 78 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

79.    In answer to the allegations contained in paragraph 79 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

80.    In answer to the allegations contained in paragraph 80 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

81.    In answer to the allegations contained in paragraph 81 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

82.    In answer to the allegations contained in paragraph 82 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

83.    In answer to the allegations contained in paragraph 84 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein, and specifically denies that plaintiff is entitled to damages in any amount whatsoever.

84.    In answer to the allegations contained in paragraph 84 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the

truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein, and specifically denies that plaintiff is entitled to damages in any amount whatsoever.

85.     In answer to the allegations contained in paragraph 74 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein, and specifically denies that plaintiff is entitled to damages in any amount whatsoever.

SIXTH CAUSE OF ACTION

86.     In answer to the allegations contained in paragraph 86, defendant repeats, re-alleges, and incorporates by reference each and every response interposed to the allegations set forth in paragraphs 1 through 85 inclusive.

87.     In answer to the allegations contained in paragraph 87 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

88.     In answer to the allegations contained in paragraph 88 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

89.     In answer to the allegations contained in paragraph 89 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and

specifically each and every allegation contained therein.

90.     In answer to the allegations contained in paragraph 90 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

91.     In answer to the allegations contained in paragraph 91 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein, and specifically denies that plaintiff is entitled to damages in any amount whatsoever.

SEVENTH CAUSE OF ACTION

92.     In answer to the allegations contained in paragraph 92, defendant repeats, re-alleges, and incorporates by reference each and every response interposed to the allegations set forth in paragraphs 1 through 91 inclusive.

93.     In answer to the allegations contained in paragraph 93 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

94.     In answer to the allegations contained in paragraph 94 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

95.     In answer to the allegations contained in paragraph 95 of the First Amended

Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

96.    In answer to the allegations contained in paragraph 96 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

97.    In answer to the allegations contained in paragraph 97 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein, and specifically denies that plaintiff suffered monetary damages in any amount whatsoever.

98.    In answer to the allegations contained in paragraph 98 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

99.    In answer to the allegations contained in paragraph 99 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein, and specifically denies that plaintiff is entitled to damages in any amount whatsoever.

100.    In answer to the allegations contained in paragraph 100 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the

truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

EIGHTH CAUSE OF ACTION

101.     In answer to the allegations contained in paragraph 92, defendant repeats, re-alleges, and incorporates by reference each and every response interposed to the allegations set forth in paragraphs 1 through 100 inclusive.

102.     In answer to the allegations contained in paragraph 102 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

103.     In answer to the allegations contained in paragraph 103 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

104.     In answer to the allegations contained in paragraph 104 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

105.     In answer to the allegations contained in paragraph 105 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

106.     In answer to the allegations contained in paragraph 106 of the First Amended

Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

107.    In answer to the allegations contained in paragraph 107 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein, and specifically denies that plaintiff is entitled to damages in any amount whatsoever.

108.    In answer to the allegations contained in paragraph 108 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein, and specifically denies that plaintiff is entitled to damages in any amount whatsoever.

109.    In answer to the allegations contained in paragraph 109 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

NINTH CAUSE OF ACTION

110.    In answer to the allegations contained in paragraph 110, defendant repeats, re-alleges, and incorporates by reference each and every response interposed to the allegations set forth in paragraphs 1 through 109 inclusive.

111.    In answer to the allegations contained in paragraph 111 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the

truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

112.     In answer to the allegations contained in paragraph 105 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

113.     In answer to the allegations contained in paragraph 113 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

114.     In answer to the allegations contained in paragraph 114 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

115.     In answer to the allegations contained in paragraph 115 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein, and specifically denies that plaintiff is entitled to damages in any amount whatsoever.

116.     In answer to the allegations contained in paragraph 116 of the First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and basing his denial on said grounds, denies both generally and specifically each and every allegation contained therein.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

117.     The pleading denominated as the First Cause of Action fails to set forth facts constituting a claim for relief against this answering defendant.

SECOND AFFIRMATIVE DEFENSE

118.     The pleading denominated as the Second Cause of Action fails to set forth facts constituting a claim for relief against this answering defendant.

THIRD AFFIRMATIVE DEFENSE

119.     The pleading denominated as the Third Cause of Action fails to set forth facts constituting a claim for relief against this answering defendant.

FOURTH AFFIRMATIVE DEFENSE

120.     The pleading denominated as the Fourth Cause of Action fails to set forth facts constituting a claim for relief against this answering defendant.

FIFTH AFFIRMATIVE DEFENSE

121.     The pleading denominated as the Fifth Cause of Action fails to set forth facts constituting a claim for relief against this answering defendant.

SIXTH AFFIRMATIVE DEFENSE

122.     The pleading denominated as the Sixth Cause of Action fails to set forth facts constituting a claim for relief against this answering defendant.

SEVENTH AFFIRMATIVE DEFENSE

123.     The pleading denominated as the Seventh Cause of Action fails to set forth facts constituting a claim for relief against this answering defendant.

### EIGHTH AFFIRMATIVE DEFENSE

124.    The pleading denominated as the Eighth Cause of Action fails to set forth facts constituting a claim for relief against this answering defendant.

