JOHN F. CAVIN, ESQ. (SB# 88946)
HELEN V. POWERS, ESQ. (SB# 175164)
**BARDELLINI, STRAW, CAVIN & BUPP, LLP**
2000 Crow Canyon Place, Suite 330
San Ramon, California  94583
Telephone:  (925) 277-3580
Facsimile:  (925) 277-3591
jcavin@bscb.com
hpowers@bscb.com

Attorneys for Defendant
GATEWAY TITLE COMPANY

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUDREY MCNAMARA NEVIS, | Case No. C 07 2568 MHP |
| Plaintiff, | **ANSWER OF GATEWAY TITLE COMPANY TO SECOND AMENDED COMPLAINT** |
| v. | |
| WELLS FARGO BANK, a California corporation, EXECUTIVE FINANCIAL LENDING, JOHN B. SPEAR, an individual, SHAI MOSHE, an individual, GATEWAY TITLE COMPANY, QUALITY LOAN SERVICES, Trustee and DOES 1-100, inclusive, | |
| Defendants. | |

Defendant Gateway Title Company ("Gateway") answers the Second Amended Complaint ("SAC") of Plaintiff Audrey McNamara Nevis as follows:

1. Answering paragraph 1 of the SAC, Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of said paragraph and on that basis denies said allegations.  Gateway denies the allegations contained in the second sentence.  Gateway denies that it engaged in any fraudulent, deceptive and negligent acts and practices.

2. Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 2 through 7 of the SAC and on that basis denies the

1  allegations.

2      3.     Answering paragraph 8 of the SAC, Gateway denies the allegations of the first sentence as to Gateway. Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegation in the second sentence, and on that basis denies the allegations.

    4.     Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9 of the SAC and on that basis denies the allegations.

    5.     Answering paragraph 10 of the SAC, Gateway denies that it engaged in any wrongdoing.  Gateway admits that it is authorized to and does business in the Northern District of California.

    6.     Paragraphs 11 and 12 of the SAC contain legal conclusions which do not require a response.  To the extent a response is required, Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 11and 12 of the SAC and on that basis denies the allegations.

    7.     Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 13 through 19 and on that basis denies the allegations.

    8.     Answering paragraph 20 of the SAC, Gateway admits that it acted as the escrow agent for the transaction that is the subject of this action.

    9.     Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the SAC and on that basis denies the allegations.

    10.    Gateway denies the allegations in paragraphs 22 through 24 of the SAC.

    11.    Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 of the SAC and on that basis denies the allegations.

    12.    Gateway denies the allegations in paragraphs 26 through 29 of the SAC.

    13.    Answering paragraph 30, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 29 of the SAC as if set forth in full.

    14.    Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 31 through 37 of the SAC and on that basis denies the allegations.

15.     Answering paragraph 38 of the SAC, Gateway admits that it handled the escrow for the transaction that is the subject of the SAC. Gateway lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 33 and on that basis denies the allegations.

16.     Answering paragraph 39 and 40 of the SAC, Gateway denies the allegations therein as to Gateway.

17.     Gateway denies the allegations in paragraph 40 of the SAC.

18.     Answering paragraph 41 of the SAC, Gateway denies that it made any false promises or misrepresentations, as alleged, and denies the remaining allegations of paragraph 41.

19.     Answering paragraph 42 of the SAC, Gateway denies that made any false promises, misrepresentations or concealments, as alleged, and denies the remaining allegations of paragraph 42.

20.     Answering paragraph 43 of the SAC, Gateway admits that it earned a modest fee for handling the escrow for the transaction. Gateway denies that it earned significant fees, as alleged. Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43, and on that basis denies the allegations.

21.     Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 44 through 48 of the SAC and on that basis denies the allegations.

22.     Gateway denies the allegations in paragraph 49 of the SAC as to Gateway. Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding plaintiff's age and financial status, and on that basis denies the allegations.

23.     Answering paragraph 50 of the SAC, Gateway denies that it engaged in conduct and practices in targeting Plaintiff as alleged in the SAC and referred to in paragraph 50. Gateway lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 50 and on that basis denies the remaining allegations.

