David C. Powell (SBN 129781)
Heather B. Hoesterey (SBN 201254)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA  94120-7936

Telephone:      1 415 543 8700
Facsimile:      1 415 391 8269

Attorneys for Defendants and Cross-
Complainants Wells Fargo Bank, N.A.,
individually and as Trustee of the Carrington
Mortgage Loan Trust, Series 2006-NC4;
Carrington Securities, L.P., and Stanwich Asset
Acceptance Company, L.L.C.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUDREY MCNAMARA NEVIS, | No.: C-07-2568 MHP |
| Plaintiff, | **ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO SECOND AMENDED COMPLAINT** |
| vs. | |
| WELLS FARGO BANK, et. al., | |
| Defendants. | |
| AND RELATED CROSS-ACTIONS. | |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), erroneously named herein in its

individual capacity, rather than as Trustee, hereby answers, for itself alone and for no other

defendant, the Second Amended Complaint for Injunctive Relief, Rescission, Restitution, Damages,

Punitive Damages, and Attorney's Fees (hereinafter "Complaint") of Plaintiff Audrey McNamara

Nevis (hereinafter "Plaintiff" or "Nevis") by admitting, denying and alleging as follows:

1

2

## ANSWER TO INTRODUCTORY ALLEGATIONS

3

4       1.      Answering paragraph 1 of the Complaint, Wells Fargo denies that Plaintiff has

5    suffered or sustained any loss or damages by reason of any act, practices, breach or omission on the

6    part of Wells Fargo.  Answering the remaining allegations of paragraph 1 of the Complaint, Wells

7    Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters

8    alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

9       2.      Answering paragraph 2 of the Complaint, Wells Fargo denies that the loan which is

10   the subject of this action is exploitive or illegal.  Answering the remaining allegations of paragraph 2

11   of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to

12   the truth of the matters alleged, and on that basis deny each and every remaining allegation set forth

13   in this paragraph.

14

15      3.      Answering paragraph 3 of the Complaint, Wells Fargo admits that the loan was

16   originally made by New Century Mortgage Company ("NCMC") and was among a pool of loans

17   sold to Stanwich Asset Acceptance Company, LLC ("Stanwich") and deposited into a mortgage pool

18   comprising of a trust fund evidenced by a single series of mortgage pass-through certificated

19   designated as the Carrrington Mortgage Loan Trust, Series 2006-NC4 Asset-Backed Pass-Through

20   Certificates, and that Wells Fargo is the Trustee of the Trust.  Further answering paragraph 3 of the

21   Complaint, Wells Fargo denies that the loan is presently owned by Stanwich, denies that the subject

22   loan has been serviced in whole or in part by NC Capital Corporation and/or Carrington Securities,

23   LP ("Carrington"), and denies that Wells Fargo retained Quality Loan Services to carry out the

24   foreclosure.  On information and belief, Wells Fargo admits that NCMC has filed for bankruptcy

25   protection.  Answering the remaining allegations of paragraph 3 of the Complaint, Wells Fargo is

26   without knowledge or information sufficient to form a belief as to the truth of the matters alleged,

27   and on that basis denies each and every remaining allegation set forth in this paragraph.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

     4.      Answering paragraph 4 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth in this paragraph.

     5.      Answering paragraph 5 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth in this paragraph.

     6.      Answering paragraph 6 of the Complaint, Wells Fargo denies that the loan which is the subject of this action was sold to Wells Fargo.  Answering the remaining allegations of paragraph 6 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

     7.      Answering paragraph 7 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth in this paragraph.

     8.      Answering paragraph 8 of the Complaint, Wells Fargo denies that the loan was rescinded pursuant to the provisions of the Truth in Lending Act.  Answering the remaining allegations of paragraph 8 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

     9.      Answering paragraph 9 of the Complaint, on information and belief, Wells Fargo admits that a notice of default on the property was recorded and a foreclosure sale was scheduled. Except as expressly admitted, Wells Fargo denies each and every remaining allegation of paragraph 9 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

### ANSWER TO JURISDICTION AND VENUE ALLEGATIONS

3      10.     Answering paragraph 10 of the Complaint, Wells Fargo admits that this Court has

4  personal jurisdiction over Wells Fargo and that Wells Fargo is authorized to do business in

5  California.  Answering the remaining allegations of paragraph 10 of the Complaint, Wells Fargo is

6  without knowledge or information sufficient to form a belief as to the truth of the matters alleged,

7  and on that basis denies each and every remaining allegation set forth in this paragraph.

