David C. Powell (SBN 129781)
Heather B. Hoesterey (SBN 201254)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:    1 415 543 8700
Facsimile:     1 415 391 8269

Attorneys for Defendants and Cross-Complainants Wells Fargo Bank, N.A., individually and as Trustee of the Carrington Mortgage Loan Trust, Series 2006-NC4; Carrington Securities, L.P. and Stanwich Asset Acceptance Company, L.L.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUDREY MCNAMARA NEVIS,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>WELLS FARGO BANK, et. al.,<br><br>　　　　　　Defendants.<br><br>AND RELATED CROSS-ACTIONS. | No.: C-07-2568 MHP<br><br>**ANSWER OF COUNTER-DEFENDANT WELLS FARGO BANK, N.A. TO COUNTER-CLAIM BY JOHN B. SPEAR** |

Counter-Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), erroneously named herein in its individual capacity, rather than as Trustee, hereby answers, for itself alone and for no other defendant, the Counter-Claim for Abuse of Process, Breach of Contract, Misrepresentation and Attorneys Fees ("Counter-Claim") of Defendant, Cross-Defendant and Counter-Claimant John B. Spear ("Spear"), by admitting, denying and alleging as follows:

**ANSWER TO PARTY ALLEGATIONS**

1.  Answering paragraph 1 of the Counter-Claim, on information and belief, Wells Fargo admits that Spear is an individual licensed by the California Department of Real Estate as a real estate broker, and that Spear was the designated officer and broker of record for Executive Financial Lending, Inc. ("Executive Financial") at all times relevant to this action.

2.  Answering paragraph 2 of the Counter-Claim, on information and belief, Wells Fargo admits that Audrey McNamara Nevis is an individual and is the plaintiff in this action.

3.  Answering paragraph 3 of the Counter-Claim, Wells Fargo admits that it is a National Bank with its principal place of business in Sioux Falls, South Dakota, authorized to do business and doing business within the State of California, and that in this action it has filed a Cross-Complaint against Spear, Executive Financial and Shai Moshe ("Moshe") for indemnity.

4.  Answering paragraph 4 of the Counter-Claim, Wells Fargo admits (1) on or about September 1, 2006, Stanwich Asset Acceptance Company, LLC ("Stanwich"), as depositor, New Century Mortgage Corporation ("NCMC"), as servicer, and Wells Fargo, as trustee, entered into a Pooling and Servicing Agreement ("Pooling and Servicing Agreement"); (2) on or about September 28, 2006, NC Capital Corporation; Carrington Securities, LP ("Carrington") and Stanwich entered into a Mortgage Loan Purchase Agreement ("Mortgage Loan Purchase Agreement"); (3) pursuant to the Pooling and Servicing Agreement and Mortgage Loan Purchase Agreement, the Adjustable Rate Note, loan number 1008151947, entered into by and between Plaintiff in this action, Nevis, as borrower, with NCMC, as lender, on or about June 8, 2006 ("the Note") and the Deed of Trust, by the terms of which Nevis, as trustor, conveyed to third-party Financial Title, as trustee, the real property located at 16 Creekside Drive, San Rafael, Marin County, California 94903 ("the Property") to secure payment of the principal sum and interest due and owing under the Note ("the Mortgage") (the Mortgage and the Note are together hereinafter referred to as "the Nevis Loan.")

were sold to Stanwich and deposited into a mortgage pool comprising of a trust fund and evidenced by a single series of mortgage pass-through certificates designated as the Carrington Mortgage Loan Trust, Series 2006-NC4 Asset-Backed Pass-Through Certificates; and (4) Wells Fargo serves as Trustee for the Trust Fund and Certificateholders.

