David C. Powell (SBN 129781)
Heather B. Hoesterey (SBN 201254)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone: 1 415 543 8700
Facsimile: 1 415 391 8269

Attorneys for Defendants and Cross-Complainants Wells Fargo Bank, N.A., individually and as Trustee of the Carrington Mortgage Loan Trust, Series 2006-NC4; Carrington Securities, L.P. and Stanwich Asset Acceptance Company, L.L.C.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

AUDREY MCNAMARA NEVIS,

Plaintiff,

vs.

WELLS FARGO BANK, et. al.,

Defendants.

AND RELATED CROSS ACTIONS.

No.: C-07-2568 MHP

**ANSWER OF DEFENDANTS CARRINGTON SECURITIES, L.P. AND STANWICH ASSET ACCEPTANCE COMPANY, L.L.C. TO SECOND AMENDED COMPLAINT**

Defendants Carrington Securities, L.P. ("Carrington") and Stanwich Asset Acceptance Company, L.L.C. ("Stanwich") (Carrington and Stanwich collectively "Answering Defendants") hereby answer, for themselves alone and for no other defendant, the Second Amended Complaint for Injunctive Relief, Rescission, Restitution, Damages, Punitive Damages, and Attorney's Fees ("Complaint") of Plaintiff Audrey McNamara Nevis ( "Plaintiff" or "Nevis") by admitting, denying and alleging as follows:

**ANSWER TO INTRODUCTORY ALLEGATIONS**

1. Answering paragraph 1 of the Complaint, Answering Defendants deny that Plaintiff has suffered or sustained any loss or damages by reason of any act, practices, breach or omission on the part of the Answering Defendants. Answering the remaining allegations of paragraph 1 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis deny each and every remaining allegation set forth in this paragraph.

2. Answering paragraph 2 of the Complaint, Answering Defendants deny that the loan which is the subject of this action is exploitive or illegal. Answering the remaining allegations of paragraph 2 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis deny each and every remaining allegation set forth in this paragraph.

3. Answering paragraph 3 of the Complaint, Answering Defendants admit that the loan was originally made by New Century Mortgage Company ("NCMC") and was among a pool of loans sold to Stanwich and deposited into a mortgage pool comprising of a trust fund evidenced by a single series of mortgage pass-through certificated designated as the Carrrington Mortgage Loan Trust, Series 2006-NC4 Asset-Backed Pass-Through Certificates, and that Wells Fargo Bank, N.A. ("Wells Fargo") is the Trustee of the Trust. Further answering paragraph 3 of the Complaint, Answering Defendants deny that the loan is presently owned by Stanwich, deny that the subject loan has been serviced in whole or in part by NC Capital Corporation and/or Carrington, and deny that Wells Fargo retained Quality Loan Services to carry out the foreclosure. On information and belief, Answering Defendants admit that NCMC has filed for bankruptcy protection. Answering the remaining allegations of paragraph 3 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis deny each and every remaining allegation set forth in this paragraph.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

4. Answering paragraph 4 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth in this paragraph.

5. Answering paragraph 5 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth in this paragraph.

6. Answering paragraph 6 of the Complaint, Answering Defendants deny that the loan which is the subject of this action was sold to Wells Fargo. Answering the remaining allegations of paragraph 6 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis deny each and every remaining allegation set forth in this paragraph.

7. Answering paragraph 7 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth in this paragraph.

8. Answering paragraph 8 of the Complaint, Answering Defendants deny that the loan was rescinded pursuant to the provisions of the Truth in Lending Act. Answering the remaining allegations of paragraph 8 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis deny each and every remaining allegation set forth in this paragraph.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

9. Answering paragraph 9 of the Complaint, Answering Defendants admit that a notice of default on the property was recorded and a foreclosure sale was scheduled. Further Answering paragraph 9 of the Complaint, Answering Defendants deny that Answering Defendants directed the foreclosure to be commenced. Except as expressly admitted, Answering Defendants deny each and every remaining allegation of paragraph 9 of the Complaint.

**ANSWER TO JURISDICTION AND VENUE ALLEGATIONS**

10. Answering paragraph 10 of the Complaint, Answering Defendants admit that this Court has personal jurisdiction over Answering Defendants and that Answering Defendants are authorized to do business in California. Answering the remaining allegations of paragraph 10 of the Complaint, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

11. Answering paragraph 11 of the Complaint, Answering Defendants admit that this Court has jurisdiction. Answering the remaining allegations of paragraph 11 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis deny each and every remaining allegation set forth in this paragraph.

