1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT

8                         NORTHERN DISTRICT OF CALIFORNIA

9

10   AUDREY MCNAMARA NEVIS,                      No. C 07-02568 MHP

            Plaintiff,
11
                                                 **MEMORANDUM & ORDER**
       v.
12                                               **Re: Defendant John B. Spear's Motion to**
     WELLS FARGO BANK, et al.,                   **Dismiss**
13
            Defendants.
14   _____/

15

16          Plaintiff Audrey McNamara Nevis ("plaintiff") brought this action against defendants Wells

17   Fargo Bank et al., alleging a variety of claims arising out of a home loan and possible foreclosure of

     her home.  Defendant John B. Spear ("Spear"), the licensed broker for defendant Executive
18
     Financial Lending Inc., ("Executive") now moves to dismiss plaintiff's second, fourth, fifth, seventh,
19
     eighth and ninth causes of action against him for failure to state a claim upon which relief may be
20
     granted.  Having considered the arguments and submissions for the parties, the court enters the
21
     following memorandum and order.
22

23   BACKGROUND[1]

24          Plaintiff is an 83-year-old woman living in Marin County, California.  Third Amended

25   Complaint ¶ 1 ("Compl.").  Plaintiff purchased a home in San Rafael, California in 1988.  Id. ¶ 35.

26   As of February 2007, plaintiff's home had a value of approximately $930,000 with a mortgage of

     approximately $880,000.  Id.  In the spring of 2006, defendant Shai Moshe ("Moshe") telephoned
27
     plaintiff in an effort to sell her a mortgage loan.  Id. ¶ 36.  Moshe informed plaintiff that he would
28
     produce a loan at "no cost" with monthly payments significantly lower than what she was paying at

**United States District Court**
For the Northern District of California

the time, along with other representations regarding the loan. Id. Plaintiff ultimately obtained the loan by following Moshe's instructions. Id. ¶¶ 36-42.

Plaintiff brought this action against defendants Wells Fargo Bank, Executive Financial Lending Inc., John B. Spear, Shai Moshe, Gateway Title Company, Quality Loan Services Corp., and Does 1–100, inclusive, in the first instance. See Docket Entry No. 1 (Original Complaint). Plaintiff has since amended the complaint twice and substituted various Does for named defendants NC Capital Corp., Carrington Securities L.P., Carrington Mortgage Loan Trust, Series 2006-NC4, Stanwich Asset Acceptance Company, L.L.C., Michael Moshe Edison, Mark Hanna, Nathan Schine, Jaklin Khorsandi, International Airlines Travel Agent Network and Tina Aghai. See Compl. ¶¶ 19-21, 24-27.

Plaintiff currently alleges that at the time of soliciting and assisting plaintiff in obtaining her mortgage loan, "defendants knew or should have known that plaintiff was 81 years old, financially unsophisticated, unemployed with a total average monthly income of about $1,050, and that she had been unable to refinance her home despite having contacted other lenders," and that therefore she was not qualified for a mortgage. Id. ¶ 43. Plaintiff further alleges that "defendants" knew or should have known that plaintiff would be unable to make the monthly payments, the loan would fall into default, and the property would be sold in foreclosure. Id. ¶¶ 44-46. Plaintiff asserts that her home is now subject to a higher mortgage than the mortgage plaintiff had prior to obtaining the loan, that the loan is in arrears by at least $20,000, that plaintiff has suffered additional costs and expenses, and that plaintiff faces the imminent threat of foreclosure. Id. ¶ 54.

Plaintiff alleges that Spear was the only person affiliated with Executive who has a real estate broker's license, was Executive's "designated officer/broker" and in that capacity, was required to supervise and control the mortgage lending activities of Executive and its employees. Id. ¶ 51. Plaintiff alleges Spear failed to exercise his supervisory responsibilities. Id. ¶ 52. Plaintiff further alleges that each defendant was the agent and/or employee and/or principal of each of the remaining defendants, and in doing the alleged acts, each defendant was acting within the course and scope of the agency and employment and/or with the knowledge, consent, or authority of each of the remaining defendants and/or with knowledge of their acts and/or wrongdoing. Id. ¶ 29.