### NINTH AFFIRMATIVE DEFENSE

125.    The pleading denominated as the Ninth Cause of Action fails to set forth facts constituting a claim for relief against this answering defendant.

### TENTH AFFIRMATIVE DEFENSE

126.    Defendant is informed and believes and based thereon alleges that Plaintiff is guilty of contributory negligence and as a result, is the author of her own injury and any damages she alleges exist.

### ELEVENTH AFFIRMATIVE DEFENSE

127.    Defendant is informed and believes and based thereon alleges that Plaintiff is guilty of comparative negligence and, as a result, any damages which Plaintiff might be able to establish are reduced by Plaintiff's comparative negligence.

### TWELFTH AFFIRMATIVE DEFENSE

128.    As a separate and additional defense to the Complaint, defendant  alleges that plaintiff failed to mitigate whatever damages, if any, she may have suffered.

### THIRTEENTH AFFIRMATIVE DEFENSE

129.    Defendant  alleges that even assuming, for the sake of argument, that the Defendant acted or made any misrepresentations or failed to act as alleged in the First Amended Complaint, plaintiff did not justifiably rely upon such alleged acts, misrepresentations, failures to act or omissions as identified in the First Amended Complaint.

FOURTEENTH AFFIRMATIVE DEFENSE

130.    Defendants allege that the relief sought by plaintiff should be denied based upon plaintiff's fraudulent conduct.

FIFTEENTH AFFIRMATIVE DEFENSE

131.    All employees of Executive Financial were instructed to obtain and utilize, in preparing loan applications, only that information provided by the client seeking the loan and to have the client seeking the loan represent to them, and confirm, that the information provided was correct.

132.    Defendant could not personally review each and every loan application nor independently confirm with the client seeking the loan that every representation in the loan application was true and correct.

133.    Defendant, as the broker of record for the mortgage broker, relied upon the fact that a client seeking the loan signed all loan application documentation and by doing so, represented that the information provided was true and correct, ratified that fact by executing said documentation, and represented to cross defendant that cross defendant was entitled to rely upon the truth of the information set forth.

134.    Defendant is informed and believes, and thereupon alleges, that no personnel from Executive Financial ever met face to face with the plaintiff and that all communications relating to any loan application submitted by plaintiff which resulted in a loan was handled by mail and through telephonic contact, with the signing of all documentation handled by an independent third party in the Bay area.

135.    Defendant was not, and is not, an owner of Executive Financial, being an independent contractor solely for the purpose of functioning as the responsible managing

employee for license purposes only, and tasked with providing over-all direction and control of the loan operation as provided by law.

136.    Defendant alleges that if any information was placed in any loan application by any employee of Executive Financial which was not provided by plaintiff, any such action was not within the course and scope of said individual's employment, was not in accordance with the instructions from defendant, was concealed from defendant and Executive Financial, was for personal purposes of any such employee and not done for the benefit of or on directions from or with the consent and/or permission of Executive Financial or defendant.

137.    Any action by any personnel of Executive Financial which resulted in the inclusion, in plaintiff's loan application, of any false or incorrect information, although provided by or ratified by plaintiff by execution of said application, constitutes a substantial deviation from the employment duties of said individual, is not an expectable outgrowth of said employment, is not inherent in the working environment of said employee, is not typical of or broadly incidental to Executive Financial's business, or foreseeable as an action by any employee of Executive Financial, specifically because the instructions and directions from Executive Financial and defendant prohibited the inclusion of any information in a loan application which was not provided by, represented as true by, and/or ratified by the loan applicant.

SIXTEENTH AFFIRMATIVE DEFENSE

138.    By executing the loan documentation for the loan which is the basis for this litigation, plaintiff represented that all information provided was true and correct.

139.    To the extent that the loan application contains any information which is not true and correct, the plaintiff is responsible for making such representations and if alleged to be

fraudulent, can not take advantage of her own fraud in alleging damages.

SEVENTEENTH AFFIRMATIVE DEFENSE

140.    By executing the loan documentation for the loan which is the basis for this litigation, plaintiff represented that all information provided was true and correct.

141.    To the extent that the loan application contains any information which is not true and correct, the plaintiff has ratified that information as true and correct.

EIGHTEENTH  AFFIRMATIVE DEFENSE

142.    By executing the loan documentation for the loan which is the basis for this litigation, plaintiff represented that all information provided was true and correct.

143.    To the extent that the information plaintiff represented to Executive Financial and to defendant, and ratified by her execution of the loan application, as being true and correct is false, defendant has committed a fraud on Executive Financial and defendant.

144.    As a result of any fraud committed by plaintiff against Executive Financial and defendant, any claims of damage by defendant off-set any claims of damages sustained by Executive Financial and defendant.

NINETEENTH AFFIRMATIVE DEFENSE

145.    Defendant SPEAR was the broker of record for Defendant Executive Financial.

146.    Defendant SHAI MOSHE was an employee of Defendant Executive Financial.

147.    As a matter of law, Defendant SPEAR's only duty as a broker for Executive Financial was to Executive Financial to supervise its employees.