24.     Answering paragraph 51 of the SAC, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 50 of the SAC as if set forth in full.

25.     Answering paragraphs 52 through 58 of the SAC, Gateway acknowledges that the first cause of action for violations of the TILA and Regulation Z, is not against Gateway. On the basis that

the allegations against "Defendants" in paragraphs 52 through 58 are not against Gateway, Gateway responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 52 through 58 and on that basis denies the allegations.

26. Answering paragraph 59 of the SAC, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 58 of the SAC as if set forth in full.

27. Answering paragraphs 60 through 63 of the SAC, Gateway asserts that the second cause of action, for violation of the RESPA, is not against Gateway. On the basis that the allegations against "Defendants" in paragraphs 60 through 63 are not against Gateway, Gateway responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 60 through 63 of the SAC and on that basis denies the allegations.

28. Answering paragraph 64 of the SAC, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 63 of the SAC as if set forth in full.

29. Responding to paragraphs 65 through 70 of the SAC, Gateway asserts that the third cause of action, for fraud and deceit, is not against Gateway. On the basis that the allegations against "Defendants" in paragraphs 65 through 70 are not against Gateway, Gateway responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 65 through 70 of the SAC and on that basis denies the allegations.

30. Answering paragraph 71 of the SAC, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 70 of the SAC as if set forth in full.

31. Responding to paragraphs 71 through 79 of the SAC, Gateway asserts that the fourth cause of action for elder abuse is not against Gateway. On the basis that the allegations against "Defendants" in paragraphs 71 through 79 are not against Gateway, Gateway responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 71 through 79 of the SAC and on that basis denies the allegations.

32. Answering paragraph 80 of the SAC, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 79 of the SAC as if set forth in full.

33. Answering paragraph 81 of the SAC, Gateway admits that it acted as the escrow agent for the transaction that is the subject of the litigation and owed a duty to Plaintiff to follow the escrow

instructions given to it.  Gateway denies the remaining allegations contained in paragraph 81.

34.  Answering paragraph 82 of the SAC, Gateway denies that it was a fiduciary in the traditional sense and asserts that it had a limited duty to Plaintiff to follow the escrow instructions.  Gateway lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 82 of the SAC, and on that basis denies the allegations.

35.  Answering paragraph 83 of the SAC, Gateway denies that it was a fiduciary in the traditional sense and asserts that it had a limited duty to Plaintiff to follow the escrow instructions.  Gateway denies the remaining allegations in paragraph 83 of the SAC.

36.  Answering paragraph 84 of the SAC, Gateway denies that it was a fiduciary in the traditional sense and asserts that it had a limited duty to Plaintiff to follow the escrow instructions given to it by the parties.  As to the remaining allegations in paragraph 84 of the SAC, Gateway lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis denies the allegations.

37.  Gateway denies the allegations in paragraphs 85 and 86 of the SAC.

38.  Answering paragraph 87 of the SAC, Gateway denies that it was a fiduciary in the traditional sense and asserts that it had a limited duty to Plaintiff to follow the escrow instructions.  Gateway denies that it breached any fiduciary duty to Plaintiff.  As to the remaining allegations in paragraph 87, Gateway lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis denies the allegations.

39.  Gateway denies the allegations in paragraphs 88 through 90 of the SAC.

40.  Answering paragraph 91 of the SAC, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 90 of the SAC as if set forth in full.

41.  Gateway denies the allegations in paragraph 92 of the SAC.

42.  Answering paragraph 93 of the SAC, Gateway admits that it acted as the lender's and Plaintiff's escrow agent and had a limited duty to follow the escrow instructions given to it by the parties.  Gateway lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 93 and on that basis denies said allegations.

43.  Answering paragraphs 94 of the SAC, Gateway lacks knowledge or information

sufficient to form a belief about the truth of the allegations contained in said paragraph and on that basis denies said allegations.