8

9      11.     Answering paragraph 11 of the Complaint, Wells Fargo admits that this Court has

10  jurisdiction.  Answering the remaining allegations of paragraph 11 of the Complaint, Wells Fargo is

11  without knowledge or information sufficient to form a belief as to the truth of the matters alleged,

12  and on that basis denies each and every remaining allegation set forth in this paragraph.

13

14      12.     Answering paragraph 12 of the Complaint, Wells Fargo admits that venue is proper in

15  this judicial district.  Further answering paragraph 12 of the Complaint, Wells Fargo denies any loan

16  contract was entered into between Plaintiff and Wells Fargo.  Answering the remaining allegations

17  of paragraph 12 of the Complaint, Wells Fargo is without knowledge or information sufficient to

18  form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining

19  allegation set forth in this paragraph.

20

21                      ### ANSWER TO PARTY ALLEGATIONS

22

23      13.     Answering paragraph 13 of the Complaint, Wells Fargo is without knowledge or

24  information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the

25  Complaint, and on that basis denies each and every allegation set forth therein.

26

27

28

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO SECOND AMENDED COMPLAINT

14.     Answering paragraph 14 of the Complaint, Wells Fargo admits that Wells Fargo is licensed to do business in California.  Except as expressly admitted, Wells Fargo denies each and every remaining allegation of paragraph 14 of the Complaint.

15.     Answering paragraph 15 of the Complaint, Wells Fargo admits that on or about September 1, 2006, Stanwich purchased a pool of loans including plaintiff's loan from seller Carrington and the pool of loans was deposited into the Trust.  Except as expressly admitted, Wells Fargo denies each and every remaining allegation of paragraph 15 of the Complaint.

16.     Answering paragraph 16 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

17.     Answering paragraph 17 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

18.     Answering paragraph 18 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

19.     Answering paragraph 19 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

20.     Answering paragraph 20 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

21.     Answering paragraph 21 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

22.     Answering paragraph 22 of the Complaint, Wells Fargo admits that Carrington is a Delaware limited partnership.  Answering the remaining allegations of this paragraph, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in this paragraph of the Complaint, and on that basis denies each and every remaining allegation set forth therein.

23.     Answering paragraph 23 of the Complaint, Wells Fargo denies that the Trust is a Delaware limited partnership.  Answering the remaining allegations of this paragraph, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in this paragraph of the Complaint, and on that basis denies each and every remaining allegation set forth therein.

24.     Answering paragraph 24 of the Complaint, Wells Fargo admits that Stanwich is a Delaware limited liability company.  Answering the remaining allegations of this paragraph, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in this paragraph of the Complaint, and on that basis denies each and every remaining allegation set forth therein.

25.     Answering paragraph 25 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

26.     Wells Fargo denies each and every allegation set forth in paragraph 26 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27.    Wells Fargo denies each and every allegation set forth in paragraph 27 of the Complaint.

28.    Wells Fargo denies each and every allegation set forth in paragraph 28 of the Complaint.

29.    Wells Fargo denies each and every allegation set forth in paragraph 29 of the Complaint.

## ANSWER TO GENERAL FACTUAL ALLEGATIONS

30.    Answering paragraph 30 of the Complaint, Wells Fargo incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 29.

31.    Answering paragraph 31 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

32.    Answering paragraph 32 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

33.    Answering paragraph 33 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

34.     Answering paragraph 34 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

35.     Answering paragraph 35 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

36.     Answering paragraph 36 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

37.     Answering paragraph 37 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

38.     Answering paragraph 38 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

39.     Wells Fargo denies each and every allegation set forth in paragraph 39 of the Complaint.

40.     Wells Fargo denies each and every allegation set forth in paragraph 40 of the Complaint.

41.     Wells Fargo denies each and every allegation set forth in paragraph 41 of the Complaint.

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO SECOND AMENDED COMPLAINT

1

42.    Wells Fargo denies each and every allegation set forth in paragraph 42 of the

2

Complaint.