5.   Answering paragraph 5 of the Counter-Claim, on information and belief, Wells Fargo admits that Executive was licensed as a mortgage broker by the State of California at all times relevant to this action.  Answering the remaining allegations of paragraph 5 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

6.   Answering paragraph 6 of the Counter-Claim, on information and belief, Wells Fargo admits that Moshe is an individual and was an employee of Executive at all times relevant to this action.  Answering the remaining allegations of paragraph 6 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

## ANSWER TO GENERAL ALLEGATIONS

7.   Answering paragraph 7 of the Counter-Claim, on information and belief, Wells Fargo admits that Spear was broker of record for Executive Financial.  Further answering paragraph 7 of the Counter-Claim, Wells Fargo admit that Executive Financial was the broker for the Nevis Loan.  Further answering paragraph 7 of the Counter-Claim, Wells Fargo admits that Plaintiff Nevis has filed a Complaint, Amended Complaint and Second Amended Complaint (collectively "Complaint") in this matter, and that the Complaint contains the allegations as alleged therein.  Answering the remaining allegations of paragraph 7 of the Counter-Claim, Wells Fargo is without knowledge or

information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

8. Answering paragraph 8 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Counter-Claim, and on that basis denies each and every allegation set forth therein.

9. Answering paragraph 9 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Counter-Claim, and on that basis denies each and every allegation set forth therein.

10. Answering paragraph 10 of the Counter-Claim, Wells Fargo admits that Plaintiff Nevis has filed a Complaint in this matter, and that the Complaint contains the allegations as alleged therein. Answering the remaining allegations of paragraph 10 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

11. Answering paragraph 11 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Counter-Claim, and on that basis denies each and every allegation set forth therein.

12. Answering paragraph 12 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Counter-Claim, and on that basis denies each and every allegation set forth therein.

13. Answering paragraph 13 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Counter-Claim, and on that basis denies each and every allegation set forth therein.

14. Answering paragraph 14 of the Counter-Claim, Wells Fargo admits that immediately prior to entering into the Nevis Loan, the Property was encumbered with a loan from Washington Mutual Bank, the balance of principal and interest due on the loan from Washington Mutual Bank was $745,768 and monthly payments on the Washington Mutual Bank loan were $4,730. Answering the remaining allegations of paragraph 14 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

15. Answering paragraph 15 of the Counter-Claim, on information and belief, Wells Fargo admits that prior to entering into the Nevis Loan, Plaintiff had refinanced the Property on a number of prior occasions. Answering the remaining allegations of paragraph 15 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

16. Answering paragraph 16 of the Counter-Claim, Wells Fargo admits that Plaintiff Nevis has filed a Complaint in this matter, and that the Complaint contains the allegations as alleged therein. Answering the remaining allegations of paragraph 16 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

17. Answering paragraph 17 of the Counter-Claim, Wells Fargo admits that Plaintiff Nevis has filed a Complaint in this matter, and that the Complaint contains the allegations as alleged therein. Answering the remaining allegations of paragraph 17 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

18. Answering paragraph 18 of the Counter-Claim, Wells Fargo admits that Plaintiff Nevis has filed a Complaint in this matter, and that the Complaint contains the allegations as alleged therein. Answering the remaining allegations of paragraph 18 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

19. Answering paragraph 19 of the Counter-Claim, Wells Fargo admits that Plaintiff Nevis has filed a Complaint in this matter, and that the Complaint contains the allegations as alleged therein. Answering the remaining allegations of paragraph 19 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

20. Answering paragraph 20 of the Counter-Claim, Wells Fargo admits that Plaintiff Nevis has filed a Complaint in this matter, and that the Complaint contains the allegations as alleged therein. Answering the remaining allegations of paragraph 20 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

21. Answering paragraph 21 of the Counter-Claim, Wells Fargo admits that Plaintiff Nevis has filed a Complaint in this matter, and that the Complaint contains the allegations as alleged therein. Answering the remaining allegations of paragraph 21 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

22. Answering paragraph 22 of the Counter-Claim, Wells Fargo admits that Plaintiff Nevis has filed a Complaint in this matter, and that the Complaint contains the allegations as alleged therein. Further answering paragraph 22 of the Counter-Claim, on information and belief, Wells Fargo admits that prior to entering into the Nevis Loan, Plaintiff had refinanced the Property on a