12. Answering paragraph 12 of the Complaint, Answering Defendants admit that venue is proper in this judicial district. Further answering paragraph 12 of the Complaint, Answering Defendants deny any loan contract was entered into between Plaintiff and Answering Defendants. Answering the remaining allegations of paragraph 12 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged, and on that basis denies each and every remaining allegation set forth in this paragraph.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

No.: C-07-2568 EMC – 4 – DOCSSFO-12521470.2

ANSWER OF DEFENDANTS CARRINGTON SECURITIES, L.P. AND STANWICH ASSET ACCEPTANCE COMPANY, L.L.C. TO SECOND AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## ANSWER TO PARTY ALLEGATIONS

13.     Answering paragraph 13 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

14.     Answering paragraph 14 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

15.     Answering paragraph 15 of the Complaint, Answering Defendants admit that on or about September 1, 2006 Stanwich purchased a pool of loans including plaintiff's loan from seller Carrington and the pool of loans were deposited into the Trust.  Except as expressly admitted, Answering Defendants deny each and every remaining allegation of paragraph 15 of the Complaint.

16.     Answering paragraph 16 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

17.     Answering paragraph 17 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

18.     Answering paragraph 18 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

19. Answering paragraph 19 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

20. Answering paragraph 20 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

21. Answering paragraph 21 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

22. Answering paragraph 22 of the Complaint, Answering Defendants admit that Carrington is a Delaware limited partnership. Answering the remaining allegations of this paragraph, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in this paragraph of the Complaint, and on that basis deny each and every remaining allegation set forth therein.

23. Answering paragraph 23 of the Complaint, Answering Defendants deny that the Trust is a Delaware limited partnership. Answering the remaining allegations of this paragraph, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in this paragraph of the Complaint, and on that basis deny each and every remaining allegation set forth therein.

24. Answering paragraph 24 of the Complaint, Answering Defendants admit that Stanwich is a Delaware limited liability company. Answering the remaining allegations of this paragraph, Answering Defendants are without knowledge or information sufficient to form a belief

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

as to the truth of the remaining matters alleged in this paragraph of the Complaint, and on that basis deny each and every remaining allegation set forth therein.

25. Answering paragraph 25 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

26. Answering Defendants deny each and every allegation set forth in paragraph 26 of the Complaint.

27. Answering Defendants deny each and every allegation set forth in paragraph 27 of the Complaint.

28. Answering Defendants deny each and every allegation set forth in paragraph 28 of the Complaint.

29. Answering Defendants deny each and every allegation set forth in paragraph 29 of the Complaint.

**ANSWER TO GENERAL FACTUAL ALLEGATIONS**

30. Answering paragraph 30 of the Complaint, Answering Defendants incorporate by reference their answer to each and every allegation set forth in paragraphs 1 through 29.

31. Answering paragraph 31 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

32. Answering paragraph 32 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

33. Answering paragraph 33 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

34. Answering paragraph 34 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

35. Answering paragraph 35 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

36. Answering paragraph 36 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

37. Answering paragraph 37 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

38. Answering paragraph 38 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

39. Answering Defendants deny each and every allegation set forth in paragraph 39 of the Complaint.

40. Answering Defendants deny each and every allegation set forth in paragraph 40 of the Complaint.

41. Answering Defendants deny each and every allegation set forth in paragraph 41 of the Complaint.

42. Answering Defendants deny each and every allegation set forth in paragraph 42 of the Complaint.

43. Answering paragraph 43 of the Complaint, Answering Defendants admit in connection with the closing of the loan, Plaintiff received $17,414.61 cash, the previous mortgage on the Property was paid in full, and $31,501.00 was paid to other creditors on behalf of Plaintiff. Except as expressly admitted, Answering Defendants deny each and every remaining allegation set forth in paragraph 43 of the Complaint.

44. Answering paragraph 44 of the Complaint, Answering Defendants admit that, as of July, 2006, the monthly payment due on plaintiff's mortgage was $5,736.95. Answering the remaining allegations of this paragraph, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in this paragraph of the Complaint, and on that basis deny each and every remaining allegation set forth therein.