United States District Court

For the Northern District of California

1   Furthermore, plaintiff alleges that each defendant had knowledge and/or constructive notice of,

2   and/or authorized and consented to the acts of each of the other defendants, and/or ratified the

3   wrongful acts of each of the other defendants by, among other things, sharing in the benefits of the

4   act. Id. Plaintiff also alleges that defendants entered into conspiracies with the other defendants to

5   do some or all of the alleged acts, and aided and abetted one another in committing the alleged acts.

6   Id. ¶¶ 30, 32.

7

8   LEGAL STANDARD

9          A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal

10  sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule

11  12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court

12  may [typically] look only at the face of the complaint to decide a motion to dismiss." Van Buskirk

13  v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). A motion to dismiss should be

14  granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face."

15  Bell Atl. Corp. v. Twombly, 550 U.S. 544, ----, 127 S. Ct. 1955, 1974 (2007). When a plaintiff has

16  not "nudged their claims across the line from conceivable to plausible, their complaint must be

17  dismissed." Id. at 1960. Less than two weeks ago, May 18, 2009, the Supreme Court emphasized

18  its holding in Twombly making clear what is necessary to meet the requirements of Federal Rule of

19  Civil Procedure 8(a)(2). In Ashcroft v. Iqbal, ___U.S.___, ___S.Ct.___, No. 07-1015, 2009 WL

20  1361536, at *12  (May 18, 2009), the Court held that

21          To survive a motion to dismiss, a complaint must contain sufficient factual
        matter, accepted as true, to "state a claim to relief that is plausible on its face."  A
22      claim has facial plausibility when the plaintiff pleads factual content that allows
        the court to draw the reasonable inference that the defendant is liable for the
23      misconduct alleged.  The plausibility standard is not akin to a "probability re-
        quirement," but it asks for more than a sheer possibility that defendant has acted
24      unlawfully.  Where a complaint pleads facts that are "merely consistent with" a
        defendant's liability, it "stops short of the line between possibility and plausibility
25      of 'entitlement to relief.'"  (citations to 127 S.Ct 1955 omitted)

26          Dismissal also can be based on the lack of a cognizable legal theory or the absence of

27  sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d

28  696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light

1   most favorable to the nonmoving party.  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th

2   Cir. 1996).  The court need not, however, accept as true allegations that are conclusory, legal

3   conclusions, unwarranted deductions of fact or unreasonable inferences.  See Sprewell v. Golden

4   State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752,

5   754-55 (9th Cir. 1994).

6

7   DISCUSSION

8        Plaintiff brings seven out of the nine total causes of action against Spear.  The first and sixth

9   causes of action are brought against other defendants.  The second cause of action alleges violations

10  of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. section 2602.  The third

11  cause of action alleges fraud and deceit.  The fourth cause of action alleges elder abuse pursuant to

12  California Welfare & Institution Code section 15600.  The fifth cause of action alleges breach of

13  fiduciary duty.  The seventh cause of action alleges rescission and restitution.  The eighth cause of

14  action alleges unfair business practices pursuant to California Business & Professions Code section

15  17200.  The ninth cause of action alleges negligence.  Although it is not entirely clear from Spear's

16  moving papers, which argues for dismissal of the complaint in sum, the particulars of Spear's

17  arguments challenge all but the third cause of action in this motion.

18       Spear sets forth two arguments as to why plaintiff has failed to allege any legally sufficient

19  claims.  First, Spear argues that there is no private right of action against a designated officer/broker

20  based solely on failure to supervise.  Second, Spear argues that plaintiff has set forth no facts

21  alleging that Spear was directly involved in the transaction.  Mot. at 3:8-14.  The court will address

22  each argument in turn.