148.    Executive Financial has ceased to do business.

149.    Defendant SPEAR had no contact, direct or indirect, with Plaintiff NEVIS.

150.    Plaintiff NEVIS alleges that she discussed her need for a loan with Defendant

SHAI MOSHE who offered, on behalf of Executive Financial, to help her obtain a loan.

151.   Plaintiff NEVIS had no direct or indirect contact with Defendant SPEAR at any time.

152.   The only representations alleged by Plaintiff NEVIS were allegedly made by Defendant SHAI MOSHE, acting as an employee of Executive Financial.

153.   As a matter of law, the only claims by Plaintiff NEVIS with regard to any representations made to her are against Defendant SHAI MOSHE and/or Defendant Executive Financial.

154.   As a matter of law, because Defendant SPEAR's only obligation is to Defendant Executive Financial, only Executive Financial can make a claim against Defendant SPEAR.

155.   As a matter of law, Defendant SPEAR had no duty to Plaintiff NEVIS and no obligation in favor of Plaintiff NEVIS arises against Defendant SPEAR as a result of any interaction between Plaintiff NEVIS and any employee of Executive Financial.

TWENTIETH AFFIRMATIVE DEFENSE

156.   Plaintiff NEVIS alleged that Defendant SHAI MOSHE represented to her that he could obtain a loan for her which would meet the following criteria:  that it would be a no cost loan, that monthly payments would be significantly lower than her present payments, that her existing debts would be paid by the new loan, that the loan would provide cash to the borrower, and that the loan would be at a fixed rate.

157.   All the representations alleged are with regard to future events.

158.   No fraud or misrepresentation claim can be made based on representations dealing with future events;  representations sufficient to support a fraud or misrepresentation claim must be with regard to present or past facts.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

159.    Executive Financial was licensed and operated as a mortgage loan broker.

160.    Executive Financial was not licensed and did not operate as a lender.

161.    The representations alleged by Plaintiff NEVIS to have been made by Defendant SHAI MOSHE, that he could obtain a loan for her which would meet the following criteria:  that it would be a no cost loan, that monthly payments would be significantly lower than her present payments, that her existing debts would be paid by the new loan, that the loan would provide cash to the borrower, and that the loan would be at a fixed rate are, at best, representations regarding the actions of a third party, the lender, New Century Mortgage Corporation.

162.    The only connection between Executive Financial and New Century Mortgage Corporation was an agreement pursuant to which New Century Mortgage Corporation would accept loan applications from Executive Financial and, upon making a loan to a borrower whose application was provided by Executive Financial, would pay a fee to Executive Financial.\

163.    Executive Financial had no control over New Century Mortgage Corporation and over any terms and conditions of any loans it might offer to prospective borrowers.

164.    A cause of action for fraud and misrepresentation can not be grounded on a representation made with regard to future actions which might be taken by a third party.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

165.    Prior to submitting a loan application to Executive Financial,  the property owned by Plaintiff NEVIS was encumbered by a loan and trust deed in favor of Washington Mutual with a monthly payment of $4,730.

166.    Plaintiff NEVIS alleges that her monthly income is from Social Security in the sum of $1,050.

167.    Absent additional income or other financial resources, the income alleged by Plaintiff NEVIS was insufficient to pay the loan payments due to Washington Mutual.

168.    Absent other factors not known to exist, Plaintiff NEVIS's alleged income being insufficient to pay the payments due to Washington Mutual, and without additional income or other financial resources to make said payments, Plaintiff NEVIS would default on the Washington Mutual loan and a foreclosure would be expected to follow.

169.    Assuming that Plaintiff NEVIS defaulted on the Washington Mutual loan and a default would follow, the threatened foreclosure in this case, based on the loan acquired from New Century Mortgage Corporation would not cause any damage to Plaintiff NEVIS which would not have occurred without the loan.

TWENTY-THIRD AFFIRMATIVE DEFENSE

170.    By executing the loan documentation for the loan which is the basis for this litigation Plaintiff NEVIS represented to all persons interested therein, that all information provided was true and correct.

171.    To the extent that the loan application contains any information which is not true and correct, Plaintiff NEVIS is responsible for making such representations and if alleged to be fraudulent, can not take advantage of her own fraud in alleging damages.

172.    Plaintiff NEVIS can not claim damages against Defendant SPEAR based on actions for which she is responsible.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

173.    By executing the loan documentation for the loan which is the basis for this litigation Plaintiff NEVIS represented that all information provided was true and correct.

174.    To the extent that the loan application contains any information which Plaintiff

NEVIS now claims is not true and correct, Plaintiff NEVIS ratified that information as true and correct by signing and submitting the application..

175.   Because Plaintiff NEVIS ratified the representations in the loan application as true, she can not claim to have been damaged by the falsity of said representations.

WHEREFORE, defendant prays judgment as follows:

1.     That plaintiff  take nothing by her complaint against defendant;

2.     That if plaintiff is found to have suffered any damages, those damages be reduced by reason of comparative and/or contributory negligence.

3.     for costs of suit incurred

4.     for such other and further relief as the court deems just and proper,.

Dated:   June 20, 2008

Robert A. Clinco, Attorney for Defendant
John B. Spear