44. Gateway denies the allegations in paragraphs 95 and 96 of the SAC.

45. Answering paragraph 97 of the SAC, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 96 of the SAC as if set forth in full.

46. Gateway denies the allegations in paragraph 98 through 100 of the SAC.

47. Answering paragraph 101 of the SAC, Gateway denies that it made the misrepresentations and engaged in the concealment, deceit, undue influence, coercion and other wrongful conduct as alleged. As to the remaining allegations of paragraph 101, Gateway lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis denies the allegations.

48. Gateway denies the allegations in paragraph 102 of the SAC.

49. Answering paragraph 103 of the SAC, Gateway denies that it made the misrepresentations and engaged in the concealment, deceit, undue influence, coercion and other wrongful conduct as alleged. As to the remaining allegations of paragraph 103, Gateway lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis denies the allegations.

50. Answering paragraph 104 of the SAC, Gateway denies that it was unjustly enriched as alleged. As to the remaining allegations of paragraph 104, Gateway lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis denies the allegations.

51. Gateway denies the allegations in paragraph 105 of the SAC.

52. Answering paragraph 106 of the SAC, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 105 of the SAC as if set forth in full.

53. Answering paragraphs 107 through 114 of the SAC, Gateway denies the allegations contained therein.

54. Answering paragraph 115 of the SAC, Gateway realleges and incorporates by reference the responses to paragraphs 1 through 114 of the SAC as if set forth in full.

55. Gateway denies the allegations in paragraph 116 of the SAC.

56. Answering paragraph 117 and 118, Gateway admits that it had a limited duty to Plaintiff to follow the escrow instructions given to it by the parties. As to the remaining allegations of paragraphs 117 and 118, Gateway lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in said paragraph and on that basis denies said allegations.

57. Gateway denies the allegations in paragraph 119 through 121 of the SAC.

**AFFIRMATIVE DEFENSES**

58. As a first affirmative defense, Gateway alleges that each cause of action in the complaint fails to state a claim against Gateway upon which relief can be granted.

59. As a second affirmative defense, Gateway alleges that as a matter of law, Plaintiff has misstated the role of an escrow holder and the duties owed to Plaintiff by Gateway in the limited agency role of an escrow holder.

60. As a third affirmative defense, Gateway alleges Plaintiff's damages, if any, were the result of the acts of Plaintiff, other defendants or third parties. Any recovery by Plaintiff should be reduced or eliminated accordingly. If Gateway is found to be liable, it requests an apportionment of fault among all the parties and requests a judgment of partial indemnification of liability against all other defendants who may have caused or contributed to Plaintiff's damages, if any.

61. As a fourth affirmative defense, Gateway alleges that to rescind the transaction, Plaintiff must restore and return the monies received, to the extent that monies were paid to Plaintiff, or on Plaintiff's behalf.

62. As a fifth affirmative defense, Gateway alleges that Gateway performed all the obligations under the escrow agreement except for those obligations it was excused or prevented from performing.

63. As a sixth affirmative defense, Gateway is informed and believes and thereon alleges that Plaintiff failed to mitigate her damages, if any.

64. As a seventh affirmative defense, Gateway alleges allege that the lender is entitled to an equitable lien on the property to the extent that it caused to be paid off existing liens and encumbrances against Plaintiff's real property.

1  65. As a eighth affirmative defense, Gateway is informed and believes and thereon alleges that Plaintiff's damages, if any, are barred by the doctrines of waiver and estoppel.

WHEREFORE, Gateway prays as follows:

**PRAYER**

1. That Plaintiff take nothing by reason of the SAC and that Gateway be dismissed from the action;

2. For costs of suit incurred, including attorney's fees; and

3. For such other and further relief as the Court may deem just and proper.

Dated: July 14, 2008                    BARDELLINI, STRAW, CAVIN & BUPP, LLP


By:  __/s/ Helen V. Powers__
    John F. Cavin
    Helen V. Powers
    Attorneys for Defendant
    GATEWAY TITLE COMPANY