3

4

43.    Answering paragraph 43 of the Complaint, Wells Fargo admits in connection with the

5

closing of the loan, Plaintiff received $17,414.61 cash, the previous mortgage on the Property was

6

paid in full, and $31,501.00 was paid to other creditors on behalf of Plaintiff.  Except as expressly

7

admitted, Answering Defendants deny each and every remaining allegation set forth in paragraph 43

8

of the Complaint

9

10

44.    Answering paragraph 44 of the Complaint, on information and belief, Wells Fargo

11

admits that, as of July, 2006, the monthly payment due on plaintiff's mortgage was $5,736.95.

12

Answering the remaining allegations of this paragraph, Wells Fargo is without knowledge or

13

information sufficient to form a belief as to the truth of the remaining matters alleged in this

14

paragraph of the Complaint, and on that basis denies each and every remaining allegation set forth

15

therein.

16

17

45.    Answering paragraph 45 of the Complaint, Wells Fargo is without knowledge or

18

information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the

19

Complaint, and on that basis denies each and every allegation set forth therein.

20

21

46.    Answering paragraph 46 of the Complaint, Wells Fargo is without knowledge or

22

information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the

23

Complaint, and on that basis denies each and every allegation set forth therein.

24

25

47.    Answering paragraph 47 of the Complaint, Wells Fargo is without knowledge or

26

information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the

27

Complaint, and on that basis denies each and every allegation set forth therein.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

48.     Answering paragraph 48 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

49.     Wells Fargo denies each and every allegation set forth in paragraph 49 of the Complaint.

50.     Answering paragraph 50 of the Complaint, Wells Fargo admits that Plaintiff's home is subject to a mortgage in the principal amount of $880,000 plus interest thereon and that Plaintiff is in arrears on the loan.  Answering the remaining allegations of this paragraph, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in this paragraph of the Complaint, and on that basis denies each and every remaining allegation set forth therein.

### ANSWER TO FIRST CAUSE OF ACTION
### (Violations of TILA and Regulation Z)

51.     Answering paragraph 51 of the Complaint, Wells Fargo incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 50.

52.     Answering paragraph 52 of the Complaint, Wells Fargo admits that Wells Fargo regularly extends consumer credit that is subject to a finance charge or is payable by written agreement in more than 4 installments (not including a down payment), and to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract.  Except as expressly admitted, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in paragraph 52 of the Complaint, and on that basis denies each and every remaining allegation set forth therein.

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO SECOND AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    53.    Wells Fargo denies each and every allegation set forth in paragraph 53 of the

2  Complaint.

3

4    54.    Wells Fargo denies each and every allegation set forth in paragraph 54 of the

5  Complaint.

6

7    55.    Wells Fargo denies each and every allegation set forth in paragraph 55 of the

8  Complaint.

9

10    56.    Wells Fargo denies each and every allegation set forth in paragraph 56 of the

11  Complaint.

12

13    57.    Wells Fargo denies each and every allegation set forth in paragraph 57 of the

14  Complaint.

15

16    58.    Wells Fargo denies each and every allegation set forth in paragraph 58 of the

17  Complaint.

18

19    **ANSWER TO SECOND CAUSE OF ACTION**
**(Violations of RESPA - not alleged against Wells Fargo)**

20

21    59.    Answering paragraph 59 of the Complaint, Wells Fargo incorporates by reference its

22  answer to each and every allegation set forth in paragraphs 1 through 58.

23

24    60.    Answering paragraph 60 of the Complaint, Wells Fargo admits that the home loan

25  which is the subject of this action is a federally related mortgage loan as defined by the Real Estate

26  Settlement Procedures Act, 12 U.S.C. § 2602.

27

28

61.     Wells Fargo denies each and every allegation set forth in paragraph 61 of the Complaint.

62.     Wells Fargo denies each and every allegation set forth in paragraph 62 of the Complaint.

63.     Wells Fargo denies each and every allegation set forth in paragraph 63 of the Complaint.

## ANSWER TO THIRD CAUSE OF ACTION
### (Fraud and Deceit – not alleged against Wells Fargo)

64.     Answering paragraph 64 of the Complaint, Wells Fargo incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 63.