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

number of prior occasions. Answering the remaining allegations of paragraph 22 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

23. Answering paragraph 23 of the Counter-Claim, on information and belief, Wells Fargo admits that Nevis provided Executive with information for a loan application and executed a loan application, and the contents of the loan application are as contained in the loan application. Answering the remaining allegations of paragraph 23 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

24. Answering paragraph 24 of the Counter-Claim, Wells Fargo admits that Nevis executed a loan application and the contents of the loan application are as contained in the loan application. Answering the remaining allegations of paragraph 24 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

25. Answering paragraph 25 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Counter-Claim, and on that basis denies each and every allegation set forth therein.

26. Answering paragraph 26 of the Counter-Claim, Wells Fargo admits that Plaintiff Nevis has filed a Complaint in this matter, and that the Complaint contains the allegations as alleged therein. Answering the remaining allegations of paragraph 26 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

27. Answering paragraph 27 of the Counter-Claim, Wells Fargo admits that Plaintiff Nevis has filed a Complaint in this matter, and that the Complaint contains the allegations as alleged therein. Answering the remaining allegations of paragraph 27 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

28. Answering paragraph 28 of the Counter-Claim, Wells Fargo admits that Plaintiff Nevis has filed a Complaint in this matter, and that the Complaint contains the allegations as alleged therein. Further answering paragraph 28 of the Counter-Claim, on information and belief, Wells Fargo admits that, if there were any incorrect representations in the loan application signed by Nevis, Nevis knew of such incorrect representations. Answering the remaining allegations of paragraph 28 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

29. Answering paragraph 29 of the Counter-Claim, Wells Fargo admits that Plaintiff received a Good Faith Estimate ("GFE"), and the contents of the GFE are as contained therein. Answering the remaining allegations of paragraph 29 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

30. Answering paragraph 30 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Counter-Claim, and on that basis denies each and every allegation set forth therein.

31. Answering paragraph 31 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Counter-Claim, and on that basis denies each and every allegation set forth therein.

32. Answering paragraph 32 of the Counter-Claim, Wells Fargo admits that Plaintiff received all required notices and disclosures pursuant to the Truth-in-Lending-Act ("TILA") and Regulation Z. Answering the remaining allegations of paragraph 32 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

33. Answering paragraph 33 of the Counter-Claim, Wells Fargo admits that Plaintiff Nevis, as borrower, entered into an Adjustable Rate Note, loan number 1008151947, with NCMC in the principal amount of $880,000.00. Except as expressly admitted, Wells Fargo denies each and every remaining allegation of paragraph 33 of the Counter-Claim.

34. Answering paragraph 34 of the Counter-Claim, Wells Fargo admits that Plaintiff executed documents and disclosures related to and memorializing the Nevis Loan and that some of the documents executed by Nevis were notarized. Answering the remaining allegations of paragraph 34 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

35. Answering paragraph 35of the Counter-Claim, Wells Fargo admits that Plaintiff executed documents and disclosures related to and memorializing the Nevis Loan and that some of the documents executed by Nevis were notarized. Answering the remaining allegations of paragraph 34 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

36. Answering paragraph 36 of the Counter-Claim, Wells Fargo admits in connection with the closing of the Nevis Loan, Plaintiff received $17,414.61 cash, the Washington Mutual mortgage on the Property was paid in full, and $31,501.00 was paid to other creditors on behalf of

Nevis.  Answering the remaining allegations of paragraph 36 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

37. Answering paragraph 37 of the Counter-Claim, Wells Fargo admits that Nevis failed to make required payments on the Nevis Loan and a notice of default on the Property was recorded.  Further answering paragraph 37 of the Counter-Claim, Wells Fargo admits that Nevis filed this action after the notice of default on the Property was recorded.

38. Answering paragraph 38 of the Counter-Claim, Wells Fargo admits that Nevis failed to make required payments on the Nevis Loan and a notice of default on the Property was recorded.