45. Answering paragraph 45 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

No.: C-07-2568 EMC – 9 – DOCSSFO-12521470.2

ANSWER OF DEFENDANTS CARRINGTON SECURITIES, L.P. AND STANWICH ASSET ACCEPTANCE COMPANY, L.L.C. TO SECOND AMENDED COMPLAINT

46. Answering paragraph 46 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

47. Answering paragraph 47 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

48. Answering paragraph 48 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

49. Answering Defendants deny each and every allegation set forth in paragraph 49 of the Complaint.

50. Answering paragraph 50 of the Complaint, Answering Defendants admit that Plaintiff's home is subject to a mortgage in the principal amount of $880,000 plus interest thereon and that Plaintiff is in arrears on the loan. Except as expressly admitted, Answering Defendants deny each and every remaining allegation set forth in paragraph 50 of the Complaint.

**ANSWER TO FIRST CAUSE OF ACTION**
**(Violations of TILA and Regulation Z)**

51. Answering paragraph 51 of the Complaint, Answering Defendants incorporate by reference their answer to each and every allegation set forth in paragraphs 1 through 50.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

No.: C-07-2568 EMC – 10 – DOCSSFO-12521470.2

ANSWER OF DEFENDANTS CARRINGTON SECURITIES, L.P. AND STANWICH ASSET ACCEPTANCE COMPANY, L.L.C. TO SECOND AMENDED COMPLAINT

52. Answering paragraph 52 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in paragraph 52 of the Complaint, and on that basis deny each and every remaining allegation set forth therein.

53. Answering Defendants deny each and every allegation set forth in paragraph 53 of the Complaint.

54. Answering Defendants deny each and every allegation set forth in paragraph 54 of the Complaint.

55. Answering Defendants deny each and every allegation set forth in paragraph 55 of the Complaint.

56. Answering Defendants deny each and every allegation set forth in paragraph 56 of the Complaint.

57. Answering Defendants deny each and every allegation set forth in paragraph 57 of the Complaint.

58. Answering Defendants deny each and every allegation set forth in paragraph 58 of the Complaint.

**ANSWER TO SECOND CAUSE OF ACTION**
**(Violations of RESPA)**

59. Answering paragraph 59 of the Complaint, Answering Defendants incorporate by reference their answer to each and every allegation set forth in paragraphs 1 through 58.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

60. Answering Defendants admit the home loan which is the subject of this action is a federally related mortgage loan as defined by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602.

61. Answering Defendants deny each and every allegation set forth in paragraph 61 of the Complaint.

62. Answering Defendants deny each and every allegation set forth in paragraph 62 of the Complaint.

63. Answering Defendants deny each and every allegation set forth in paragraph 63 of the Complaint.

## ANSWER TO THIRD CAUSE OF ACTION
**(Fraud and Deceit)**

64. Answering paragraph 64 of the Complaint, Answering Defendants incorporate by reference their answer to each and every allegation set forth in paragraphs 1 through 63.

65. Answering Defendants deny each and every allegation set forth in paragraph 65 of the Complaint.

66. Answering Defendants deny each and every allegation set forth in paragraph 66 of the Complaint.

67. Answering Defendants deny each and every allegation set forth in paragraph 67 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

No.: C-07-2568 EMC – 12 – DOCSSFO-12521470.2

ANSWER OF DEFENDANTS CARRINGTON SECURITIES, L.P. AND STANWICH ASSET ACCEPTANCE COMPANY, L.L.C. TO SECOND AMENDED COMPLAINT

68. Answering Defendants deny each and every allegation set forth in paragraph 68 of the Complaint.

69. Answering Defendants deny each and every allegation set forth in paragraph 69 of the Complaint.

70. Answering Defendants deny each and every allegation set forth in paragraph 70 of the Complaint.

**ANSWER TO FOURTH CAUSE OF ACTION**
**(Elder Abuse (California Welfare and Institutions Code § 15600))**

71. Answering paragraph 71 of the Complaint, Answering Defendants incorporate by reference their answer to each and every allegation set forth in paragraphs 1 through 70.