23       Plaintiff's complaint sets forth facts alleging how Spear, in his capacity as the designated

24  officer/ broker, by not ensuring compliance with all federal and state laws, failed to adequately

25  supervise the salespeople in this transaction.  The duty to supervise argued by plaintiff is premised

26  on California's statutory scheme regulating real estate licensing.  Section 10177 (h) of the Business

27  and Professions Code provides for the suspension or revocation of a broker's license for "failure to

28  exercise reasonable supervision over the activities of his or her salespersons, or, as the officer

United States District Court

For the Northern District of California

4

**United States District Court**
For the Northern District of California

1   designated by a corporate broker licensee, failed to exercise reasonable supervision and control of

2   the activities of the corporation for which a real estate license is required." If the broker licensee is a

3   corporation an officer must be designated by the corporation to be responsible for the supervision

4   and control of salespersons licensed to the corporation. See Cal.Bus. & Prof.Code §§ 10211 and

5   10159.2.

6        Spear is correct that this statutory scheme gives no private right of action against a

7   designated officer/broker based solely on failure to supervise. However, the cases upon which he

8   relies, In Re Grabau, 151 B.R. 227 (N.D. Cal. 1993) (Smith, J.) and Walters v. Marler, 83 Cal. App.

9   3d 1 (1st Dist. 1978), *overruled on another ground in* Gray v. Don Miller & Associates, Inc., 35

10   Cal.3d 498, 505-507 (1984), are distinguishable. Grabau was determined in the context of the

11   bankruptcy law governing discharge from debts arising from fraud while acting in a fiduciary

12   capacity. The debtor in question did not actively participate in wrongdoing, was not negligent in

13   supervising and based upon all the facts before the court could not be found to be acting in a

14   fiduciary capacity.

15        Walters, on the other hand, was decided upon a full trial record and held the qualifying

16   broker was not liable to a third party for failure to exercise reasonable supervision over the

17   broker/salesman. Whether Walters was the impetus for the adoption of section 10159.2 of the

18   California Business and Professions Code is not clear. But, in 1979, one year after Walters, the

19   California legislature enacted section 10159.2 spelling out the supervisory and control

20   responsibilities of designated officers/brokers under section10211 of the Business and Professions

21   Code. While a designated broker's duty to supervise sales agents is detailed in this statutory

22   scheme, courts have generally found no liability to third parties for a breach of this duty absent other

23   factors such as facts giving rise to vicarious liability. See, e.g., Holley v. Crank, 400 F.3d 667, 673

24   (9th Cir. 2005); Valdez v. Downey Savings and Loan Assoc., 2007 WL 1140635 (N.D.Cal. April

25   17, 2007) (Fogel,J.).

26        Plaintiff correctly states that designated "officer/brokers have been found vicariously liable

27   for the acts of those they were required to supervise." Opp. at 4: 15-16. In those situations,

28   however, courts have found liability not through the failure to supervise in and of itself, but through

common law agency principles. Holley, 400 F.3d at 673-74.   The Ninth Circuit's decision in Holley was rendered after remand from the Supreme Court's holding in Meyer v. Holley, 537 U.S. 280 (2003), where the Court addressed the scope of agency law in determining liability under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604(b), 3605(a).   In so doing, the Court explained that traditional agency principles hold the corporation as the principal or employer subject to vicarious liability for torts committed by its employees or agents. Id. at 286.

The very same provisions of the California Business and Professions Code at issue here were the bases for the vicarious liability theory at play in the Holley case, albeit in the context of the FHA.  The Court held that the ordinary principal/agency relationship demands not only control (or the right to direct or control) but also "the manifestation of consent by one person to another that the other shall act on his behalf . . . and consent by the other so to act." Id.   Against this backdrop, the Court ruled that the mere existence of the "right to control" does not automatically create an agency relationship between the corporation's designated officer/broker and the unlicensed corporate employee salesperson. Id. at 291.  Additional circumstances would be required to impute the corporation's liability to the corporation's designated officer/broker, such as when a principal or employer hires an independent contractor, or when the "piercing of the corporate veil" would be appropriate. Id. at 290, 292.[2]

Plaintiff in this case has merely alleged in paragraphs 17, 51 and 52 defendant Spear's duties of supervision as contemplated by the Business and Professions Code.  She has failed to allege any facts that would give rise to Spear's vicarious liability or that would suggest an actual agency relationship between Spear and Moshe. Nor has she alleged facts that would support a claim that Spear is a "person" who would be liable under RESPA.