65.     Wells Fargo denies each and every allegation set forth in paragraph 65 of the Complaint.

66.     Wells Fargo denies each and every allegation set forth in paragraph 66 of the Complaint.

67.     Wells Fargo denies each and every allegation set forth in paragraph 67 of the Complaint.

68.     Wells Fargo denies each and every allegation set forth in paragraph 68 of the Complaint.

69.     Wells Fargo denies each and every allegation set forth in paragraph 69 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

70.     Wells Fargo denies each and every allegation set forth in paragraph 70 of the Complaint.

## ANSWER TO FOURTH CAUSE OF ACTION
### (Elder Abuse (California Welfare and Institutions Code § 15600))

71.     Answering paragraph 71 of the Complaint, Wells Fargo incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 70.

72.     Wells Fargo denies each and every allegation set forth in paragraph 72 of the Complaint.

73.     Wells Fargo denies each and every allegation set forth in paragraph 73 of the Complaint.

74.     Wells Fargo denies each and every allegation set forth in paragraph 74 of the Complaint.

75.     Wells Fargo denies each and every allegation set forth in paragraph 75 of the Complaint.

76.     Wells Fargo denies each and every allegation set forth in paragraph 76 of the Complaint.

77.     Wells Fargo denies each and every allegation set forth in paragraph 77 of the Complaint.

78.     Wells Fargo denies each and every allegation set forth in paragraph 78 of the Complaint.

79.    Wells Fargo denies each and every allegation set forth in paragraph 79 of the Complaint.

## ANSWER TO FIFTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

80.    Answering paragraph 80 of the Complaint, Wells Fargo incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 79.

81.    Wells Fargo denies each and every allegation set forth in paragraph 81 of the Complaint.

82.    Wells Fargo denies each and every allegation set forth in paragraph 82 of the Complaint.

83.    Wells Fargo denies each and every allegation set forth in paragraph 83 of the Complaint.

84.    Answering paragraph 84 of the Complaint, Wells Fargo denies that Wells Fargo entered into a contract with Gateway and Plaintiff to perform the duties of escrow agent for closing the subject loan.  Answering the remaining allegations of paragraph 84 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis deny each and every remaining allegation set forth in this paragraph.

85.    Wells Fargo denies each and every allegation set forth in paragraph 85 of the Complaint.

86.    Wells Fargo denies each and every allegation set forth in paragraph 86 of the Complaint.

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO SECOND AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

87.    Wells Fargo denies each and every allegation set forth in paragraph 87 of the Complaint.

88.    Wells Fargo denies each and every allegation set forth in paragraph 88 of the Complaint.

89.    Wells Fargo denies each and every allegation set forth in paragraph 89 of the Complaint.

90.    Wells Fargo denies each and every allegation set forth in paragraph 90 of the Complaint.

## ANSWER TO SIXTH CAUSE OF ACTION
### (Breach of Contract – not alleged against Wells Fargo)

91.    Answering paragraph 91 of the Complaint, Wells Fargo incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 90.

92.    Answering paragraph 92 of the Complaint, Wells Fargo admits that plaintiff entered into a mortgage loan agreement with NCMC.  Except as expressly admitted, Wells Fargo denies each and every remaining allegation of paragraph 92 of the Complaint.

93.    Wells Fargo denies each and every allegation set forth in paragraph 93 of the Complaint.

94.    Wells Fargo denies each and every allegation set forth in paragraph 94 of the Complaint.

95. Wells Fargo denies each and every allegation set forth in paragraph 95 of the Complaint.

96. Wells Fargo denies each and every allegation set forth in paragraph 96 of the Complaint.

## ANSWER TO SEVENTH CAUSE OF ACTION
### (Recessionary Damages and Restitution)

97. Answering paragraph 97 of the Complaint, Wells Fargo incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 97.

98. Wells Fargo denies each and every allegation set forth in paragraph 98 of the Complaint.

99. Wells Fargo denies each and every allegation set forth in paragraph 99 of the Complaint.

100. Wells Fargo denies each and every allegation set forth in paragraph 100 of the Complaint.

101. Wells Fargo denies each and every allegation set forth in paragraph 101 of the Complaint.

102. Wells Fargo denies each and every allegation set forth in paragraph 102 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

103.    Answering paragraph 103 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis denies each and every allegation set forth therein.