39. Answering paragraph 39 of the Counter-Claim, Wells Fargo admits that Nevis failed to make required payments on the Nevis Loan and a notice of default on the Property was recorded.  Further answering paragraph 39 of the Counter-Claim, Wells Fargo admits that Nevis filed this action after the notice of default on the Property was recorded.  Answering the remaining allegations of paragraph 36 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

**Paragraphs 40 through 76
of the Counter-Claim not alleged against
Answering Counter-Defendant Wells Fargo Bank, N.A.**

**ANSWER TO FIFTH CLAIM FOR RELIEF**
**(Breach of Contract Alleged Against Wells Fargo)**

77. Answering paragraph 77 of the Counter-Claim, Wells Fargo incorporates by reference its answer to each and every allegation set forth in paragraphs 1 through 39.

78. Answering paragraph 78 the Counter-Claim, Wells Fargo admits that pursuant to the Pooling and Servicing Agreement and Mortgage Loan Purchase Agreement, the Nevis Loan was sold to Stanwich and deposited into a mortgage pool comprising of a trust fund and evidenced by a single series of mortgage pass-through certificates designated as the Carrington Mortgage Loan Trust, Series 2006-NC4 Asset-Backed Pass-Through Certificates and that Wells Fargo serves as Trustee for the Trust Fund and Certificateholders. Except as expressly admitted, Wells Fargo denies each and every remaining allegation of paragraph 78 of the Counter-Claim.

79. Wells Fargo denies each and every allegation set forth in paragraph 79 of the Counter-Claim.

80. Answering paragraph 80 of the Counter-Claim, Wells Fargo admits that Executive was broker for the Nevis Loan. Answering the remaining allegations of paragraph 80 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

81. Wells Fargo denies each and every allegation set forth in paragraph 81 of the Counter-Claim.

82. Answering paragraph 82 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Counter-Claim, and on that basis denies each and every allegation set forth therein.

83. Wells Fargo denies each and every allegation set forth in paragraph 83 of the Counter-Claim.

84. Wells Fargo denies each and every allegation set forth in paragraph 84 of the Counter-Claim.

85. Wells Fargo denies each and every allegation set forth in paragraph 85 of the Counter-Claim.

86. Wells Fargo denies each and every allegation set forth in paragraph 86 of the Counter-Claim.

87. Answering paragraph 82 of the Counter-Claim, Wells Fargo admits the Spear is a party to this mater.  Further answering paragraph 82 of the Counter-Claim Wells Fargo denies that Spear is entitled to recover his attorneys fees and costs from Wells Fargo.  Answering the remaining allegations of paragraph 87 of the Counter-Claim, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

88. Wells Fargo denies each and every allegation set forth in paragraph 88 of the Counter-Claim and further denies that Spear has suffered or sustained any loss or damages by reason of any act, practices, breach or omission on the part of Wells Fargo.

**Paragraphs 89 through 102
of the Counter-Claim not alleged against
Answering Counter-Defendant Wells Fargo Bank, N.A.**

# AFFIRMATIVE AND SPECIAL DEFENSES

To further answer the Counter-Claim, Wells Fargo Bank, N.A. ("Wells Fargo") states and alleges as follows:

### First Affirmative Defense
### (Failure To State Facts)

1. The Counter-Claim, and the purported cause of action against Wells Fargo therein, fails to state facts sufficient to constitute a cause of action against Wells Fargo.

### Second Affirmative Defense
### (Answering Defendant Not a Proper Party)

2. Wells Fargo is not a proper party to this action.

### Third Affirmative Defense
### (Statute of Limitations)

3. Counter-Claimant's claim is barred by the applicable statutes of limitation including, but not limited to, those stated in Cal. Code Civ. Proc §§ 337, 338, 339

### Fourth Affirmative Defense
### (Waiver)

4. Without in any way acknowledging that Wells Fargo committed any of the acts alleged in the Counter-Claim, or that such acts occurred in the manner alleged or at all, Wells Fargo hereby alleges that Counter-Claimant, both expressly and through his conduct, waived his rights to complain of the conduct alleged in the Counter-Claim.