72. Answering Defendants deny each and every allegation set forth in paragraph 72 of the Complaint.

73. Answering Defendants deny each and every allegation set forth in paragraph 73 of the Complaint.

74. Answering Defendants deny each and every allegation set forth in paragraph 74 of the Complaint.

75. Answering Defendants deny each and every allegation set forth in paragraph 75 of the Complaint.

76. Answering Defendants deny each and every allegation set forth in paragraph 76 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

77. Answering Defendants deny each and every allegation set forth in paragraph 77 of the Complaint.

78. Answering Defendants deny each and every allegation set forth in paragraph 78 of the Complaint.

79. Answering Defendants deny each and every allegation set forth in paragraph 79 of the Complaint.

**ANSWER TO FIFTH CAUSE OF ACTION**
**(Breach of Fiduciary Duty)**

80. Answering paragraph 80 of the Complaint, Answering Defendants incorporate by reference their answer to each and every allegation set forth in paragraphs 1 through 79.

81. Answering Defendants deny each and every allegation set forth in paragraph 81 of the Complaint.

82. Answering Defendants deny each and every allegation set forth in paragraph 82 of the Complaint.

83. Answering Defendants deny each and every allegation set forth in paragraph 83 of the Complaint.

84. Answering paragraph 84 of the Complaint, on information and belief, Answering Defendants deny that Wells Fargo entered into a contract with Gateway and Plaintiff to perform the duties of escrow agent for closing the subject loan. Answering the remaining allegations of paragraph 84 of the Complaint, Answering Defendants are without knowledge or information

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

sufficient to form a belief as to the truth of the matters alleged, and on that basis deny each and every remaining allegation set forth in this paragraph.

85. Answering Defendants deny each and every allegation set forth in paragraph 85 of the Complaint.

86. Answering Defendants deny each and every allegation set forth in paragraph 86 of the Complaint.

87. Answering Defendants deny each and every allegation set forth in paragraph 87 of the Complaint.

88. Answering Defendants deny each and every allegation set forth in paragraph 88 of the Complaint.

89. Answering Defendants deny each and every allegation set forth in paragraph 89 of the Complaint.

90. Answering Defendants deny each and every allegation set forth in paragraph 90 of the Complaint.

**ANSWER TO SIXTH CAUSE OF ACTION**
**(Breach of Contract)**

91. Answering paragraph 91 of the Complaint, Answering Defendants incorporate by reference their answer to each and every allegation set forth in paragraphs 1 through 90.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

92. Answering paragraph 92 of the Complaint, Answering Defendants admit that plaintiff entered into a mortgage loan agreement with NCMC. Except as expressly admitted, Answering Defendants deny each and every remaining allegation of paragraph 92 of the Complaint.

93. Answering Defendants deny each and every allegation set forth in paragraph 93 of the Complaint.

94. Answering Defendants deny each and every allegation set forth in paragraph 94 of the Complaint.

95. Answering Defendants deny each and every allegation set forth in paragraph 95 of the Complaint.

96. Answering Defendants deny each and every allegation set forth in paragraph 96 of the Complaint.

**ANSWER TO SEVENTH CAUSE OF ACTION**
**(Recessionary Damages and Restitution)**

97. Answering paragraph 97 of the Complaint, Answering Defendants incorporates by reference their answer to each and every allegation set forth in paragraphs 1 through 97.

98. Answering Defendants deny each and every allegation set forth in paragraph 98 of the Complaint.

99. Answering Defendants deny each and every allegation set forth in paragraph 99 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

No.: C-07-2568 EMC – 16 – DOCSSFO-12521470.2
ANSWER OF DEFENDANTS CARRINGTON SECURITIES, L.P. AND STANWICH ASSET ACCEPTANCE COMPANY, L.L.C. TO SECOND AMENDED COMPLAINT

100. Answering Defendants deny each and every allegation set forth in paragraph 100 of the Complaint.

101. Answering Defendants deny each and every allegation set forth in paragraph 101 of the Complaint.

102. Answering Defendants deny each and every allegation set forth in paragraph 102 of the Complaint.

103. Answering paragraph 103 of the Complaint, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of the Complaint, and on that basis deny each and every allegation set forth therein.

104. Answering Defendants deny each and every allegation set forth in paragraph 104 of the Complaint.

105. Answering Defendants deny each and every allegation set forth in paragraph 105 of the Complaint.

**ANSWER TO EIGHTH CAUSE OF ACTION**
**(Unfair Business Practices)**

106. Answering paragraph 106 of the Complaint, Answering Defendants incorporate by reference their answer to each and every allegation set forth in paragraphs 1 through 105.