In each of her claims naming Spear plaintiff lumps all of the defendants together relying solely on paragraphs 17, 51 and 52 for any individuation of Spear and his liability.  These allegations are insufficient to state claims against Spear.

Other claims against Spear are also inadequate.  For example, plaintiff fails to allege specific facts as to how Spear would be liable for elder abuse (claim four)[3].  She has failed to allege a basis for Spear's fiduciary duty to her and how it was breached by Spear (claim five).  She has failed to

6

United States District Court

For the Northern District of California

1   allege what acts of deceit or intent to deceive give rise to recissionary damages and restitution (claim

2   seven) or on what basis Spear may be liable under section17200 (claim eight).   Finally, she has

3   failed to allege the basis for a duty of care and breach of that duty by Spear running to plaintiff as

4   required for claim nine, a claim for negligence.

5           Although Spear has not moved on claim three for fraud and deceit, in an effort to settle the

6   pleadings the court notes that this claim fails to allege with specificity the misrepresentations and

7   concealment for which Spear is responsible sufficient to satisfy Rule 9(b).  Ashcroft v. Iqbal makes

8   clear that the Supreme Court's holdings under Rule 8 (a) apply to claims under Rule 9(b).  2009 WL

9   136156, at *16.

10          The court is aware that plaintiff has made specific allegations with respect to Shai Moshe

11  that may meet the specificity requirements as to him.  However, as to defendant Spear, it is clear in

12  view of Iqbal and Twombly that plaintiff's allegations lack the necessary facts to reach him

13  individually or in his capacity as principal or on any other basis on which the complaint may be

14  sustained.  The court will give plaintiff this one last opportunity to amend so as to comply with the

15  foregoing order.

16

17  CONCLUSION

18          For the reasons stated above, the court GRANTS Spear's motion to dismiss with regard to

19  the second, fourth, fifth, seventh, eighth and ninth causes of action with leave to amend within thirty

20  (30) days of and in accordance with this order.  Plaintiff shall also amend claim three if she intends

21  to pursue such claim, to meet the requirements of Rule 9(b).  Defendant Spear shall file his answer

22  within thirty (30) days of the filing of the amended complaint.

23          IT IS SO ORDERED.

24

25  Dated: May 26, 2009

26                                                          MARILYN HALL PATEL
                                                            United States District Court Judge
                                                            Northern District of California

27

28

United States District Court

For the Northern District of California

7

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ENDNOTES**

1.  Unless otherwise specified, background facts are taken from plaintiff's third amended complaint, and are assumed to be true for purposes of this motion only.

2.  These considerations fell outside of the questions presented on *certiorari*.  On remand, the Ninth Circuit found an agency relationship that is factually different from what plaintiff argues here.  There, the plaintiffs were attempting to hold liable the designated officer/broker, Meyer, for the discriminatory actions of his mid-level manager, Crank.  400 F.3d at 669.  Meyer was pursuing other careers and no longer involved in the day-to-day running of the company.  Id. at 673.  He remained the designated officer/broker solely to maintain compliance with applicable law.  Id.  Because Meyer was no longer around for the day-to-day activity of the company, the court found that Meyer had, in effect, delegated his supervisory responsibility to Crank.  Id.  The Ninth Circuit found that the act of delegating his supervisory responsibility established an agency relationship.  Id. at 674.  Furthermore, the court found that Crank was acting in his delegated supervisory capacity, and therefore within the scope of his agency, when he committed the discriminatory acts.  The court held Meyer liable under agency principles on these facts.  Id.

3.  .  To state a claim for elder abuse under California law, a plaintiff must allege that the defendant (1) took, secreted, appropriated, or retained real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both; or (2) assisted in taking, secreting, appropriating, or retaining real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both.  Cal. Welfare & Inst. Code § 15610.30(a).