104.    Wells Fargo denies each and every allegation set forth in paragraph 104 of the Complaint.

105.    Wells Fargo denies each and every allegation set forth in paragraph 105 of the Complaint.

## ANSWER TO EIGHTH CAUSE OF ACTION
### (Unfair Business Practices)

106.    Answering paragraph 106 of the Complaint, Wells Fargo incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 105.

107.    Wells Fargo denies each and every allegation set forth in paragraph 107 of the Complaint.

108.    Wells Fargo denies each and every allegation set forth in paragraph 108 of the Complaint.

109.    Wells Fargo denies each and every allegation set forth in paragraph 109 of the Complaint.

110.    Wells Fargo denies each and every allegation set forth in paragraph 110 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

111.    Wells Fargo denies each and every allegation set forth in paragraph 111 of the Complaint.

112.    Wells Fargo denies each and every allegation set forth in paragraph 112 of the Complaint.

113.    Wells Fargo denies each and every allegation set forth in paragraph 113 of the Complaint.

114.    Wells Fargo denies each and every allegation set forth in paragraph 114 of the Complaint.

## ANSWER TO NINTH CAUSE OF ACTION
### (Negligence)

115.    Answering paragraph 115 of the Complaint, Wells Fargo incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 114.

116.    Wells Fargo denies each and every allegation set forth in paragraph 116 of the Complaint.

117.    Wells Fargo denies each and every allegation set forth in paragraph 117 of the Complaint.

118.    Wells Fargo denies each and every allegation set forth in paragraph 118 of the Complaint.

119.    Wells Fargo denies each and every allegation set forth in paragraph 119 of the Complaint.

1    120.    Wells Fargo denies each and every allegation set forth in paragraph 120 of the

2    Complaint.

3

4    121.    Wells Fargo denies each and every allegation set forth in paragraph 121 of the

5    Complaint.

6

7    **AFFIRMATIVE AND SPECIAL DEFENSES**

8

9    To further answer the Complaint, Wells Fargo Bank, N.A. ("Wells Fargo") states and alleges

10    as follows:

11

12    **First Affirmative Defense**
    **(Failure To State Facts)**

13    122.    The Complaint, and each purported cause of action therein, fails to state facts

14    sufficient to constitute a cause of action against Wells Fargo.

15

16    **Second Affirmative Defense**
    **(Barred by Contract)**

17    123.    Some or all of Plaintiff's claims are barred by the applicable provisions of the

18    contracts and/or agreements at issue.

19

20    **Third Affirmative Defense**
    **(Parole Evidence Rule)**

21    133.    Plaintiff is barred by the Parole Evidence Rule from asserting some or all of the

22    claims contained in the Complaint.

23

24    **Fourth Affirmative Defense**
    **(Statute of Frauds)**

25    134.    Plaintiff is barred by the Statute of Frauds from asserting some or all of the claims

26    contained in the Complaint.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO SECOND AMENDED COMPLAINT

1

2

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

### Fifth Affirmative Defense
### (Statute of Limitations)

135.    Some or all of Plaintiff's claims are barred by the applicable statutes of limitation including, but not limited to, those stated in 12 U.S.C § 2614, 15 U.S.C. § 1640, Cal. Code Civ. Proc § 337, 339 and Cal. Bus. & Prof. Code § 17208.

### Sixth Affirmative Defense
### (Concealment)

136.    Plaintiff concealed material facts while applying for the loan referenced in the Complaint and Plaintiff is therefore barred from obtaining the relief sought in the Complaint.

### Seventh Affirmative Defense
### (Misrepresentation)

137.    Wells Fargo is informed and believes, and upon such information and belief alleges, that Plaintiff made material misrepresentations while applying for the loan referenced in the Complaint and Plaintiff's causes of action are therefore barred.

### Eighth Affirmative Defense
### (Unjustifiable Reliance)

138.    Plaintiff failed to investigate facts that were reasonably available to her and thereby unjustifiably relied on defendants' purported misrepresentations or nondisclosures of material facts, if any there were.  Plaintiff is therefore barred from obtaining the relief sought in the Complaint.