### Fifth Affirmative Defense
### (Laches)

5. Counter-Claimant's claim is barred by the doctrine of laches.

### Sixth Affirmative Defense
### (Estoppel)

6. Wells Fargo is informed and believes, and on that basis alleges, that Counter-Claimant is estopped from asserting the allegedly wrongful acts described in the Counter-Claim and is further estopped from asserting any liability under the Counter-Claim or any purported claim for relief therein.

### Seventh Affirmative Defense
### (Failure to Mitigate Damages)

7. Wells Fargo is informed and believes, and on that basis alleges, that Counter-Claimant failed and neglected to use reasonable care to protect himself and to minimize his alleged losses and damages complained of, if any there were.

### Eighth Affirmative Defense
### (Barred by Contract)

8. Some or all of Counter-Claimant's claims are barred by the applicable provisions of the contracts and/or agreements at issue, if any there are.

### Ninth Affirmative Defense
### (Parole Evidence Rule)

9. If any contract exists, Counter-Claimant is barred by the Parole Evidence Rule from asserting the claims contained in the Counter-Claim.

### Tenth Affirmative Defense
### (Statute of Frauds)

10. If any contract exists, Counter-Claimant is barred by the Statute of Frauds from asserting the claims contained in the Counter-Claim.

### Eleventh Affirmative Defense
### (Assumption of Risk)

11. Counter-Claimant acted with full knowledge and understanding of the relevant facts and circumstances surrounding the transactions and relations at issue in this litigation and assumed

any and all risks associated therewith.  Counter-Claimant is therefore barred from obtaining the relief sought in the Counter-Claim.

## **Other Affirmative Defenses**

12. Wells Fargo has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Wells Fargo expressly reserves the right to assert additional affirmative defenses in the event that discovery indicates that such defenses are appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant and Cross-Complainant Wells Fargo Bank, N.A. ("Wells Fargo") prays for relief as follows:

1. That Plaintiff Audrey McNamara Nevis take nothing by way of her Complaint on file herein;

2. That Counter-Claimant John B. Spear take nothing by way of his Counter-Claim on file herein;

3. Pursuant to Wells Fargo's Cross-Claim for indemnity filed herein on August 15, 2007, for judgment that Wells Fargo is entitled to indemnity from Cross-Defendants Executive Financial Lending, John B. Spear, and Shai Moshe for any amounts awarded to Plaintiff against Wells Fargo on the Counter-Claim;

4. Pursuant to Wells Fargo's Cross-Claim for indemnity filed herein on August 15, 2007, for a determination by this Court of the extent of responsibility between Wells Fargo and Cross-Defendants Executive Financial Lending, John B. Spear, and Shai Moshe for any damages

awarded to Plaintiff, and further for an order that Cross-Defendants be required to reimburse Wells Fargo on the basis of their proportionate share(s) of the responsibility for the injuries and damages awarded to Plaintiff, if any;

5. For the reasonable attorneys' fees of Wells Fargo in an amount to be determined by the Court;

6. For the costs of suit incurred herein by Wells Fargo; and

7. For such other relief as the Court may deem just and proper.

DATED:  August 4, 2008

                            REED SMITH LLP

                            By   /s/ Heather B. Hoesterey
                                David C. Powell
                                Heather B. Hoesterey
                                Attorneys for Defendants and Cross-Complainants Wells Fargo Bank, N.A., individually and as Trustee of the Carrington Mortgage Loan Trust, Series 2006-NC4; Carrington Securities, L.P. and Stanwich Asset Acceptance Company, L.L.C.

DOCSSFO-12521797.2

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

No.: C-07-2568 EMC — 16 — DOCSSFO-12521797.2
ANSWER OF COUNTER- DEFENDANT WELLS FARGO BANK, N.A.
TO COUNTER-CLAIM BY JOHN B. SPEAR