107. Answering Defendants deny each and every allegation set forth in paragraph 107 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

No.: C-07-2568 EMC – 17 – DOCSSFO-12521470.2

ANSWER OF DEFENDANTS CARRINGTON SECURITIES, L.P. AND STANWICH ASSET ACCEPTANCE COMPANY, L.L.C. TO SECOND AMENDED COMPLAINT

108. Answering Defendants deny each and every allegation set forth in paragraph 108 of the Complaint.

109. Answering Defendants deny each and every allegation set forth in paragraph 109 of the Complaint.

110. Answering Defendants deny each and every allegation set forth in paragraph 110 of the Complaint.

111. Answering Defendants deny each and every allegation set forth in paragraph 111 of the Complaint.

112. Answering Defendants deny each and every allegation set forth in paragraph 112 of the Complaint.

113. Answering Defendants deny each and every allegation set forth in paragraph 113 of the Complaint.

114. Answering Defendants deny each and every allegation set forth in paragraph 114 of the Complaint.

**ANSWER TO NINTH CAUSE OF ACTION**
**(Negligence)**

115. Answering paragraph 115 of the Complaint, Answering Defendants incorporate by reference their answer to each and every allegation set forth in paragraphs 1 through 114.

116. Answering Defendants deny each and every allegation set forth in paragraph 116 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

117. Answering Defendants deny each and every allegation set forth in paragraph 117 of the Complaint.

118. Answering Defendants deny each and every allegation set forth in paragraph 118 of the Complaint.

119. Answering Defendants deny each and every allegation set forth in paragraph 119 of the Complaint.

120. Answering Defendants deny each and every allegation set forth in paragraph 120 of the Complaint.

121. Answering Defendants deny each and every allegation set forth in paragraph 121 of the Complaint.

## AFFIRMATIVE AND SPECIAL DEFENSES

To further answer the Complaint, Carrington Securities, L.P. ("Carrington") and Stanwich Asset Acceptance Company, L.L.C. ("Stanwich") (Carrington and Stanwich collectively "Answering Defendants") state and allege as follows:

### First Affirmative Defense
### (Failure To State Facts)

122. The Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Answering Defendants.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Second Affirmative Defense**
**(Barred by Contract)**

123.    Some or all of Plaintiff's claims are barred by the applicable provisions of the contracts and/or agreements at issue.

**Third Affirmative Defense**
**(Parole Evidence Rule)**

133.    Plaintiff is barred by the Parole Evidence Rule from asserting some or all of the claims contained in the Complaint.

**Fourth Affirmative Defense**
**(Statute of Frauds)**

134.    Plaintiff is barred by the Statute of Frauds from asserting some or all of the claims contained in the Complaint.

**Fifth Affirmative Defense**
**(Statute of Limitations)**

135.    Some or all of Plaintiff's claims are barred by the applicable statutes of limitation including, but not limited to, those stated in 12 U.S.C § 2614, 15 U.S.C. § 1640, Cal. Code Civ. Proc § 337, 339 and Cal. Bus. & Prof. Code § 17208.

**Sixth Affirmative Defense**
**(Concealment)**

136.    Plaintiff concealed material facts while applying for the loan referenced in the Complaint and Plaintiff is therefore barred from obtaining the relief sought in the Complaint.

**Seventh Affirmative Defense**
**(Misrepresentation)**

137.    Answering Defendants are informed and believe, and upon such information and belief allege, that Plaintiff made material misrepresentations while applying for the loan referenced in the Complaint and Plaintiff's causes of action are therefore barred.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Eighth Affirmative Defense**
**(Unjustifiable Reliance)**

138. Plaintiff failed to investigate facts that were reasonably available to her and thereby unjustifiably relied on defendants' purported misrepresentations or nondisclosures of material facts, if any there were. Plaintiff is therefore barred from obtaining the relief sought in the Complaint.

**Ninth Affirmative Defense**
**(Assumption of Risk)**

139. Plaintiff acted with full knowledge and understanding of the relevant facts and circumstances surrounding the transactions and relations at issue in this litigation and assumed any and all risks associated therewith. Plaintiff is therefore barred from obtaining the relief sought in the Complaint.

**Tenth Affirmative Defense**
**(Consent)**

140. Plaintiff had the opportunity and the obligation to read all documents presented to or signed by her. The terms of the matters alleged in the Complaint were fully disclosed to Plaintiff, and Plaintiff knowingly entered into the transactions, having either understood such transactions or having failed to avail herself of the opportunity to understand the transactions. Plaintiff consented to and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff is barred from obtaining the relief sought in the Complaint.