### Ninth Affirmative Defense
### (Assumption of Risk)

139.    Plaintiff acted with full knowledge and understanding of the relevant facts and circumstances surrounding the transactions and relations at issue in this litigation and assumed any and all risks associated therewith.  Plaintiff is therefore barred from obtaining the relief sought in the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Tenth Affirmative Defense**
**(Consent)**

140.    Plaintiff had the opportunity and the obligation to read all documents presented to or signed by her.  The terms of the matters alleged in the Complaint were fully disclosed to Plaintiff, and Plaintiff knowingly entered into the transactions, having either understood such transactions or having failed to avail herself of the opportunity to understand the transactions.  Plaintiff consented to and approved all of the acts and omissions about which Plaintiff now complains.  Accordingly, Plaintiff is barred from obtaining the relief sought in the Complaint.

**Eleventh Affirmative Defense**
**(Ratification)**

141.    Plaintiff is barred from asserting the alleged causes of actions contained in the Complaint, or from otherwise asserting any other right to relief against Wells Fargo, because Plaintiff and/or her agents, at all times, ratified the alleged acts, omissions and conduct alleged.

**Twelfth Affirmative Defense**
**(Failure to Exercise Ordinary Care)**

142.    Plaintiff failed to exercise ordinary care, caution, and prudence to avoid the injuries, losses, or damages alleged in the Complaint and thereby directly and proximately caused and contributed to such injuries, losses, or damages.  Plaintiff is therefore barred from obtaining the relief sought in the Complaint.

**Thirteenth Affirmative Defense**
**(Failure to Mitigate Damages)**

143.    In the exercise of reasonable diligence, Plaintiff could have mitigated, but failed to mitigate, her alleged damages.  For that reason, Plaintiff is barred from obtaining the relief sought in the Complaint.

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO SECOND AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Fourteenth Affirmative Defense
### (Negligence or Conduct of Others)

144.    Plaintiff's alleged injuries and/or damages, if any there were, were either wholly or in part negligently or otherwise wrongfully caused by persons, firms, corporations or entities other than Wells Fargo, and that said negligence and wrongful conduct reduces Wells Fargo's percentage of liability, if any, for the damages, if any, suffered by Plaintiff.

### Fifteenth Affirmative Defense
### (Waiver and Estoppel)

145.    Plaintiff, both expressly and through her conduct, waived his right to complain of the conduct alleged in the Complaint and is estopped to do so by reason of Wells Fargo's reliance on such waiver.

### Sixteenth Affirmative Defense
### (Laches)

146.    Plaintiff's Complaint, and each cause of action therein, is barred by the doctrine of laches in that Plaintiff unreasonably delayed bringing this action and such delay causes prejudice to Wells Fargo.

### Seventeenth Affirmative Defense
### (Justification)

147.    The acts and omissions of Wells Fargo, if any, were justified by the information and facts available to Wells Fargo at the time such acts and omissions, if any, occurred.

### Eighteenth Affirmative Defense
### (Privilege)

148.    The acts and statements of Wells Fargo to, and with reference to Plaintiff, were good faith assertions of Wells Fargo's rights and are privileged.

### Nineteenth Affirmative Defense
### (Answering Defendants Not a Proper Party)

149.    Wells Fargo is not proper parties to this action.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Twentieth Affirmative Defense**
**(Barred by Federal Law)**

150.    Some or all of Plaintiffs' claims are barred by applicable federal law or regulations, including, but not limited to, the federal Truth-In-Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and applicable regulations thereunder, including Regulation Z, 12 CFR § 226 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* and applicable regulations thereunder, including Regulation X, 24 CFR 3500, *et seq.*

**Twenty First Affirmative Defense**
**(Failure to Allege Basis for Punitive Damages)**

151.    The Complaint and each cause of action therein, fails to allege facts sufficient to form a basis for an award of punitive or exemplary damages against Wells Fargo.

**Twenty Second Affirmative Defense**
**(Exemplary Damages Unconstitutional)**

152.    California Civil Code section 3294, under which Plaintiff's claims for punitive damages are made, is unconstitutional both facially and as applied to Wells Fargo pursuant to the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, Sections 7, 9, 10, 15 and 17, and Article IV, Sections 2 and 16 of the California Constitution.