**Eleventh Affirmative Defense**
**(Ratification)**

141. Plaintiff is barred from asserting the alleged causes of actions contained in the Complaint, or from otherwise asserting any other right to relief against Answering Defendants, because Plaintiff and/or her agents, at all times, ratified the alleged acts, omissions and conduct alleged.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Twelfth Affirmative Defense**
**(Failure to Exercise Ordinary Care)**

142. Plaintiff failed to exercise ordinary care, caution, and prudence to avoid the injuries, losses, or damages alleged in the Complaint and thereby directly and proximately caused and contributed to such injuries, losses, or damages. Plaintiff is therefore barred from obtaining the relief sought in the Complaint.

**Thirteenth Affirmative Defense**
**(Failure to Mitigate Damages)**

143. In the exercise of reasonable diligence, Plaintiff could have mitigated, but failed to mitigate, her alleged damages. For that reason, Plaintiff is barred from obtaining the relief sought in the Complaint.

**Fourteenth Affirmative Defense**
**(Negligence or Conduct of Others)**

144. Plaintiff's alleged injuries and/or damages, if any there were, were either wholly or in part negligently or otherwise wrongfully caused by persons, firms, corporations or entities other than Answering Defendants, and that said negligence and wrongful conduct reduces Answering Defendants' percentage of liability, if any, for the damages, if any, suffered by Plaintiff.

**Fifteenth Affirmative Defense**
**(Waiver and Estoppel)**

145. Plaintiff, both expressly and through her conduct, waived his right to complain of the conduct alleged in the Complaint and is estopped to do so by reason of Answering Defendants' reliance on such waiver.

**Sixteenth Affirmative Defense**
**(Laches)**

146. Plaintiff's Complaint, and each cause of action therein, is barred by the doctrine of laches in that Plaintiff unreasonably delayed bringing this action and such delay causes prejudice to Answering Defendants.

**Seventeenth Affirmative Defense**
**(Justification)**

147. The acts and omissions of Answering Defendants, if any, were justified by the information and facts available to Answering Defendants at the time such acts and omissions, if any, occurred.

**Eighteenth Affirmative Defense**
**(Privilege)**

148. The acts and statements of Answering Defendants to, and with reference to Plaintiff, were good faith assertions of Answering Defendants ‘ rights and are privileged.

**Nineteenth Affirmative Defense**
**(Answering Defendants Not a Proper Party)**

149. Answering Defendants are not proper parties to this action.

**Twentieth Affirmative Defense**
**(Barred by Federal Law)**

150. Some or all of Plaintiffs' claims are barred by applicable federal law or regulations, including, but not limited to, the federal Truth-In-Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*., and applicable regulations thereunder, including Regulation Z, 12 CFR § 226 *et seq*., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*. and applicable regulations thereunder, including Regulation X, 24 CFR 3500, *et seq*.

**Twenty First Affirmative Defense**
**(Failure to Allege Basis for Punitive Damages)**

151. The Complaint and each cause of action therein, fails to allege facts sufficient to form a basis for an award of punitive or exemplary damages against Answering Defendants.

**Twenty Second Affirmative Defense**
**(Exemplary Damages Unconstitutional)**

152. California Civil Code section 3294, under which Plaintiff's claims for punitive damages are made, is unconstitutional both facially and as applied to Answering Defendants pursuant to the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

United States, and Article I, Sections 7, 9, 10, 15 and 17, and Article IV, Sections 2 and 16 of the California Constitution.

**Twenty Third Affirmative Defense**
**(Equal Protection)**

153. The provisions of California law limiting the amount of punitive damages which may be awarded in specified cases, while permitting unlimited punitive damages for other tortious conduct, unlawfully discriminates against defendants who are subject to unlimited punitive damage awards in favor of defendants not subject to unlimited punitive damage awards. Such discrimination violates Answering Defendants' right to equal protection under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 7, and Article IV, Sections 2 and 16 of the California Constitution.

**Twenty Fourth Affirmative Defense**
**(Due Process)**

154. The application of California law permitting an award of punitive damages in this action is vague, imprecise and inconsistent and violates Answering Defendants' right to due process under of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution.