**Twenty Third Affirmative Defense**
**(Equal Protection)**

153.    The provisions of California law limiting the amount of punitive damages which may be awarded in specified cases, while permitting unlimited punitive damages for other tortious conduct, unlawfully discriminates against defendants who are  subject to unlimited punitive damage awards in favor of defendants not subject to unlimited punitive damage awards.  Such discrimination violates Wells Fargo's right to equal protection under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 7, and Article IV, Sections 2 and 16 of the California Constitution.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

## Twenty Fourth Affirmative Defense
### (Due Process)

3

154.    The application of California law permitting an award of punitive damages in this

4

action is vague, imprecise and inconsistent and violates Wells Fargo's right to due process under of

5

the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of

6

the California Constitution.

7

## Twenty Fifth Affirmative Defense
### (Comparative Fault)

8

9

155.    Plaintiff did not exercise ordinary care, caution and prudence in connection with the

10

transactions and events that are alleged in the Complaint.  Plaintiff's lack of care, caution and

11

prudence were independent of and unrelated to the actions, if any, of Wells Fargo and proximately

12

caused some or all of the damages, if any, suffered by Plaintiff.  Plaintiff is therefore barred from

13

recovery against Wells Fargo or, alternatively, plaintiff's recovery, if any, should be proportionately

14

reduced.

15

## Twenty Sixth Affirmative Defense
### (No Duty to Disclose)

16

17

156.    Plaintiff's claims are barred because Wells Fargo did not have a duty to disclose to

18

Plaintiff the facts allegedly concealed.

19

## Twenty Seventh Affirmative Defense
### (Payment)

20

21

157.    Some or all of the causes of action in the Complaint are barred by defendant(s)

22

payments to Plaintiff.

23

## Twenty Eighth Affirmative Defense
### (Failure to Perform)

24

25

158.    Plaintiff failed to perform her respective duties and obligations under the contract or

26

contracts alleged in the Complaint.  Plaintiff is therefore barred from recovery on the basis of such

27

contract or contracts.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Twenty Ninth Affirmative Defense
### (Several Liability)

159.    Wells Fargo's liability, if any, is limited to several liability with respect to all non economic damages pursuant California Civil Code sections 1431 and 1432.

### Thirtieth Affirmative Defense
### (No Fiduciary Duty)

160.    Wells Fargo is not a fiduciary to Plaintiff with reference to the mortgage transaction in question and Wells Fargo has no obligations to plaintiff from which relief may be granted.

### Other Affirmative Defenses

161.    Wells Fargo has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Wells Fargo expressly reserves the right to assert additional affirmative defenses in the event that discovery indicates that such defenses are appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Defendants and Cross-Complainant Wells Fargo Bank, N.A. ("Wells Fargo") prays for relief as follows:

1.    That Plaintiff Audrey McNamara Nevis take nothing by way of her Complaint on file herein;

2.    Pursuant to Wells Fargo's Cross-Complaint for indemnity filed herein on August 15, 2007, for judgment that Wells Fargo is entitled to indemnity from Cross-Defendants Executive Financial Lending, John B. Spear, and Shai Moshe for any amounts awarded to Plaintiff against Wells Fargo on the Complaint;

1    3.    Pursuant to Wells Fargo's Cross-Complaint for indemnity filed herein on August 15,

2  2007, for a determination by this Court of the extent of responsibility between Wells Fargo and

3  Cross-Defendants Executive Financial Lending, John B. Spear, and Shai Moshe for any damages

4  awarded to Plaintiff, and further for an order that Cross-Defendants be required to reimburse Wells

5  Fargo on the basis of their proportionate share(s) of the responsibility for the injuries and damages

6  awarded to Plaintiff, if any;

7

8    4.    For the reasonable attorneys' fees of Wells Fargo in an amount to be determined by

9  the Court;

10

11    5.    For the costs of suit incurred herein by Wells Fargo; and

12

13    6.    For such other relief as the Court may deem just and proper.

14

15    DATED:  August 4, 2008

16                REED SMITH LLP

17

18                By    /s/ Heather B. Hoesterey
                    David C. Powell
19                  Heather B. Hoesterey
                    Attorneys for Defendants and Cross-Complainants
20                  Wells Fargo Bank, N.A., individually and as
                    Trustee of the Carrington Mortgage Loan Trust,
21                  Series 2006-NC4; Carrington Securities, L.P., and
                    Stanwich Asset Acceptance Company, L.L.C.

DOCSSFO-12522279.1