**Twenty Fifth Affirmative Defense**
**(Comparative Fault)**

155. Plaintiff did not exercise ordinary care, caution and prudence in connection with the transactions and events that are alleged in the Complaint. Plaintiff's lack of care, caution and prudence were independent of and unrelated to the actions, if any, of Answering Defendants and proximately caused some or all of the damages, if any, suffered by Plaintiff. Plaintiff is therefore barred from recovery against Answering Defendants or, alternatively, plaintiff's recovery, if any, should be proportionately reduced.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**<u>Twenty Sixth Affirmative Defense</u>**
**(No Duty to Disclose)**

156. Plaintiff's claims are barred because Answering Defendants did not have a duty to disclose to Plaintiff the facts allegedly concealed.

**<u>Twenty Seventh Affirmative Defense</u>**
**(Payment)**

157. Some or all of the causes of action in the Complaint are barred by defendant(s) payments to Plaintiff.

**<u>Twenty Eighth Affirmative Defense</u>**
**(Failure to Perform)**

158. Plaintiff failed to perform her respective duties and obligations under the contract or contracts alleged in the Complaint. Plaintiff is therefore barred from recovery on the basis of such contract or contracts.

**<u>Twenty Ninth Affirmative Defense</u>**
**(Several Liability)**

159. Answering Defendants' liability, if any, is limited to several liability with respect to all non economic damages pursuant California Civil Code sections 1431 and 1432.

**<u>Thirtieth Affirmative Defense</u>**
**(No Fiduciary Duty)**

160. Answering Defendants are not a fiduciary to Plaintiff with reference to the mortgage transaction in question and Answering Defendants have no obligations to plaintiff from which relief may be granted.

**<u>Other Affirmative Defenses</u>**

161. Answering Defendants have insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.

Answering Defendants expressly reserve the right to assert additional affirmative defenses in the event that discovery indicates that such defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendants and Cross-Complainants Carrington Securities, L.P. ("Carrington") and Stanwich Asset Acceptance Company, L.L.C. ("Stanwich") pray for relief as follows:

1. That Plaintiff Audrey McNamara Nevis take nothing by way of her Complaint on file herein;

2. Pursuant to Carrington's Cross-Complaint for indemnity filed concurrently herewith, for judgment that Carrington is entitled to indemnity from Cross-Defendants Executive Financial Lending, Inc., John B. Spear, and Shai Moshe for any amounts awarded to Plaintiff against Carrington on the Complaint;

3. Pursuant to Stanwich's Cross-Complaint for indemnity filed concurrently herewith, for judgment that Stanwich is entitled to indemnity from Cross-Defendants Executive Financial Lending, John B. Spear, and Shai Moshe for any amounts awarded to Plaintiff against Stanwich on the Complaint;

4. Pursuant to Carrington's Cross-Complaint for indemnity filed concurrently herewith, for a determination by this Court of the extent of responsibility between Carrington and Cross-Defendants Executive Financial Lending, John B. Spear, and Shai Moshe for any damages awarded to Plaintiff, and further for an order that Cross-Defendants be required to reimburse Carrington on the basis of their proportionate share(s) of the responsibility for the injuries and damages awarded to Plaintiff, if any;

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

5. Pursuant to Stanwich's Cross-Complaint for indemnity filed concurrently herewith, for a determination by this Court of the extent of responsibility between Stanwich and Cross-Defendants Executive Financial Lending, John B. Spear, and Shai Moshe for any damages awarded to Plaintiff, and further for an order that Cross-Defendants be required to reimburse Stanwich on the basis of their proportionate share(s) of the responsibility for the injuries and damages awarded to Plaintiff, if any;

6. For the reasonable attorneys' fees of Carrington and Stanwich in an amount to be determined by the Court;

7. For the costs of suit incurred herein by Carrington and Stanwich; and

8. For such other relief as the Court may deem just and proper.

DATED: August 4, 2008

REED SMITH LLP

By /s/ Heather B. Hoesterey
David C. Powell
Heather B. Hoesterey
Attorneys for Defendants and Cross-Complainants Wells Fargo Bank, N.A., individually and as Trustee of the Carrington Mortgage Loan Trust, Series 2006-NC4; Carrington Securities, L.P. and Stanwich Asset Acceptance Company, L.L.C.

DOCSSFO-12521470.2

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

No.: C-07-2568 EMC – 27 – DOCSSFO-12521470.2
ANSWER OF DEFENDANTS CARRINGTON SECURITIES, L.P. AND STANWICH ASSET ACCEPTANCE COMPANY, L.L.C. TO SECOND AMENDED COMPLAINT